

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 20, 2018**

_____
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § § | CASE NO. 18-30264-SGJ-7 |
| Alleged Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § § | |
| ACIS CAPITAL MANAGEMENT GP, L.P., | § § § | CASE NO. 18-30265-SGJ-7 |
| Alleged Debtor. | § | |

## ORDER DENYING ALLEGED DEBTORS' JOINT MOTION TO DISMISS THE INVOLUNTARY PETITIONS FILED BY JOSHUA N. TERRY FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, TO COMPEL ARBITRATION[1] [DE ## 72 & 73]

---

[1] DE ## 72 & 73 in Case No. 18-30264; DE ## 69 & 70 in Case No. 18-30265.

Late at night on March 19, 2018—on the day before a long-scheduled Trial of an Involuntary Bankruptcy Petition filed against the above-referenced Alleged Debtors—and despite the provisions of an Agreed Scheduling Order dated February 26, 2018 (which clearly contemplated that motions to dismiss, supplements, and other pleadings would have been filed significantly prior to March 19, 2018)—the Alleged Debtors filed a Joint Motion to Dismiss the Involuntary Petitions filed by Joshua N. Terry for Lack of Subject Matter Jurisdiction or, Alternatively, Motion to Compel Arbitration (the "Motions to Dismiss/Compel"),[2] and a supplement thereto on March 20, 2018.[3] The Motions to Dismiss/Compel argue a lack of subject matter jurisdiction, with regard to this court's ability to adjudicate the Involuntary Bankruptcy Petitions, because allegedly Petitioning Creditor Joshua Terry (the "Petitioning Creditor") lacked standing to file the Involuntary Bankruptcy Petitions because of an arbitration clause in an Amended and Restated Agreement of Limited Partnership of ACIS Capital Management, L.P. (the "Partnership Agreement") dated January 21, 2011, which required parties to the Partnership Agreement to arbitrate disputes. The arbitration clause at issue is found at Section 6.12 of the Partnership Agreement. The Motions to Dismiss/Compel alternatively argue that this court should enforce/recognize the arbitration clause and order the parties to arbitrate whether the above-referenced Alleged Debtors should be in bankruptcy. The Motions to Dismiss/Compel are **DENIED** for the following reasons:

---

[2] DE # 74 in Case No. 18-30264; DE # 71 in Case No. 18-30265.

[3] The court will presume that the Alleged Debtors thought that a subject matter jurisdiction argument—and the fact that courts can consider their subject matter jurisdiction at all times during litigation—warranted their blatant violation of the Agreed Scheduling Order. The court will expect a good explanation in court as to why this subject matter jurisdiction argument was made 47 days after the case was filed, and after a previous answer and motion to dismiss were filed by the Alleged Debtor, and, of course, in violation of a court order.

(1) The parties involved here have already arbitrated prepetition. In fact, it is undisputed that the Petitioning Creditor obtained an arbitration award that was confirmed with a judgment in state court.

(2) Section 6.12 of the Partnership Agreement is not applicable because filing an involuntary bankruptcy case is a ***collection remedy*** available to creditors with unsecured claims that are not the subject of a bona fide dispute and whose claims aggregate at least $15,775 in amount. It is not a ***claim*** or ***controversy*** in and of itself, and is certainly not a claim or controversy "arising of, relating to or in connection with the [Partnership] Agreement."

(3) Even if Section 6.12 of the Partnership Agreement is applicable, the filing of an involuntary bankruptcy case, such as in the case at bar, presents a "core" bankruptcy proceeding and a bankruptcy court has discretion to decline to stay its proceedings in deference to arbitration where the underlying nature derives exclusively from the Bankruptcy Code (*i.e.,* is "core") and arbitration conflicts with the purposes of the Code. Arbitration in the case at bar would irreconcilably conflict with the purposes and goals of the Bankruptcy Code (including, but not limited to, the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and debtors from piecemeal litigation, and the expeditious and equitable distribution of assets of a debtor's estate). *See In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1069-70 (5th Cir. 1997) (a bankruptcy court can deny enforcement of arbitration provisions when it finds either: (1) that enforcement of the provision would irreconcilably conflict with the Code; or (2) in exercising its discretion in a core case where the only rights at issue were created by the Code rather than inherited from pre-petition property of the debtors); *In re Gandy*, 299 F.3d 489, 499-500 (5th Cir. 2002) (same).

**WHEREFORE** the Motions to Dismiss/Compel are **DENIED.**

**###END OF ORDER###**