Rakhee V. Patel – SBT # 00797213
Annmarie Chiarello – SBT # 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Phone: (214) 745-5400
Fax: (214) 745-5390
e-mail: rpatel@winstead.com
e-mail: achiarello@winstead.com

**ATTORNEYS FOR**

CAUSE NO. DC-17-15244

JOSHUA N. TERRY,
**PETITIONING CREDITOR**

§ IN THE **UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN** DISTRICT COURT

§

Plaintiff, §

§

v. § OF **TEXAS**

**DALLAS DIVISION**

**IN RE:** § **Case No. 18-30264-7**
§
**ACIS CAPITAL MANAGEMENT, L.P.,** § **Chapter 7**
§
§
§
**DEBTOR.** §

**IN RE:** § **Case No. 18-30265-7**
§
**ACIS CAPITAL MANAGEMENT GP,** § **Chapter 7**
**L.L.C.,** §
§
§
§
**DEBTOR.** §

**EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE OR
MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND IMPOSE,
INTER ALIA, 11 U.S.C. § 363**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN
RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES**

**EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
Page 1 of 15** PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 1
**OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
IMPOSE, INTER ALIA, 11 U.S.C. § 363**
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

~~BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE CLOSE OF BUSINESS ON FEBRUARY 23, 2018 WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.~~

~~ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.~~ DALLAS COUNTY, TEXAS

| | |
|---|---|
| | § |
| ACIS CAPITAL MANAGEMENT, L.P. and | § |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § |
| | § |
| Defendants. | § 44th JUDICIAL DISTRICT |

~~IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.~~

**PLAINTIFF'S APPLICATION
FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Joshua N. Terry ("Mr. Terry") files this Emergency Application for Temporary Restraining Order against Defendants Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP") (collectively "Acis"), and shows the Court as follows:

**SUMMARY OF APPLICATION**

~~BY SEPARATE MOTION, THE MOVANT SEEKS TO HAVE THIS MOTION HEARD ON AN EMERGENCY BASIS. IF THE COURT GRANTS THE REQUESTED EMERGENCY RELIEF, THE PARTIES WILL BE NOTIFIED ACCORDINGLY. AN EMERGENCY HEARING MAY AFFECT THE RESPONSE DEADLINES SET FORTH HEREIN.~~

~~TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:~~

~~Joshua N. Terry (the "Mr. Terry" or "Petitioning Creditor"), petitioning creditor in the above-captioned cases (these "Cases"), files this *Emergency Motion to Abrogate or Modify 11*~~

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~
~~Page 2 of 15~~**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** – Page 2
~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND~~
~~IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 2 of 15

~~U.S.C. § 303(f), Prohibit Transfer of Assets, and Impose, inter alia, 11 U.S.C § 363~~ (the "Motion") and respectfully states as follows in support thereof:

## ~~I.     JURISDICTION~~

~~1.     This Court has jurisdiction to consider the relief requested in this Motion under 28 U.S.C. § 1334 and the standing order of reference from the District Court.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates for relief IS Section 303(f) of the Bankruptcy Code.[1]~~

## ~~II.     SUMMARY OF RELIEF REQUESTED[2]~~

~~2.     Mr. Terry requests this Court imposes the restrictions of Section 363 of the Bankruptcy Code to prevent the Alleged Debtors' further decimation of the Alleged Debtors' assets. Alleged Debtor Acis Capital Management, L.P.'s ("Acis LP") actions are an affront to this Court and are a naked attempt to denude its estate of valuable assets~~ Acis is in the midst of an audacious scheme to transfer *all* of its assets to Cayman affiliates to avoid satisfaction of Mr. Terry's judgment. Acis fought hard to avoid post-judgment discovery because it had something big and bad to hide.

Starting shortly after ~~an~~the $8 million ~~Final Award~~arbitration award was entered against it ~~in on or about October 20, 2017 (the "Final Award"), in favor of Mr. Terry, Acis LP, by, through or with its general partner, Acis Captial Management GP, LLC ("Acis GP")~~, Acis has **fraudulently transferred assets** ~~or intends to fraudulently transfer in the very near term substantially all of Acis LP's assets~~**in excess of $16.6 million** to several affiliated entities ~~for the purpose of putting those assets outside creditors' reach.  These fraudulent transfers or contemplated fraudulent transfers, include: (1) transferring a $9.5~~in the Cayman Islands, including:

---

~~[1]  11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code")~~
~~[2]  Certain undefined, capitalized terms appearing in the Summary of Relief Requested are defined later in the Motion.~~

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~
~~Page 3 of 15~~**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** – Page   3
~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND~~
~~IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

- A $10 million promissory note payable to Acis LP from an affiliate, Highland Capital Management, L.P. ("Highland"), to a Cayman affiliate (14 days after the Final Award); and (2) transferring or the impending transfer of interests

- An interest in several entities and a management contract worth to an affiliate for no or far less than fair market value. worth in excess of $6.6 million (the day after the Court entered the Judgment).

