**ISAAC DANIEL LEVENTON**

```
                                                                    1
 1          IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
 2                      DALLAS DIVISION

 3   IN RE:                         )   CASE NO. 18-30264-SGJ7
                                    )
 4   ACIS CAPITAL MANAGEMENT, L.P., )   Chapter 7
                                    )
 5        ALLEGED DEBTOR            )
     _____
 6

 7   IN RE:                         )   CASE NO. 18-30265-SGJ7
                                    )
 8   ACIS CAPITAL MANAGEMENT GP,    )   Chapter 7
     LLC,                           )
 9                                  )
          ALLEGED DEBTOR            )
10

11
            * * * * * * * * * * * * * * * * * * * * *
12
              ORAL DEPOSITION OF ISAAC DANIEL LEVENTON
13
            * * * * * * * * * * * * * * * * * * * * *
14

15

16

17       ORAL DEPOSITION OF ISAAC DANIEL LEVENTON, being produced

18   as a witness at the instance of the Petitioning Creditor, taken

19   in the above-styled and numbered cause on the 7th day of March,

20   2018, from 9:16 a.m. to 7:32 p.m., before Rhonda Jacks,

21   Certified Shorthand Reporter in and for the State of Texas, by

22   machine shorthand, at the offices of McKool Smith, 300 Crescent

23   Court, Suite 1500, Dallas, Texas, in accordance with the

24   Federal Rules of Civil Procedure and the agreements hereinafter

25   set forth:
```

**Complete Legal**                                              214-746-5400

**ISAAC DANIEL LEVENTON**

```
                                                              2
 1              A P P E A R A N C E S

 2   APPEARING ON BEHALF OF THE DEBTOR:
         MR. GARY CRUCIANI
 3       MR. MICHAEL FRITZ
         McKool Smith, P.C.
 4       300 Crescent Court
         Suite 1500
 5       Dallas, TX 75201
         214-978-4000
 6       gcruciani@mckoolsmith.com

 7       MR. WARREN A. USATINE
         Cole Schotz
 8       Court Plaza North
         25 Main Street
 9       Hackensack, NJ 07601
         201-525-6233
10       wusatine@coleschotz.com

11


12


13   APPEARING ON BEHALF OF THE PETITIONER CREDITOR, JOSHUA TERRY:
         MS. RAKHEE V. PATEL
14       Winstead, P.C.
         500 Winstead Building
15       2728 N. Harwood Street
         Dallas, TX 75201
16       214-745-5400
         rpatel@winstead.com
17


18


19   Also Present:

20       Joshua Terry

21


22


23


24


25
```

**Complete Legal**                                                          **214-746-5400**

**ISAAC DANIEL LEVENTON**

3

```
 1                        I N D E X
 2    WITNESS:                                            PAGE
 3    ISAAC DANIEL LEVENTON
 4         Examination by Ms. Patel ........................   6
 5         Change and Correction Sheet ..................... 292
           Witness Signature Page .......................... 293
 6         Reporter's Certificate .......................... 294
 7
 8                        EXHIBITS
      NUMBER & DESCRIPTION
 9
           Exhibit 1 .......................................   6
10             Notice of Deposition of Acis Capital
               Management, L.P. and Acis Capital Management
11             GP, LLC
12         Exhibit 2 .......................................   8
               Notice of Deposition of Isaac Daniel Leventon
13
           Exhibit 3 .......................................  66
14             Alleged Debtors' Responses and Objections to
               Petitioning Creditor's Request for Production
15             of Documents
16         Exhibit 4 .......................................  96
               January 31, 2018 email 12:00 PM
17
           Exhibit 5 .......................................  96
18             January 31, 2018 email 4:48 PM
19         Exhibit 6 ....................................... 146
               Joint Motion of Acis Capital Management, L.P.
20             and Acis Capital Management GP, LLC to
               Dismiss Involuntary Petitions and Request For
21             Award of Fees, Costs, and Damages
22
           Exhibit 7 ....................................... 185
23             Acis Capital Management's invoices
24         Exhibit 8 ....................................... 186
               Notice of List of Creditors
25             Pursuant to Fed. R. Bankr. P. 1003(b)
```

