David W. Elmquist – SBT #06591300
REED & ELMQUIST, P.C.
501 N. College St.
Waxahachie, TX 75165
(972) 938-7334
(972) 923-0430 (fax)

PROPOSED ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § | CASE NO. 18-30264-SGJ-7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | CASE NO. 18-30265-SGJ-7 |
| | § | |
| Debtor. | § | **Expedited Hearing Requested** |

**TRUSTEE'S EXPEDITED MOTION TO OPERATE
THE DEBTORS' BUSINESSES IN CHAPTER 7**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Diane G. Reed (the "Trustee"), the duly-appointed Chapter 7 trustee of Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC (together with Acis LP, the "Debtors"), and files this Expedited Motion to Operate the Debtors' Businesses in Chapter 7 (the "Motion"), and in support thereof, states as follows:

## I. JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter involves administration of the estate and, thus, constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## II. BACKGROUND

2.      On January 30, 2018, involuntary petitions under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") were filed by Joshua N. Terry ("Terry") against Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP;" collectively, the "Debtors"), initiating the above-referenced cases with this Court.

3.      On April 13, 2018 orders for relief under Chapter 7 of the Bankruptcy Code were entered in the Debtors' cases following evidentiary hearings on the involuntary petitions filed by Terry.  After the orders for relief were entered, the Trustee was appointed as trustee for the Debtors' estates.

4.      At the time these bankruptcy cases were commenced, Acis LP was engaged in the business of providing portfolio management services to business entities holding collateralized loan obligations ("CLOs").  However, the actual management services were and are being provided by Highland Capital Management, L.P. ("Highland") pursuant to a certain Third Amended and Restated Sub-Advisory Agreement by and between Acis LP and Highland, dated March 17, 2017 (the "Sub-Advisory Agreement"), and pursuant to a certain Fourth Amended and Restated Shared Services Agreement by and between Acis LP and Highland, dated March 17, 2017 (the "Shared Services Agreement").

### III.  REQUEST FOR RELIEF

5.    Since being notified of her appointment, the Trustee and her counsel have had telephone conferences with counsel for the various parties in interest, including counsel for Terry, Highland and the Debtors.    Through these telephone conferences the Trustee has determined that there is an immediate need to obtain authorization to continue the business operations of the Debtors by the Trustee continuing Acis LP's performance of the Sub-Advisory Agreement and the Shared Services Agreement, and authorizing Highland to continue to perform its services under these agreements.  In this regard the Trustee has been advised by Highland's counsel that Highland cannot continue to perform its management services under the Shared Services Agreement and the Sub-Advisory Agreement without authorization from the Trustee to do so.  The Trustee believes that before authorizing Highland to perform these services she must obtain authorization from this Court to conduct the Debtors' business operations pursuant to §721 of the Bankruptcy Code.

6.    The Trustee is not at this time seeking authority to assume the aforesaid agreements, but simply to continue Acis LP's performance of these agreements in order to maintain the ordinary course of business operations of the Debtors.  The Trustee is also not seeking pursuant to this Motion to in any way alter the nature of the Debtors' business operations.

7.    Pursuant to 11 U.S.C. § 721 the Trustee moves for authority to operate the Debtors' business on an interim basis as set forth in the proposed order attached hereto as **Exhibit A** until Monday, April 23, 2018, and, following an evidentiary hearing to be held on Monday, April 23, 2018 at 2:30 p.m., for a period of up to sixty (60) days pursuant to and in

accordance with the terms and conditions of the Sub-Advisory Agreement and the Shared Services Agreement.

## IV.  EXPEDITED CONSIDERATION

8.      By the separate *Ex Parte Motion for Expedited Hearing on Trustee's Expedited Motion to Operate the Debtors' Businesses in Chapter 7* (the "Motion to Expedite") filed concurrently herewith, the Trustee is requesting expedited consideration of this Motion so that this Motion may be heard and decided on Monday, April 23, 2018.

9.      The Trustee requests expedited consideration of the Motion in order to preserve the going concern value of the Debtors' assets through immediate resumption of Acis LP's performance under the Sub-Advisory Agreement and the Shared Services Agreement.

WHEREFORE, the Trustee respectfully requests that the Court: 1) enter the proposed interim order attached hereto as **Exhibit A**; 2)following an evidentiary hearing on this Motion, enter an order authorizing the Trustee to operate the Debtors' businesses for a period of sixty (60) days; and 3) granting the Trustee such other relief as to which she has shown herself to be justly entitled.

DATED:  April 17, 2018.

Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

By:___*/s/ David W. Elmquist*_____
     David W. Elmquist – SBT #06591300

**PROPOSED ATTORNEYS FOR
DIANE G. REED, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to the filing of this Motion, I have conferred with Rakhee Patel, counsel for Terry, and counsel for the Debtors, and counsel for Highland.  I have been informed by these attorneys that they have no opposition to the relief requested in the Trustee's Motion to Operate, nor to it being heard on an expedited basis.  I have not been able to confer with Meredyth Kippes, counsel for the U.S. Trustee, but I will continue to attempt to contact her prior to any hearing on this Motion.

/s/ David W. Elmquist
David W. Elmquist

## CERTIFICATE OF SERVICE

This is to certify that on April 17, 2018, the undersigned caused a true and correct copy of the foregoing pleading to be served electronically on all registered ECF users in this case, and by United States first class mail on the parties on the attached Service List.

/s/ David W. Elmquist
David W. Elmquist

**EXHIBIT**

**A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § | CASE NO. 18-30264-SGJ-7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | CASE NO. 18-30265-SGJ-7 |
| | § | |
| Debtor. | § | |

## INTERIM ORDER GRANTING TRUSTEE'S EXPEDITED MOTION TO OPERATE THE DEBTORS' BUSINESSES IN CHAPTER 7

On this day came on for consideration the *Trustee's Expedited Motion to Operate the Debtors' Businesses in Chapter 7* (the "Motion to Operate"), filed herein on April 16, 2018 by Diane G. Reed, the Chapter 7 Trustee of the Debtors' bankruptcy estates.

On April 16, 2018, the Court granted expedited consideration of the Motion to Operate. Notice of the hearing on the Motion to Operate was thereafter provided to the Debtors, the U.S.

Trustee's Office, Joshua N. Terry, Highland Capital Management, LP, and to all creditors of the Debtors and other parties who have filed a notice of appearance in this case, as reflected in the Notice of Hearing filed with this Court on April 16, 2018.

Based on the foregoing, the Court finds that notice of the Motion to Operate was adequate and provided to all persons entitled to notice in accordance with the Bankruptcy Rules. The Court further finds that cause exists under 11 U.S.C. § 721 to permit the Trustee to operate the Debtors' businesses on an interim basis, as hereinafter set forth.

IT IS, THEREFORE, ORDERED that the Trustee is authorized to operate the Debtors' businesses on an interim basis pursuant to the terms of the Shared Services Agreement and the Sub-Advisory Agreement (both as defined in the Motion to Operate) until Monday, April 23, 2018, when the Court will further consider the Motion to Operate at an evidentiary hearing to be held on Monday, April 23, 2018 at 2:30 p.m.

### END OF ORDER ###

Submitted by:

David W. Elmquist (SBT #06591300)
REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX  75165
(972) 938-7339
(972) 923-0430 (fax)
E-mail:  delmquist@bcylawyers.com

PROPOSED ATTORNEYS FOR DIANE REED,
CHAPTER 7 TRUSTEE