| | |
|---|---|
| Rakhee V. Patel – SBT #00797213 | Brian P. Shaw |
| Annmarie Chiarello – SBT #24097496 | State Bar No. – 24053473 |
| **WINSTEAD PC** | **CLOUSE DUNN LLP** |
| 500 Winstead Building | 1201 Elm Street, Suite 5200 |
| 2728 N. Harwood Street | Dallas, Texas 75270-2142 |
| Dallas, Texas 75201 | Telephone: (214) 220-3888 |
| Telephone: (214) 745-5400 | Facsimile: (214) 220-3833 |
| Facsimile: (214) 745-5390 | shaw@clousedunn.com |
| Email: rpatel@winstead.com | |
| Email: achiarello@winstead.com | |

**ATTORNEYS FOR JOSHUA N. TERRY**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-30264-SGJ-7 |
| | § | Case No. 18-30265-SGJ-7 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | (Jointly Administered Under Case |
| | § | No. 18-30264-SGJ-7) |
| DEBTORS. | § | |
| | § | Chapter 7 |
| | § | |

### EMERGENCY MOTION FOR AN ORDER APPOINTING A TRUSTEE FOR THE CHAPTER 11 ESTATES OF ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC PURSUANT TO BANKRUPTCY CODE SECTION 1104(A)

**TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:**

Joshua N. Terry (the "Mr. Terry"), creditor and party-in-interest in the above-captioned cases (these "Cases"), files this *Emergency Motion for an Order Appointing a Trustee for the Chapter 11 Estates of Acis Capital Management, L.P. and Acis Capital Management GP, LLC Pursuant to Bankruptcy Code Section 1104(a)* (the "Motion") and respectfully states as follows in support thereof:

## JURISDICTION

1.	This Court has jurisdiction to consider the relief requested in this Motion under 28 U.S.C. § 1334 and the standing order of reference from the District Court. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for relief is Sections 1104 of the Bankruptcy Code.[1]

## SUMMARY OF ARGUMENT[2]

2.	After two days of cumulative testimony and argument, this Court found that it was necessary, pursuant to 303(f), to impose Section 363 of the Bankruptcy Code during the period between the filing of Involuntary Petitions on the Petition Date and date of the entry of the Orders for Relief (the "Gap Period"). At the 303(f) hearing, the Court found if the standard for imposing Section 303(f) during the Gap Period is the same standard for the appointment of a Chapter 11 Trustee under Fifth Circuit case law, this standard was met.[3] After six (6) additional days of testimony and argument, this Court found that it was necessary to enter an order for relief against Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," together with Acis LP, the "Debtors" or "Acis"). After the hearing on the Involuntary Petitions, this Court chose not to abstain under Section 305 of the Bankruptcy Code for, among other reasons, the inherent conflicts of interests involving Acis. The Court made extensive findings of fact and conclusion of law. *See Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Involuntary Bankruptcy Petition* [Case No. 18-30264, Docket No. 118 & Case No. 18-30264, Docket No. 113] (the "Opinion"). Given the abundant conflicts of interest present, Mr. Terry requests that the Court appoint a Chapter 11

---

[1] 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").
[2] Capitalized terms not defined in the Summary of Argument have the mean ascribed to such terms later in this Motion.
[3] Transcript February 7, 2018 303(f) Hearing, p. 329:20-22 ("So if the cause standard under … 1104 for a Chapter 11 trustee is the standard under 303(f), then it's met here with abundant conflicts of interest").

---

trustee to manage the business and affairs of the Debtors pursuant to Section 1104(a) of the Bankruptcy Code.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. State Court Litigation And Final Award**

3. Highland Capital Management, L.P. ("Highland") commenced litigation against Mr. Terry on or about September 8, 2016, in the 162nd Judicial District Court of Texas (the "162nd Action"). Opinion at p. 4. Mr. Terry subsequently moved to compel arbitration, which request was granted. Accordingly, the 162nd Action was stayed pending resolution of the arbitration on the merits. Opinion at p. 4.

4. On October 20, 2017, a JAMS arbitration panel made up of former or retired judges (the "Arbitration") entered a final award in favor of Mr. Terry in the amount of $7,949,749.15 against the Debtors (the "Final Award"). Opinion at p. 4.

5. On December 18, 2017, the Final Award was reduced to a final judgment by the 44th Judicial District Court of Dallas County, Texas, and the Final Judgment was entered in Cause No. DC-17-15244 (the "Judgment"). Opinion at p. 4.

