Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Shiva D. Beck (TX 24086882)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

and

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P. and | § | Case No. 18-30264-SGJ-7 |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | Case No. 18-30265-SGJ-7 |
| | § | (Jointly Administered Under |
| Debtors. | § | Case No. 18-30264-SGJ-7) |

**COMMENTS BY HIGHLAND CAPITAL MANAGEMENT, L.P. ON (A) CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO CONVERT CASES TO CHAPTER 11; AND (B) CREDITOR JOSHUA TERRY'S MOTION FOR AN ORDER APPOINTING A TRUSTEE FOR THE CHAPTER 11 ESTATES OF THE DEBTORS**

Highland Capital Management, L.P., party-in-interest and creditor ("Highland") to Acis Capital Management, L.P. and Acis Capital Management GP, LLC (collectively the "Debtors"), files these comments (the "Comments") in response to (A) the Chapter 7 Trustee's *Expedited*

*Motion to Convert Cases to Chapter 11* [Docket No. 171] ("Motion to Convert"); and (B) Creditor Joshua Terry's *Emergency Motion for an Order Appointing a Trustee for the Chapter 11 Estates of Acis Capital Management, L.P. and Acis Capital Management GP, LLC Pursuant to Bankruptcy Code Section 1104(a)* [Docket No. 173] ("Ch. 11 Trustee Motion").

## PROCEDURAL SUMMARY

1. On January 30, 2018, Joshua N. Terry ("Terry") filed involuntary petitions (the "Involuntary Petitions") for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code") against the Debtors.

2. On January 31, 2018, the Debtors filed the *Joint Motion of Acis Capital Management, L.P. and Acis Capital Management GP, LLC to Dismiss Involuntary Petitions and Request for Award of Fees, Costs, and Damages* [Docket No. 8].

3. The Court thereafter held a trial on the Motion to Dismiss and on April 13, 2018 the Court entered (i) *Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petitions* [Docket No. 118] and (ii) *Order for Relief in an Involuntary Case* [Docket No. 119].[1]

4. On April 13, 2018, the Court appointed Diane G. Reed (the "Chapter 7 Trustee") as the Chapter 7 Trustee for the Debtors.

5. On April 17, 2018, the Chapter 7 Trustee filed the Trustee's Expedited Motion to

---

[1] Neutra, Ltd., Highland CLO Funding, Ltd., and CLO Holdco, Ltd. have filed *(i) Amended Notice of Appeal of the Order for Relief in an Involuntary case* (18-30264-sgj) [Docket No. 150]; *(ii) Amended Notice of Appeal of the Order Denying Highland CLO Funding, Ltd., CLO Funding, Ltd., and Neutra, Ltd.'s Motion to Intervene In Proceedings Contesting Involuntary Petitions Under Federal Bankruptcy Rule 1018, or in the Alternative, Rule 2018* (18-30264-sgj) [Docket No. 151]; *(iii) Second Amended Notice of Appeal of the Order for Relief in an Involuntary case* (18-30265-sgj) [Docket No. 1147]; and *(iv) Notice of Appeal of the Order Denying Highland CLO Funding, Ltd., CLO Funding, Ltd., and Neutra, Ltd.'s Motion to Intervene In Proceedings Contesting Involuntary Petitions Under Federal Bankruptcy Rule 1018, or in the Alternative, Rule 2018* (18-30265-sgj) [Docket No. 139]. These appeals are pending.

**COMMENTS BY HIGHLAND CAPITAL MANAGEMENT, L.P. ON (A) CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO CONVERT CASES TO CHAPTER 11; AND (B) CREDITOR JOSHUA TERRY'S MOTION FOR AN ORDER APPOINTING A TRUSTEE FOR THE CHAPTER 11 ESTATES OF THE DEBTORS – Page 2**

Operate the Debtors' Businesses in Chapter 7 (the "Operating Motion") [Docket No. 127]. On April 23, 2018, the Court held a hearing and approved the Operating Motion. An order has been subsequently entered on May 7, 2018 [Docket No. 178].

6. On May 03, 2018, Highland filed the *Motion of Highland Capital Management, L.P. for Order Compelling Chapter 7 Trustee to Reject Certain Executory Contracts and Request for Expedited Hearing* ("Motion to Reject"). On May 7, 2018, Highland filed the *Motion for Expedited Hearing* ("Motion to Expedite"), which has been set for hearing on May 9, 2018.

7. On May 04, 2018, the Chapter 7 Trustee filed the Motion to Convert, and shortly after, Terry filed his Ch. 11 Trustee Motion. The Court has set a hearing for May 9, 2018 on both the Motion to Convert and the Ch. 11 Trustee Motion.

## COMMENTS

8. Highland is in a challenging position as the sub-servicer and sub-advisor to the Debtors and now the Chapter 7 Trustee, as elaborated in its Motion to Reject. The fiduciary duties that the Debtors, through the Chapter 7 Trustee, owe to the CLOs is undeniable.