3.   Based on documents produced two days ago by Acis LP to Mr. Terry pursuant to Court order and as part of post-judgment discovery, it is clear that Acis LP is poised to fraudulently transfer its most significant assets: management contracts worth well in excess of $30 million, again to another Cayman affiliate.  If that transfer occurs, Acis LP will have few, if any, assets. Mr. Terry requests the Court enter a temporary restraining order restraining Acis from taking any further action to transfer the management contracts, or any of Acis' other assets.

### III.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Final Award and State Court Litigation

4.   On October 20, 2017, a JAMS arbitration panel made up of former or retired judges awarded Mr. Terry a Final Award in the amount of $7,949,749.15[3] against Acis LP and Acis GP. Acis LP and Acis GP are collectively referred to herein as "Acis" or the "Alleged Debtors."

### RELEVANT FACTS

1.   From September 6-15, 2017, an arbitration panel consisting of Hon. Harlan Martin (former), Hon. Glen M. Ashworth (Ret.), and Hon. Mark Whittington (Ret.) (the "Arbitration Panel") held a final hearing in Dallas County.

---

[3] Pursuant to the Judgment, interest accrues on the Judgment from October 20, 2017 until such time as the Judgment is paid in full, at an interest rate of 5% per annum. The total amount due to Mr. Terry, pursuant to the Judgment, as of the date of date the involuntary bankruptcy, January 30, 2018, was at least $8,060,827.84.

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE Page 4 of 15 PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 4 OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND IMPOSE, INTER ALIA, 11 U.S.C. § 363

R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

5. On December 18, 2017, Final Award was reduced to a final judgment by the 44th Judicial District Court of Dallas County, Texas and the Final Judgment was entered in Cause No. DC-17-15244 (the "Judgment"). 2. On October 20, 2017, the Arbitration Panel issued its Final Award in the Arbitration (the "Final Award") against Acis.

B. **Transfer of Note**

6. On November 3, 2017, Acis, Highland, and Highland CLO Management Ltd., another Cayman entity ("Highland Cayman"), entered into the Agreement for Assignment and Transfer of Promissory Note (the "Note Transfer"). The Note Transfer, among other things, transferred the $9.5 million promissory note by Highland in favor of Acis (the "Note") from Acis to Highland Cayman. Upon information and belief, Acis did not receive sufficient consideration for the Note Transfer.

C. **Transfer of Management Agreement**

7. Additionally, the Note Transfer also purports to initiate the transfer of management contracts to Highland Cayman for the Collateralized Loan Obligations ("CLOs") listed on Schedule A to a prior agreement (the "Management Contracts"). Again, Acis is to receive no consideration for transferring its most significant assets, the Management Contracts.

D. **Contemplated Transfers**

8. Upon information and belief, Acis did not in fact transfer the Management Contracts pursuant to the Note Transfer. Instead, Acis intends to transfer the Management Contracts to non-Acis Highland affiliates beginning on or before February 1, 2018 through a series of purported refinancing transactions. This transfer or purported refinancing will effectively destroy all value from Acis.

E. **Additional Transfers**

9. 3. On October 24, ~~2017, a mere four~~2017 (4 days after the Panel issued the Final Award ~~was entered,~~ ), an employee of Highland and representative of Acis, Frank Waterhouse, executed an agreement for Acis which reflects a sale of Acis~~'s~~'s' interest in its risk retention ~~fund~~vehicle, Acis Loan Funding, Ltd. ("~~"Acis Loan Funding")~~. ~~The transfer of Acis Loan Funding is part of Acis's larger scheme to deprive Acis of its value to the detriment of all creditors.~~"). A true and correct copy of that agreement is attached hereto as **Exhibit 1**.