**Complete Legal**                                                    **214-746-5400**

**ISAAC DANIEL LEVENTON**

4

```
 1      Exhibit 9 ........................................ 190
            First Amended Notice of List of Creditors
 2          Pursuant to Fed. R. Bankr. P. 1003(b)
 3      Exhibit 10 ....................................... 193
            Shared Services Agreement
 4
        Exhibit 11 ....................................... 194
 5          Fourth Amended and Restated Shared Services
            Agreement dated March 17, 2017
 6
        Exhibit 12 ....................................... 211
 7          Third Amended and Restated Sub-Advisory
            Agreement dated March 17, 2017
 8
        Exhibit 13 ....................................... 212
 9          Second Amended Notice of List of Creditors
            Pursuant to Fed. R. Bankr. P. 1003(b)
10
        Exhibit 14 ....................................... 214
11          March 6, 2018 email
12      Exhibit 15 ....................................... 225
            Payment schedule
13
        Exhibit 16 ....................................... 230
14          Engagement letters
15      Exhibit 17 ....................................... 251
            Joint Answer of Acis Capital Management, L.P.
16          and Acis Capital Management GP, LLC to
            Involuntary Bankruptcy Petitions
17          Notwithstanding Motion to Dismiss
18      Exhibit 18 ....................................... 251
            Official Form 205
19
        Exhibit 19 ....................................... 251
20          Official Form 205
21      Exhibit 20 ....................................... 261
            Defendants' Motion to Amend Court Order and
22          for Leave to Post Supersedeas Deposit
23      Exhibit 21 ....................................... 270
            Acis Capital Management, LP Profit and Loss
24
        Exhibit 22 ....................................... 275
25          Bank account statements
```

**Complete Legal**                                                  **214-746-5400**

**ISAAC DANIEL LEVENTON**

```
                                                           5
 1      Exhibit 23 ....................................... 275
             January 26, 2018 email
 2
        Exhibit 24 ....................................... 279
 3           Promissory Note

 4      Exhibit 25 ....................................... 279
             Assignment and Transfer Agreement
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Complete Legal**                                          214-746-5400

## ISAAC DANIEL LEVENTON

```
                                                          107
 1      Q    Is he counsel for the Dugaboya Investment Trust?
 2      A    I don't know.
 3      Q    Okay.  But Mr. Ellington brought it to your
 4   attention?
 5      A    Yes.
 6      Q    Did Mr. Dondero bring it to your attention?
 7      A    No.
 8      Q    Was he a part of any communications bringing to your
 9   attention that there may be a potential conflict?
10      A    Mr. Dondero?
11      Q    Yes.
12      A    No.
13      Q    Just Mr. Ellington brought it to your attention?
14      A    Correct.
15      Q    Okay.  Did you do any independent looking to see what
16   you could figure out before you spoke with Ms. Dondero?
17      A    I don't know that I did, no.
18      Q    Okay.  So you just picked up the phone and called Ms.
19   Dondero.  Is that right?
20      A    Yes.
21      Q    Okay.  What did you tell Ms. Dondero?
22      A    That we discussed the potential conflict.
23      Q    Okay.  Tell me the conversation.  What did you tell
24   Ms. Dondero?
25      A    That there might be a potential conflict.
```

**Complete Legal**                                                    **214-746-5400**

**ISAAC DANIEL LEVENTON**