**B. Transfer Of Note**

6. On November 3, 2017, Acis LP, Highland, and Highland CLO Management Ltd., a Cayman entity ("Highland Cayman"), entered into the Agreement for Assignment and Transfer of Promissory Note (the "Note Transfer"). Opinion at p. 19. The Note Transfer, among other things, transferred the $9.5 million promissory note by Highland in favor of Acis LP (the "Note") from Acis LP to Highland Cayman. Opinion at p. 20.

**C.    Transfer Of Management Agreement**

7.    Additionally, the Note Transfer also purports to initiate the transfer of management contracts to Highland Cayman for the Collateralized Loan Obligations ("CLOs") listed on Schedule A to a prior agreement (the "Management Contracts").  Opinion at p. 20.

**D.    Contemplated Transfers**

8.    Upon information and belief, Acis LP did not, in fact, transfer the Management Contracts pursuant to the Note Transfer.  Instead, prior to the Court's ruling on the *Emergency Motion of Petitioning Creditor to Abrogate or Modify 11 U.S.C § 303(f), Prohibit Transfer of Assets, and Impose, Inter Alia, 11 U.S.C § 363* [Case No. 18-30264, Docket No. 3 & Case No. 18-30265, Docket No. 3] (the "303(f) Motion"), Acis LP intended to transfer the Management Contracts to non-Acis, Highland affiliates beginning on or before February 1, 2018, through a series of purported refinancing (or reset) transactions.  Opinion at p. 23.

**E.    Additional Transfers**

9.    On October 24, 2017, a mere four (4) days after the Final Award was entered, an employee of Highland and representative of Acis, Frank Waterhouse, executed an agreement for Acis which reflects a sale of Acis's interest in its risk-retention fund, Acis Loan Funding, Ltd. ("ALF").  Opinion at p. 18.  The transfer of ALF is part of Acis's larger scheme to deprive Acis of its value to the detriment of all creditors.  Opinion at p. 18.

10.    On October 27, 2017, James Dondero ("Dondero") signed an agreement transferring management of ALF from Acis to Highland HCF Advisor Ltd., a Cayman entity ("Highland Cayman 2"), for no consideration.  Opinion at p. 18.

11.    On October 31, 2017 (11 days after the arbitration panel issued the Final Award), Dondero caused a filing in the Registry of the island nation of Guernsey.  In that filing, ALF was renamed "Highland CLO Funding, Ltd" ("New ALF").  Opinion at p. 13.  ALF and New ALF, as

successor-in-interest, own equity or subordinated debt in the CLOs managed by Acis. Opinion at p. 13.

12. On December 19, 2017, the partners of Acis transferred their partnership interest to yet another Cayman entity, Neutra, Ltd. ("Neutra") for no consideration. Opinion at p. 22. Neutra is an affiliate of Highland. Opinion at p. 52.

13. Also on, December 19, 2017, Acis transferred over $5 million of additional assets to Highland CLO Holdings, Ltd., another Cayman entity ("Highland Cayman 3"), purportedly in exchange for forgiveness of a receivable. Opinion at p. 21.

**F.     Bankruptcy Filings**

14. On January 30, 2018 (the "Acis LP Petition Date"), Terry, as petitioning creditor, filed the Involuntary Petition Against a Non-Individual [Case No. 18-30264-7, Docket No. 1] (the "Acis LP Petition") in the Acis LP bankruptcy case. Opinion at p. 7.

15. On January 30, 2018 (the "Acis GP Petition Date"), Terry, as petitioning creditor, filed the Involuntary Petition Against a Non-Individual [Case No. 18-30265-7, Docket No. 1] (the "Acis GP Petition," together with the Acis LP Petition, the "Involuntary Petitions") in the Acis GP bankruptcy case. Opinion at p. 7.

**G.     Order Granting Motion To Modify 11 U.S.C. § 303(f) And Impose 11 U.S.C. § 363**

16. On January 31, 2018, Mr. Terry filed the 303(f) Motion, which asserted, among other things, that Alleged Debtors had engaged in fraudulent transfers or intended to engage in fraudulent transfers in the near term. After a two-day hearing on February 6 and 7, 2018 (the "303(f) Hearing"), the Court found that it was proper to impose Section 363 of the Bankruptcy Code before the hearing on the Motion to Dismiss and the Involuntary Petitions. Opinion at p. 1 n. 2.