9. While in the Chapter 7 proceeding, Highland worked extensively with the Chapter 7 Trustee to ensure the Debtors were fulfilling their fiduciary duties to the CLOs. Highland agreed to continue to provide services and delay its filing of the Motion to Reject while the Chapter 7 Trustee undertook to gain an understanding of the operations so that the Debtors' businesses could be properly wound down. The Chapter 7 Trustee also assured Highland that it would be compensated for its post-petition services.

10. If the Chapter 7 Trustee is replaced, almost four weeks of time, expense, and effort will be wasted. The parties will have to start over with another trustee and counsel with no

**COMMENTS BY HIGHLAND CAPITAL MANAGEMENT, L.P. ON (A) CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO CONVERT CASES TO CHAPTER 11; AND (B) CREDITOR JOSHUA TERRY'S MOTION FOR AN ORDER APPOINTING A TRUSTEE FOR THE CHAPTER 11 ESTATES OF THE DEBTORS – Page 3**

4838-1646-7301.3

knowledge of the Debtors' business or the processes the Chapter 7 Trustee has undertaken. The Chapter 7 Trustee is aware of her fiduciary duties, understands the relationships of the parties involved in these cases, and has proven capable of fulfilling her obligations as a trustee. An appointment of another trustee will only result in undue burden and delay – all of which are very costly to the CLOs and otherwise unnecessary.

11. Whether or not converted to Chapter 11, the operations of the Debtors will not be necessary after approximately June 14, 2018. As the Chapter 7 Trustee is aware, the requisite equity and subordinated noteholders of the CLOs have issued Optional Redemption Notices, copies of which are attached hereto as **Exhibit A**. These Optional Redemption Notices mandate that the CLOs be liquidated by June 14, 2018, in accordance with the terms of the Indentures as set forth therein. There is a potential that any change in the trustees could create market risks in effectuating the liquidation of the CLOs. Further, the business operations of the Debtors will necessarily conclude upon the liquidation of the CLOs. With no operations, this will leave the Debtors' estates with cash and claims to administer, which the Chapter 7 Trustee is well-positioned to handle.

12. Considering the time and effort that the Chapter 7 Trustee has already invested in these cases and the tools available to the Chapter 7 Trustee to administer cash and pursue claims, it is difficult to conclude that the additional administrative costs of a Chapter 11 are warranted or that replacing the Chapter 7 Trustee is in the best interests of these estates.[2]

---

[2] For purposes of these Comments, Highland will not respond to the various allegations in Terry's Ch. 11 Trustee Motion, but reserves all rights to contest such allegations.

**COMMENTS BY HIGHLAND CAPITAL MANAGEMENT, L.P. ON (A) CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO CONVERT CASES TO CHAPTER 11; AND (B) CREDITOR JOSHUA TERRY'S MOTION FOR AN ORDER APPOINTING A TRUSTEE FOR THE CHAPTER 11 ESTATES OF THE DEBTORS – Page 4**

4838-1646-7301.3

Dated:  May 8, 2018                    Respectfully submitted,

*/s/ Holland N. O'Neil*
Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Shiva D. Beck (TX 24086882)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas  75201
Telephone:  (214) 999.3000
Facsimile:  (214) 999.4667
honeil@foley.com
jbinford@foley.com
sbeck@foley.com
mbales@foley.com

and

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com
bbarnes@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P.**

## CERTIFICATE OF SERVICE

This is to certify that on May 08, 2018, a true and correct copy of the foregoing was served electronically via the Court's ECF system on those parties registered to receive such service.

*/s/ Melina Bales*
Melina Bales

# **<u>Exhibit A</u>**

*Optional Redemptions Notices*

# Acis CLO 2013-1 Ltd.

# Optional Redemption Notice

April 30, 2018

Acis CLO 2013-1 Ltd.
c/o Appleby Trust (Cayman) Ltd.
PO Box 1350
Grand Cayman KY1-1108, Cayman Islands
Attention: The Directors

U.S. Bank National Association
190 South LaSalle St., 10th Floor
Chicago, IL 60603
Attn: Corporate Trust Services – Acis CLO 2013-1
Facsimile: 312-332-8010

Acis Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201

**Re: Acis CLO 2013-1 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of March 18, 2013 (as amended, modified or supplemented from time to time, the "**Indenture**"), among Acis CLO 2013-1 Ltd. (the "**Issuer**"), Acis CLO 2013-1 LLC and U.S. Bank National Association (the "**Trustee**"). Capitalized terms used but not defined herein shall have the meanings set forth in the Indenture.

In accordance with Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby direct the Issuer, the Trustee and the Portfolio Manager to effect an Optional Redemption of all Secured Notes and the Subordinated Notes in full on June 14, 2018.

Sincerely,

HIGHLAND CLO FUNDING, LTD. (f/k/a Acis Loan Funding, Ltd.)