10. 4. On October 27, ~~2017,~~2017 (7 days after the Panel issued the Final Award), James Dondero ~~("Dondero")~~ signed an agreement transferring management of Acis Loan Funding from Acis to Highland HCF Advisor Ltd., a Cayman entity ("~~Highland Cayman 2~~"Highland Cayman 1") for *no consideration*. That transfer deprived Acis of the value to which it was entitled. A true and correct copy of that agreement is attached hereto as **Exhibit 2**. When Mr. Terry was a partner in Acis, Acis was the portfolio manager of Acis Loan Funding. That contractual arrangement between Acis and Acis Loan Funding was a valuable asset of Acis, as was Acis' ownership interest in Acis Loan Funding.

5. On October 31, 2017, counsel for Acis, Jamie Welton, called Rogge Dunn on the telephone. *See* Declaration of Rogge Dunn attached hereto as **Exhibit 3**. In that call, Mr. Welton stated that Acis is "judgment proof."

11. 6. On the same day, October 31, 2017 (11 days after the Panel issued the Final Award), Dondero caused a filing in the Registry of the island nation of Guernsey (one of the Channel Islands in the English Channel). In that filing, Acis Loan Funding was renamed "Highland CLO Funding, Ltd."

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~ ~~Page 6 of 15~~PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 6 ~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~

R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 6 of 15

7. On November 3, 2017, Acis, Highland, and Highland CLO Management Ltd., another Cayman entity ("Highland Cayman 2"), entered into an Agreement for Assignment and Transfer of Promissory Note (the "Note Transfer"), a true and correct copy of which is attached hereto as **Exhibit 4**. The Note Transfer affected a $10 million promissory note by Highland in favor of Acis, a true and correct copy of which is attached hereto as **Exhibit 5** (the "Highland Note"). Among other things, the Note Transfer transferred the Highland Note, for *no consideration*, from Acis to Highland Cayman 2.

8. Significantly, the Note Transfer also purports to initiate the transfer of management contracts to Highland Cayman 2 for the CLOs listed on Schedule A to a prior agreement, a true and correct copy of which is attached as **Exhibit 6** (the "Management Contracts"). Acis is to receive *no* consideration for transferring its most significant assets, the Management Contracts.

9. On November 6, 2017, Terry filed this action to confirm the Final Award.

10. When Terry was a partner in Acis a year and a half ago, Acis had assets in excess of $40 million, and *no* liabilities or liens against its property.

11. On November 22, 2017, Mr. Terry filed his Motion for Expedited Discovery.

12. On December 18, 2017, the Court entered its (i) Order Confirming Arbitration Award, (ii) Final Judgment, and (iii) Order Granting Expedited Discovery.

12. 13. On December 19, 2017, Acis transferred over $56.6 million of additional assets to Highland CLO Holdings, Ltd., another Cayman entity ("""Highland Cayman 3"""), purportedly in exchange for forgiveness of a receivable. A true and correct copy of that agreement is attached hereto as **Exhibit 7**.

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
Page 7 of 15 PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page   7
OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
IMPOSE, *INTER ALIA*, 11 U.S.C. § 363
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 7 of 15

13. 14. Also on December 19, 2017, the partners of Acis transferred their partnership interest to yet another Cayman entity, Neutra, Ltd. ("“Highland Cayman 4"). ”). A true and correct copy of that agreement is attached hereto as **Exhibit 8.**

**F.      Bankruptcy Filings**

14.      On January 30, 2018 (the "Acis LP Petition Date"), Terry, as petitioning creditor filed the *Involuntary Petition Against a Non-Individual* [Case No. 18-30264-7, Docket No. 1] (the "Acis LP Petition") in the Acis LP bankruptcy case.

15.      On January 31, 2018 (the "Acis GP Petition Date"), Terry, as petitioning creditor filed the *Involuntary Petition Against a Non-Individual* [Case No. 18-30265-7, Docket No. 1] (the "Acis GP Petition") in the Acis GP bankruptcy case.

16.      As of the date of this filing, Acis LP and Acis GP have not responded to the Acis LP Petition and Acis GP Petition. Upon information and belief, Acis has retained Michael Warner to represent Acis in connection with these Cases.

**IV.      GROUNDS FOR RELIEF**

17.      As succinctly set forth in the legislative history and comments to Section 303(f), Congress intended that although Section 303(f) "permits the debtor to continue to operate any business of the debtor and to dispose of property the same as if the case had not been commenced … [t]he court is permitted . . . to control the debtor's powers under this subsection by appropriate orders, such as where there is a fear that the debtor may attempt to abscond with assets, dispose of them at less than their fair value, or dismantle his business, all to the detriment of the debtor's creditors." HR Rep No. 595, 95th Cong, 1st Sess 323 (1977); S Rep No. 989, 95th Cong, 2d Sess 33 (1978).