```
                                                          108
 1    Q    Okay.  And then how did she respond?
 2    A    Then there was a discussion about what to do about
 3   it, whether to send a letter to Winstead.
 4    Q    Okay.  And did she make the decision to send the
 5   letter to Winstead?
 6    A    Yes.
 7    Q    Did anyone on the Highland Capital Management legal
 8   team draft the letter that is attached to Exhibit 4?
 9    A    I assisted her in drafting.
10    Q    You assisted her in drafting it?
11    A    Yes, ma'am.
12    Q    Okay.  Because I thought you just said she drafted
13   it.
14    A    She did draft it.
15    Q    Okay.  But you assisted her?
16    A    Yes.
17    Q    Okay.  Let's go back to Exhibit 4 then.  Let's take a
18   look at the language.  What parts did you assist her in
19   drafting?
20    A    I helped with the letter, and she had the ability to
21   edit the letter.
22    Q    Okay.  So did you draft it, and she edited it?
23    A    Yes.
24    Q    Okay.  Where did you get the documents that are all
25   referenced within Exhibit Number 4 in the footnotes where it
```

**Complete Legal**                                         **214-746-5400**

## ISAAC DANIEL LEVENTON

108

1  Q   Okay. And then how did she respond?
2  **A   Then there was a discussion about what to do about**
3  **it, whether to send a letter to Winstead.**
4  Q   Okay. And did she make the decision to send the
5  letter to Winstead?
6  **A   Yes.**
7  Q   Did anyone on the Highland Capital Management legal
8  team draft the letter that is attached to Exhibit 4?
9  **A   I assisted her in drafting.**
10 Q   You assisted her in drafting it?
11 **A   Yes, ma'am.**
12 Q   Okay. Because I thought you just said she drafted
13 it.
14 **A   She did draft it.**
15 Q   Okay. But you assisted her?
16 **A   Yes.**
17 Q   Okay. Let's go back to Exhibit 4 then. Let's take a
18 look at the language. What parts did you assist her in
19 drafting?
20 **A   I helped with the letter, and she had the ability to**
21 **edit the letter.**
22 Q   Okay. So did you draft it, and she edited it?
23 **A   Yes.**
24 Q   Okay. Where did you get the documents that are all
25 referenced within Exhibit Number 4 in the footnotes where it

**Complete Legal**                                              **214-746-5400**

## ISAAC DANIEL LEVENTON

113

1  friends.
2      Q   So can we at least be clear that when you were
3  providing this information to Ms. Dondero, it wasn't in your
4  capacity as her friend.  It was in your capacity as somebody at
5  Highland Capital Management.  It was in the course and scope of
6  your job and function, right?
7      A   Honestly, ma'am, I didn't consider what capacity I
8  was doing it.
9      Q   I am not asking you if you considered what capacity.
10 I am asking you what capacity you actually had.
11     A   I don't have an answer to the question.
12     Q   Okay.  You don't know what capacity you were
13 serving -- giving her advice with respect to conflicts of
14 interest, but it clearly wasn't as her friend, right?
15     A   It wasn't as a friend.
16     Q   Okay.  Let's look at Exhibit Number 5 then.  And
17 I will ask you who drafted the language in Exhibit Number 5?
18     A   That, I am not actually certain about.
19     Q   Okay.
20     A   To the extent that the language is the same as
21 Exhibit 4, that would be my original language.  To the extent
22 that there are differences, I didn't draft those differences.
23     Q   Okay.  Well, did Ms. Dondero?
24     A   I don't know.
25     Q   Okay.  Well, how did Exhibit Number 5 come into your

**Complete Legal**                                         **214-746-5400**

**ISAAC DANIEL LEVENTON**

140

1     A    No, not necessarily.

2     Q    Okay.  What other capacity would he have to
3  provide -- to make decisions on behalf of Acis LP?

4              MR. CRUCIANI:  Objection.  Speculation.  Legal
5  conclusion.

6     **A    I don't know one way or another.  I am just telling**
7  **you that his conversations with me are typically about legal**
8  **strategy.**

9     Q    Okay.  Well, the question though was, is Mr.
10 Ellington acting -- When he is making decisions on behalf of
11 what should happen in connection with these involuntary
12 bankruptcies, is he acting only under the shared services
13 agreement?  Is that his capacity to act or is there some other
14 capacity in which he can speak on behalf of Acis LP?

15             MR. CRUCIANI:  Objection.  Legal conclusion.
16 Speculation.

17    **A    I would have to ask Mr. Ellington.  I don't have the**
18 **answer to that question.**

19    Q    Well, how about for you?  Is the shared services
20 agreement the only agreement under which you can operate and
21 have any authority with which to act on behalf of Acis LP?

22             MR. CRUCIANI:  Objection.  Legal conclusion.

23    **A    I act under the shared services agreement, and I also**
24 **act as Mr. Ellington's subordinate.**

25    Q    Okay.  But you are not sure what authority he has to

## ISAAC DANIEL LEVENTON

141

1 act? You just do what he says?
2     A   He is my boss. I follow his instructions.
3     Q   So you just do what he says, and you don't question
4 where he gets his authority from?
5     A   I mean to the extent that something would seem
6 clearly wrong or improper, I would question that, but this is
7 not that case.
8     Q   Okay.
9     A   So I don't always check every single corporate
10 document to follow the string of authority before I tell
11 outside counsel that it's okay for them to reply to a letter.
12     Q   Okay. Well, as we saw in Exhibit Number 4 --
13 Exhibits 4 and 5 it appears you have at least reviewed some of
14 the corporate documents in connection with Acis LP. Have I got
15 that right?
16     A   Yes.
17     Q   And does anything in those corporate documents
18 indicate to you that Mr. Ellington has direct authority or
19 ability under the organization documents for either Acis LP or
20 Acis GP to act on behalf of those entities?
21     A   Frankly it's not a question I have done a complete
22 analysis of. I guess if I took the time to do that, then maybe
23 I would be able to answer the question more completely.
24     Q   I am trying to figure out who makes what decisions on
25 behalf of Acis LP. And here we're talking about who makes the

**Complete Legal**                                                              **214-746-5400**

**ISAAC DANIEL LEVENTON**

295

1    That pursuant to the information made available to me at
2    the time said deposition was taken, the following includes all
3    parties of record:
4        MR. GARY CRUCIANI, Attorney for the Debtor
         MR. WARREN USATINE, Attorney for the Debtor
5        MS. RAKHEE PATEL, Attorney for the Petitioning Creditor,
         Joshua Terry
6
7    That before the conclusion of the deposition, the witness,
8    ISAAC DANIEL LEVENTON, did request a review of this transcript
9    pursuant to Rule 30(e)(1).
10       I further certify that I am neither counsel for,
11   related to, nor employed by any of the parties or attorneys in
12   the action in which this proceeding was taken, and further that
13   I am not financially or otherwise interested in the outcome of
14   the action.
15
16       Certified to by me, this 9th day of March, 2018
17
18
19   _____
20       RHONDA JACKS, CSR #3665
         Expiration Date:  12-31-18
21       COMPLETE LEGAL
         Firm Registration No. 289
22       2650 Renaissance Tower
         1201 Elm Street
23       Dallas, TX 75270
         214-746-5400
24
25

**Complete Legal**                                          **214-746-5400**