**H.     Order For Relief**

17.    On April 13, 2018, after six (6) days of testimony and argument, this Court entered the Opinion and the *Order for Relief in an Involuntary Case* [Case No. 18-30264, Docket No. 119 & Case No. 18-30264, Docket No. 114] (the "Order for Relief").  In the Opinion, this Court found:  (i) that there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, by one or more of such holders that hold in the aggregate at least $15,775 of such claims; and (ii) Acis is generally not paying its debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount.  *See* Opinion.  The Court chose not to abstain under Section 305 of the Bankruptcy Code for, among other reasons, the inherent of conflicts of interest between the Debtors and Highland.  Opinion at p. 53.  The Court stressed the need to appoint an independent fiduciary (at the time, a Chapter 7 Trustee) to ensure the interest of Acis's creditors were protected in light of the post-Final Award transfers and transactions.  Opinion at p. 53.

18.    On April 13, 2018, Diane Reed was appointed the interim Chapter 7 trustee (the "Chapter 7 Trustee") for the Debtors' Estates.

19.    On May 4, 2018, the Trustee filed the *Expedited Motion to Convert Cases to Chapter 11* [Case No. 18-30264, Docket No. 171].

**ARGUMENT AND AUTHORITIES**

**A.     Standard For Appointment Of A Chapter 11 Trustee**

20.    Section 1104(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

      (1)    for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . or

      (2)    if such appointment is in the best interests of creditors, any equity security holders, and other interests of the estate . . .

The facts here compel appointment of a trustee under Section 1104(a)(1)-(a)(2) of the Bankruptcy Code. Indeed, the Court has already found that Mr. Terry has met the standard for appointment of a trustee at the hearing on February 7, 2018:

```
16          THE COURT:  All right.  First, on the 303(f) motion,
17   the one thing that is clear is that the legal standard is not
18   absolutely certain.  I mean, again, there's nothing in the
19   Bankruptcy Code that articulates when may, the Court, in its
20   discretion, order otherwise -- that is, there's language in
21   303(f) that 363 doesn't apply unless the court orders
22   otherwise.  No standard in Bankruptcy Code.
23          We look at the legislative history; Ms. Patel pointed
24   out fear.  When there's fear, the debtor may intend to abscond
25   with assets.  While I tend to agree with Acis' counsel that
```

```
 1  fear is not really a normally recognized legal standard, on
 2  the other hand, cause -- the same standard as cause for a
 3  trustee that the Eastern District of New York judge apparently
 4  thought was appropriate, well, he's kind of plucking that,
 5  perhaps, out of thin air.  But even if "cause" is the current
 6  standard, there's Fifth Circuit authority, the Cajun Electric
 7  case. It wasn't in the context of an involuntary; it was in
 8  the context of a motion for a Chapter 11 trustee, and hopeless
 9  conflicts of interest were cited by the Fifth Circuit as being
10  one cause for appointment of a trustee.
11          So if Mr. Cipriani (sic) is right and that's the
12  appropriate legal standard, then I find the legal standard has
13  been met here.  I have heard plenty of evidence the past two
14  days to suggest we have hopeless conflicts of interest and I
15  thus, don't understand.  I'm not going to be Monday morning
16  quarterbacking decisions that were made and were not made, but
17  I cannot imagine why we didn't have an independent officer,
18  director, manager-type person put in place at Acis, again,
19  someone independent of Highland.
20          So if the cause standard under -- what is it, 1104
21  for a Chapter 11 trustee is the standard under 303(f), then
22  it's met here with abundant conflicts of interest.
```

*See* Excerpt from Transcript of Hearing on *Emergency Motion to Abrogate or Modify 11 U.S.C. Section 303(F), Prohibit Transfer of Assets, and Impose, Inter Alia, 11 U.S.C. 363*, filed by Petitioning Creditor Joshua Terry as to Case Nos. 18-30264-sgj7 and 18-30265-7-sgj7, and *Emergency Motion to Set Hearing Filed by Alleged Debtor Acis Capital Management GP, LLC* at 328:16-329:22, attached hereto as **Exhibit "A**."