By: _____
Name: William Scott
Title: Director

By: _____
Name: Heather Bestwick
Title: Director

NEXPOINT STRATEGIC
OPPORTUNITIES FUND (f/k/a NexPoint
Credit Strategies Fund)

By: _____
Name: Frank Waterhouse
Title: Treasurer, Principal Accounting
Officer and Principal Financial Officer

DREXEL LIMITED

By: *[signature]*
Name: S. DUNN    G. P. DEAN
Title:
For and on behalf of Enmyn Limited
Corporate Director

# Acis CLO 2014-3 Ltd.

# Optional Redemption Notice

April 30, 2018

Acis CLO 2014-3 Ltd.
c/o MaplesFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Re: ACIS CLO 2014-3 LTD.
Facsimile: 312-332-8010

Acis Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201

**Re: Acis CLO 2014-3 Ltd.**

Dear Sir or Madam:

    Reference is hereby made to that certain Indenture, dated as of February 25, 2014 (as amended, modified or supplemented from time to time, the "**Indenture**"), among Acis CLO 2014-3 Ltd. (the "**Issuer**"), Acis CLO 2014-3 LLC and U.S. Bank National Association (the "**Trustee**"). Capitalized terms used but not defined herein shall have the meanings set forth in the Indenture.

    In accordance with Sections 9.2 and 14.3 of the Indenture, the undersigned Holder of at least a Majority of the Aggregate Outstanding Amount of the Subordinated Notes hereby directs the Issuer, the Trustee and the Portfolio Manager to effect an Optional Redemption of all Secured Notes and the Subordinated Notes in full on June 14, 2018.

Sincerely,

HIGHLAND CLO FUNDING, LTD. (f/k/a Acis Loan Funding, Ltd.)

By: _____
Name: William Scott
Title: Director

By: _____
Name: Heather Bestwick
Title: Director

# Acis CLO 2014-4 Ltd.

# Optional Redemption Notice

April 30, 2018

Acis CLO 2014-4 Ltd.
c/o MaplesFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Re: ACIS CLO 2014-4 LTD.
Facsimile: 312-332-8010

Acis Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201

**Re: Acis CLO 2014-4 Ltd.**

Dear Sir or Madam:

    Reference is hereby made to that certain Indenture, dated as of June 5, 2014 (as amended, modified or supplemented from time to time, the "**Indenture**"), among Acis CLO 2014-4 Ltd. (the "**Issuer**"), Acis CLO 2014-4 LLC and U.S. Bank National Association (the "**Trustee**"). Capitalized terms used but not defined herein shall have the meanings set forth in the Indenture.

    In accordance with Sections 9.2 and 14.3 of the Indenture, the undersigned Holder of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby directs the Issuer, the Trustee and the Portfolio Manager to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on June 14, 2018.

Sincerely,

HIGHLAND CLO FUNDING, LTD. (f/k/a Acis Loan Funding, Ltd.)

By: _____
Name: William Scott
Title: Director

By: _____
Name: Heather Bestwick
Title: Director

# Acis CLO 2014-5 Ltd.

# Optional Redemption Notice

April 30, 2018

Acis CLO 2014-5 Ltd.
c/o MaplesFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Re: ACIS CLO 2014-5 LTD.
Facsimile: 312-332-8010

Acis Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201

**Re: Acis CLO 2014-5 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of November 18, 2014 (as amended, modified or supplemented from time to time, the "**Indenture**"), among Acis CLO 2014-5 Ltd. (the "**Issuer**"), Acis CLO 2014-5 LLC and U.S. Bank National Association (the "**Trustee**"). Capitalized terms used but not defined herein shall have the meanings set forth in the Indenture.

In accordance with Sections 9.2 and 14.3 of the Indenture, the undersigned Holder of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby directs the Issuer, the Trustee and the Portfolio Manager to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on June 14, 2018.

Sincerely,

HIGHLAND CLO FUNDING, LTD. (f/k/a Acis Loan Funding, Ltd.)

By: _____
Name: William Scott
Title: Director

By: _____
Name: Heather Bestwick
Title: Director

# Acis CLO 2015-6 Ltd.

# Optional Redemption Notice

April 30, 2018

Acis CLO 2015-6 Ltd.
c/o MaplesFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Re: ACIS CLO 2015-6 LTD.
Facsimile: 312-332-8010

Acis Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201

**Re: Acis CLO 2015-6 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of April 16, 2015 (as amended, modified or supplemented from time to time, the "**Indenture**"), among Acis CLO 2015-6 Ltd. (the "**Issuer**"), Acis CLO 2015-6 LLC and U.S. Bank National Association (the "**Trustee**"). Capitalized terms used but not defined herein shall have the meanings set forth in the Indenture.

In accordance with Sections 9.2 and 14.3 of the Indenture, the undersigned Holder of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby directs the Issuer, the Trustee and the Portfolio Manager to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on June 14, 2018.

Sincerely,

HIGHLAND CLO FUNDING, LTD. (f/k/a Acis Loan Funding, Ltd.)

By: _____
Name: William Scott
Title: Director

By: _____
Name: Heather Bestwick
Title: Director