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
Page 8 of 15PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page   8
 OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
 IMPOSE, *INTER ALIA*, 11 U.S.C. § 363
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 8 of 15

18. Utilizing Section 303(f) of the Bankruptcy Code, courts have imposed restrictions on an involuntary gap debtor's operations to preserve and protect assets; especially where there is concern that a debtor may dispose of assets for less than fair value or dismantle a business for the private gain of its principals. *In re Wilson*, 62 B.R. 43, 46 (E.D. Tenn. 1985) (determining that section 303(f) authorizes a stay of business transactions during gap period that may jeopardize the rights and interests of creditors).

19. Indeed, a sister court in this district has abrogated Section 303(f) and imposed Section 363's requirements upon an alleged debtor based on the facts and circumstances of the case. *In re Tex. Rangers Baseball Partners*, 434 B.R. 393, 404-05 (Bankr. N.D. Tex. 2010) (Lynn, J.).

## VI. CONCLUSION

20. This matter cries out for the Court to invoke its authority to order compliance with, *inter alia*, Section 363 of the Bankruptcy Code. As stated above, the Alleged Debtors herein are unabashedly attempting to abscond with assets, dispose of valuable assets at less than their fair value, and dismantle their business to the great detriment of their single largest creditor, Mr. Terry. Therefore, the Court must enter an order to prevent additional fraudulent transfers to offshore or non-Debtor entities.

## VII. PRAYER

Mr. Terry respectfully requests this Court to: (i) grant the relief requested in this Motion; (ii) enter the proposed Order attached as **Exhibit "A"** to this Motion; and (iii) grant Mr. Terry such other and further relief to which it may be justly entitled, both at law and in equity

**DATED: January 31, 2018.**

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
Page 9 of 15 PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 9
OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
IMPOSE, *INTER ALIA*, 11 U.S.C. § 363
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 9 of 15

15. On January 22, 2018, Acis produced documents and answered discovery that revealed much of the foregoing.

### ARGUMENT & AUTHORITY

Post-judgment injunctive relief is provided for in the Texas Civil Practices and Remedies Code and the Texas Rules of Appellate Procedure. TEX. CIV. PRAC. & REM. CODE § 52.006(e); TEX. R. APP. P. 24.2(d).

The standard for post-judgment injunctive relief is simple: a determination of "whether the judgment debtor is likely to dissipate or transfer its assets to avoid satisfaction of the judgment." *Emeritus Corp. v. Ofczarzak*, 198 S.W.3d 222, 227 (Tex. App.—San Antonio 2006, no pet.); *Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi 2016, no pet.) ("In the post-judgment context, the question is only whether the judgment debtor is likely to dissipate or transfer its assets to avoid satisfaction of the judgment.") (internal quotations omitted). "Evidence of the actual dissipation or transfer of assets is *not* necessary to meet this standard." *Sargeant*, 512 S.W.3d at 409 (emphasis added); *Miga v. Jens*en, 02-11-00074-CV, 2012 WL 745329, at *11 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.).

Attached as **Exhibit 9** is the Declaration of Joshua N. Terry, which details the following, among other things:

- Mr. Terry ran Acis' day-to-day operations from 2011 until he was wrongfully terminated in June 2016;

- Mr. Terry is well-versed in the CLO industry, where he worked since 2005. Mr. Terry has earned the right to use the Chartered Financial Analyst designation. From my experience, education, and training, I became familiar with the common and legitimate business practices of CLO managers in the industry, as well as the value of CLO management contracts.

- In 2015, Mr. Terry valued Acis in excess of $70 million, a conclusion that was accepted by David Klos, a Highland employee;

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
Page 10 of 15 PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 10
OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
IMPOSE, *INTER ALIA*, 11 U.S.C. § 363

R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 10 of 15

- On February 28, 2012, Highland sold four European CLO management contracts to The Carlyle Group for $43.6 million in an arms-length transaction. Those four CLO management contracts are *less* valuable than the five Management Contracts Acis owns and which it now seeks to transfer for *no* consideration;

- The Management Contracts are the most substantial asset of Acis and are valued in excess of $30 million;

- There is no legitimate business purpose for Acis to transfer the Management Contracts for no consideration;

- There is no legitimate business purpose for Acis to transfer the Highland Note for no consideration;

- It is not in the normal course of Acis' business to transfer all of its Management Contracts for no consideration, or to transfer the Highland Note for no consideration;

- If Acis transfers the Management Contracts, Acis will not have assets adequate to satisfy the Judgment.[1]

The standard for post-judgment injunctive relief is not only met in this case, but is far exceeded. Indeed, there is direct and compelling evidence that Acis *actually* transferred and dissipated assets, and intends to transfer more. Consequently, Mr. Terry clearly met his burden to show transfers or dissipation is "likely." The Court should enter a temporary restraining order pending a hearing on a temporary injunction.