B.  **Cause Exists To Appoint A Chapter 11 Trustee Under Section 1104(a)(1) Of The Bankruptcy Code**

21.  Pursuant to Section 1104(a)(1), grounds for appointment of a trustee for "cause [exist here], including dishonesty, incompetence or gross mismanagement of the affairs of the debtor[s] by current management, either before or after the commencement of the case, or similar cause."[4]  As this Court has found, the Debtors' management has demonstrated incompetence, dishonesty and/or mismanagement of the Debtors before the Petition Date by, among other things, fraudulently conveying valuable assets to insiders and breaching fiduciary duties to creditors.  Additionally, under *Cajun Elec. Power Coop. v. Cent. La. Elec. Coop. (In re Cajun Elec. Power Coop.)*, 74 F.3d 599, 600 (5th Cir. 1996) conflicts of interests in an organizational structure, as present herein, constitute "cause" under Section 1104(a)(1).  Thus, under Section 1104(a)(1), appointing a trustee is warranted.

C.  **Cause Exists To Appoint A Chapter 11 Trustee Because The Appointment Of A Chapter 11 Trustee Is In The Best Interest of Creditors**

22.  Section 1104(a)(2) of the Bankruptcy Code sets forth a "best interests of creditors" test, which allows bankruptcy courts to use their broad equitable powers to engage in a cost-benefit analysis to determine whether the appointment of a chapter 11 trustee is appropriate.  The factors to be considered under section 1104(a)(2) of the Bankruptcy Code are:

(1)  the trustworthiness of the debtor;

(2)  the debtor-in-possession's past and present performance and prospects for the debtor's rehabilitation;

(3)  the confidence or lack thereof of the business community and of creditors in present management; and

---

[4] 11 U.S.C. § 1104(a)(1) (emphasis added).

___

(4) the benefits derived by the appointment of a trustee, balanced against the cost of appointment.[5]

23. Numerous courts have appointed a trustee relying solely upon the "best interests" test.[6] Indeed, appointment of a trustee may be warranted even where no "cause" exists.[7] Instead of focusing on cause, courts under section 1104(a)(2) of the Bankruptcy Code will act on "the practical realities and necessities" of a case.[8] This Court did not abstain under Section 305 of the Bankruptcy Code, finding, among other reasons, abstention was not in the best interest of creditors and found that the Debtor's abstention argument "highlights who the Alleged Debtors are really out to protect—Highland and Highland-affiliates." Opinion at p. 52.

24. This Court has already found the Debtors are not trustworthy. In the Opinion, the Court questioned the credibility of the Debtors, finding "there was a lot of plausible deniability at Trial as to the 'whos' and 'whys' for the recent maneuverings involving the Alleged Debtors assets and rights in the weeks since the Arbitration Award." Opinion at p. 25-26.

25. An independent trustee is needed to objectively evaluate the Debtors' past and present performance and prospects for the debtor's rehabilitation. As stated by this Court, "[b]ecause of the fact that the Alleged Debtors are already in the process of being liquidated, the bankruptcy court (and not a state court) is the most efficient and economical forum to complete this liquidation and distribute whatever assets remain to creditors in accordance with the distribution scheme set forth in the Bankruptcy Code and with the oversight of a neutral third-party trustee." Opinion at p. 47 (emphasis added).

---

[5] *In re Euro-Am. Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007); *Tradex Corp. v. Morse*, 339 B.R. 823, 829 (D. Mass. 2006).
[6] *See, e.g., In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 676-77 (Bankr. W.D. Tenn. 1989); *In re L.S. Good & Co.*, 8 B.R. 312, 315 (Bankr. N.D. W.Va. 1980).
[7] *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989); *see also In re Bellevue Place Assoc.,* 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994).
[8] *In re Euro-Am. Lodging Corp.*, 365 B.R. at 427; *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

26. The fact that Mr. Terry was forced to resort to filing the Involuntary Petitions demonstrates the confidence or lack thereof of the business community and of creditors in present management. In fact, the Court's findings that Acis had amounts outstanding to creditors for as much as 14 months is evidence that Debtor's current management, Highland, is not adequately managing the Debtors. *See* Opinion at p. 34-40.