## CONCLUSION

Counsel for Acis represented to the Court and to counsel for Mr. Terry that Acis had not, and was not, transferring assets. The documents Acis produced two days ago—which they fought so hard to withhold—tell a very different story. This Court has the "inherent power to enforce its judgments." *Harleaux v. Harleaux*, 154 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.). One means by which a Court can enforce its judgment is through injunctive relief, and

---

[1] If and when Acis attempts to supersede the Judgment, Terry will request the Court include all of the fraudulently-transferred assets in any calculation of Acis' net worth.

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~
~~Page 11 of 15~~PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 11
~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND~~
~~IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 11 of 15

injunctive relief is certainly appropriate under the circumstances. Mr. Terry requests the Court enter a temporary restraining order prohibiting Acis from taking any further action to transfer the Management Contracts and any other assets, set a hearing on a preliminary injunction, and for such other relief to which Mr. Terry is entitled.

Respectfully submitted,

WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)
e-mail: rpatel@winstead.com
e-mail: sbdavis@winstead.com

By: /s/ Rakhee V. Patel
Rakhee V. Patel SBT # 00797213
Annmarie Chiarello SBT # 24097496

**ATTORNEYS FOR JOSHUA N. TERRY, PETITIONING CREDITOR**

ROGGE DUNN
State Bar No. 06249500
dunn@clousedunn.com

EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE
OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND
IMPOSE, *INTER ALIA*, 11 U.S.C. § 363
Page 12 of 15 PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 12

R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

BRIAN P. SHAW
State Bar No. 24053473
shaw@clousedunn.com

CLOUSE DUNN LLP
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone: (214) 220-3888
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFF
JOSHUA N. TERRY**

L.R. 2.02 CERTIFICATION

I hereby certify that at or near the time I file this Application, I am notifying Defendants via ECF that Mr. Terry intends to present his Application for Temporary Restraining Order and Proposed Order at least 2 hours before they are to be presented to the Court. I also certify that to the best of my knowledge, this case is not subject to transfer under Local Rule 1.06.

_____
                                        BRIAN P. SHAW

**CERTIFICATE OF SERVICE**

~~The undersigned certifies~~

This is to certify that ~~on January 31, 2018,~~ a true and correct copy of the ~~foregoing Motion will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. The undersigned certifies that on January 31, 2018, a true and correct copy of the foregoing Motion will be sent to Michael Warner, counsel for the Alleged Debtors.~~

*/s/ Annmarie Chiarello*
~~One of Counsel~~ above and foregoing instrument was served on all counsel of

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~
~~Page 13 of 15~~ PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 13
~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND~~
~~IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Exhibit B
Page 13 of 15

record on the _____ day of
_____, 20____ as follows:

| | |
|---|---|
| Gary Cruciani | ☐ VIA ECF |
| Michael P. Fritz | ☐ VIA OVERNIGHT |
| Nicholas Mathews | ☐ VIA REGULAR MAIL |
| Carson D. Young | ☐ VIA HAND DELIVERY |
| MCKOOL SMITH | ☐ VIA FAX: |
| 300 Crescent Court | ☐ VIA EMAIL: |
| Suite 1500 | |
| Dallas, Texas 75201 | |

BRIAN P. SHAW
ROGGE DUNN

~~EMERGENCY MOTION OF PETITIONING CREDITOR TO ABROGATE~~
~~Page 14 of 15~~PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 14
~~OR MODIFY 11 U.S.C. § 303(F), PROHIBIT TRANSFER OF ASSETS, AND~~
~~IMPOSE, *INTER ALIA*, 11 U.S.C. § 363~~
R:\1\1675\55555\SubPldgs\Confirmation of Arb Award\Application for TRO.docx

Document comparison by Workshare 9.5 on Tuesday, March 20, 2018 10:16:20 AM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4851-4153-5579/7 |
| Description | Emergency Motion 303(f) |
| Document 2 ID | file://\\wsm\dfs\Users1\achiarello\Desktop\Application for TRO.docx |
| Description | Application for TRO |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 143 |
| Deletions | 126 |
| Moved from | 6 |
| Moved to | 6 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 281 |