27. Finally, this Court found creditors would benefit from the appointment of a trustee. The Court found "a chapter 7 trustee appears necessary to halt the post-Arbitration Award transactions and transfers of value out of Acis LP. A chapter 7 trustee appears necessary to resolve the inherent conflicts of interest between the Alleged Debtors and Highland." Opinion at p. 53

28. Here, the appointment of a trustee would be in the best interests of the Debtors' estates because an independent trustee would help maximize the value of the Debtors' assets for creditors. The interests of creditors would be served by having an independent trustee evaluate whether continued operation of the Debtors makes sense, or whether the Debtors should engage in an orderly liquidation. A Chapter 11 trustee's judgment in this regard would not be clouded by the personal considerations that currently drive the Debtors' management.

29. For all the reasons stated herein, the benefits derived by the appointment of a trustee would outweigh the cost of appointment. Accordingly, appointment of a Chapter 11 trustee or conversion of the case to chapter 7 is appropriate in this case and in the best interest of creditors.

**D.     The Court's Opinion And Order For Relief Is Preclusive For Issues Related To Highland And The Debtors Inherent Conflicts Of Interest**

30. Issue preclusion or collateral estoppel prevents Acis from relitigating the Court's findings that inherent conflicts of interest exist between the Debtors and Highland. Opinion at p.

53.[9] Issue preclusion or collateral estoppel prevents a party from litigating an issue it previously "litigated and lost" in another action. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 (1979). "The three elements of collateral estoppel are: '(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.'" *Hacienda Records, L.P. v. Ramos*, No. 16-41180, 2018 U.S. App. LEXIS 211, *8 (5th Cir. 2018) (citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) adding a fourth element that "no special circumstance that would render preclusion inappropriate or unfair"). "Implicit in the third element of collateral estoppel is the requirement for a final judgment; '[t]he requirement of finality applies just as strongly to collateral estoppel as it does to res judicata.'" *Id.* at *8 (citing *Int'l Union of Operating Eng'rs, Local No. 714 v. Sullivan Transfer, Inc.*, 650 F.2d 669, 676 (5th Cir. 1981)).

31. At the trial on the Involuntary Petitions, Mr. Terry asserted that the transfers, outlined above and the mismanagement of the Debtors were (i) reason for the Court not to abstain under Section 305 of the Bankruptcy Code, as requested by the Debtors and (ii) reason to enter of the Order for Relief, even if the technical requirements of Section 303 of the Bankruptcy Code were not met. The Court found "[t]he one thing that the court was wholly convinced of was that conflicts of interest among Highland and the Alleged Debtors abound, and no one is looking out for the interests of the Alleged Debtors as a fiduciary should." Opinion at p. 26.

32. The conflicts of interest between Highland and the Debtors and the incompetence or gross mismanagement of the affairs of the Debtors by current management was briefed extensively and actually litigated by Acis. In fact, as referenced above, the Court has made

---

[9] *See* Federal Rule of Bankruptcy Procedure ("FRBP") 7052. "Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate." *In re Dallas Proton Treatment Ctr.*, LLC, No. 15-33783-sgj-11, 2016 Bankr. LEXIS 4384, at *2, n. 2 (Bankr. N.D. Tex. 2016).

---

extensive factual findings related to the post-Final Award and post-Judgment transfers included above. In fact, "a chapter 7 trustee appears necessary to halt the post-Arbitration Award transactions and transfers of value out of Acis LP, as discussed above... [and] appears necessary to resolve the inherent conflicts of interest between the Alleged Debtors and Highland" was a reason for the Court not to dismiss or abstain from these Cases. Opinion at p. 53.

33. Multiple briefs and pleadings were filed in anticipation of the trial on the Involuntary Petitions, such that it would not be inappropriate or unfair to estop Acis from relitigating these issues in the context of the appointment of a Chapter 11 Trustee.

34. Finally, "an order for relief pursuant to 11 U.S.C. § 303 is a final appealable order binding upon all parties and privies subject to it." *Cont.'s Ill. Nat'l Bank & Tr. Co. v. Windham*, 668 F. Supp. 578, 582 (E.D. Tex. 1987); *See also Marciano v. Fahs (In re Marciano)*, 459 B.R. 27 (B.A.P. 9th Cir. 2011) ("[a]n 'order for relief' is such a final judgment or order"). As the Order for Relief is a final order, it has a preclusive effect on Acis and Mr. Terry. Therefore, based on the findings of fact and conclusions of law contained in the Order for Relief, cause exists to appoint a Chapter 11 Trustee.

35. Neutra, New ALF, and CLO Hold, Ltd. have appealed the Order for Relief. *See* [Case No. 18-30264, Docket Nos. 145 & 150 Case No. 18-30265, Docket Nos. 135 & 147 ]. The Order for Relief has not been stayed. "[J]udgments retain preclusive effect despite pending appeals." *In re Wyly*, No. 14-35043-BJH , 2015 Bankr. LEXIS 2829, *30 (Bankr. N.D. Tex. Aug. 24, 2015) (citing *Reed v. Allen*, 286 U.S. 191, 201 (1932)). Therefore, the Order for Relief remains preclusive of the Court's findings that inherent conflicts of interest exist between the Debtors and Highland.

### E. The Court Has Authority To Direct Appointment Of A Trustee Sua Sponte

36. As collateral estoppel bars the litigation of the facts that establish "cause" under 1104(a) and the determination that the appointment of a trustee is in the best interest of creditors, this Court may direct the appointment of a Chapter 11 Trustee *sua sponte*. The majority of courts,[10] including courts in the Fifth Circuit, recognize that the bankruptcy court is authorized to "order the Unites States Trustee to…appoint a trustee in a Chapter 11 case," including "for cause" and "if such appointment is in the best interests of creditors, any equity holders, and other interests of the estate." *In re S. Healthcare Sys.*, No. 02-11621, 2003 Bankr. LEXIS 2133, at *13 (Bankr. M.D. La. Jan. 6, 2003) (discussing bankruptcy court's authority to deny motion to dismiss and instead unilaterally order the appointment of a trustee); *In re Network Cancer Care, L.P.*, No. 02-39409-BJH-11, 2004 Bankr. LEXIS 2559, at *21 (Bankr. N.D. Tex. Sept. 17, 2004) (demonstrating court's power to unilaterally and immediately direct the U.S. Trustee to appoint a Chapter 11 trustee for gross mismanagement of the debtor). Here, for the reasons stated herein, there is cause for the Court to direct the United States Trustee to appoint a trustee and doing so would be in the best interest of the creditors due to Debtors' gross mismanagement of the estate.

### PRAYER

Mr. Terry respectfully requests that the Court (i) enter an order granting Mr. Terry's request for the appointment of a trustee; and (ii) granting such other and further relief as is appropriate and just under the circumstances.

**Dated: May 4, 2018.**

---

[10] Courts have found so under Section 105 and Section 1104 of the Code. *See, e.g., United States v. Bond*, 762 F.3d 255 (2d Cir. 2014) (stating a bankruptcy court is permitted to appoint a trustee sua sponte); *In re United States Mineral Prods. Co.*, 105 F. App'x 428 (3rd Cir. 2004) (affirming bankruptcy court's decision to sua sponte direct appointment of trustee); *In re Bibo, Inc.*, 76 F.3d 256, (9th Cir. 1996) (affirming district court's decision on appeal from bankruptcy court where bankruptcy court directed appointment of bankruptcy trustee sua sponte); *In re Keven A. Mckenna, P.C.*, No. 10-472 ML, 2011 U.S. Dist. LEXIS 57985 (D.R.I. May 31, 2011) (same).

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)
e-mail:  rpatel@winstead.com
e-mail:  achiarello@winstead.com


By: */s/ Rakhee V. Patel*
    Rakhee V. Patel – SBT # 00797213
    Annmarie Chiarello – SBT # 24097496

-and-

BRIAN P. SHAW
State Bar No. 24053473
**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone:  (214) 220-3888
Facsimile:   (214) 220-3833
shaw@clousedunn.com

**ATTORNEYS FOR JOSHUA N. TERRY**

---

**EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE**                                **Page 15 of 16**

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 4, 2018 the undersigned counsel for Mr. Terry has conferred with Michael Warner, counsel for the Debtors, Holland O'Neil, counsel for Highland and affiliate entities, Lisa Lambert of the United States Trustee's Office, Arlene Alves, counsel for U.S. Bank National Association, and David Elmquist, counsel for the Chapter 7 Trustee, regarding the relief requested by the Motion. David Elmquist stated that the Chapter 7 Trustee is unopposed to the relief requested in the Motion. The other parties the undersigned conferred with either did not respond or did not take a position related to the relief requested by the Motion.

/s/ *Rakhee V. Patel*
One of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. Pursuant to Federal Rule of Bankruptcy Procedure 9034, the foregoing will be mailed to the parties listed below.

*/s/ Annmarie Chiarello*
One of Counsel

Office of The United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242