# **<u>Exhibit 9</u>**

May 22, 2018

Highland CLO Funding, Ltd (f/k/a Acis Loan Funding, Ltd.)
c/o Maples Corporate Services Limited
PO Box 309, Ugland House
Grand Cayman, KY1-1104, Cayman Islands
*Facsimile: +44 (0) 1481 715602*

Acis CLO 2013-1 LTD.
c/o Appleby Trust (Cayman) Ltd.
Clifton House, 75 Fort Street
PO Box 1350
Grand Cayman KYI-1108, Cayman Islands
Attention: The Directors
*Facsimile: (345) 949-4901*

U.S. Bank National Association
190 N. LaSalle Street, 8th Floor
Chicago, IL 60603
Re: Acis CLO 2013-1 LTD
*Facsimile: 312-332-8010*

U.S. Bank National Association
190 South LaSalle St., 10th Floor
Chicago, IL 60603
Attn: Corporate Trust Services—Acis CLO 2013-1
*Facsimile: 312-332-8010*

Re. Acis CLO 2013-1, LTD.

      As you may be aware, on January 30, 2018, an involuntary petition was filed against Acis Capital Management LP ("Acis LP") seeking relief under Title 11 of the United States Code (the "Bankruptcy Code"). This case is currently pending as *In re Acis Capital Management LP*, Case No. 18-30264 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 13, 2018, an order for relief was granted against Acis LP. On May 14, 2018, I was appointed as the chapter 11 trustee for the bankruptcy estate of Acis LP. In my positon as trustee, I am now in control of the assets of the Acis LP bankruptcy estate, including the Portfolio Management Agreement (the "PMA") between Acis CLO 2013-1 LTD. ("Acis CLO") and Acis LP, dated March 18, 2013.

      I write in response to correspondence dated April 30, 2018 from Highland CLO Funding, Ltd ("Highland CLO") purportedly directing certain parties, including Acis LP, to effect an Optional Redemption[1] of all Secured Notes and Subordinated Notes in full pursuant to Section 9.2 and 14.3 of the Indenture (the "Redemption Notice"). You are hereby notified that the Redemption Notice is defective and ineffective for at least the following reasons:

---

[1] All capitalized terms used, but not defined, herein shall have the definition provided in that certain that certain Indenture, dated as of March 18, 2013, issued by Acis CLO 2013-1 Ltd., as issuer, Acis CLO 2013-1 LLC, as co-Issuer and U.S. Bank, National Association (as amended, modified or supplemented, the "Indenture").

1. It does not appear that the Redemption Notice was sent by properly authorized parties. Redemption of the Notes is a significant and extraordinary event. Further, the redemption is potentially adverse to the financial interests of Holders of certain tranches of the Notes.

2. The Redemption Notice itself fails to comply with the Indenture. For example, section 9.4(a) of the Indenture states that a redemption notice from the Holders of the Subordinated Notes shall be provided. Further, section 9.4(b) mandates that all notices of redemption delivered under 9.4(a) state certain terms, which do not appear in the Redemption Notice. Thus, the Redemption Notice is defective on its face. An Optional Redemption is an extraordinary event that will materially affect all Holders, and any action initiating such an extraordinary event must be in strict and unquestionable compliance with the Indenture.

3. Upon the filing of the involuntary petition against Acis LP on January 30, 2018, 11 U.S.C. § 362 of the Bankruptcy Code imposed an automatic stay prohibiting certain actions. The Redemption Notice appears to violate 11 U.S.C. § 362(a)(3). I reserve all rights related to this stay violation, including the right to seek appropriate relief before the Bankruptcy Court.

Pursuant to and as further outlined in Section 8 of the PMA, Acis LP hereby notifies Issuer that completion of the Optional Redemption as requested by the Redemption Notice would, or could reasonably be expected to: (i) violate applicable law; and/or (ii) knowingly and willfully adversely affect the interests of the Holders in the Assets in any material respect that is not expressly permitted under the PMA or the Indenture. Therefore, Acis LP will not take such action as directed under the Redemption Notice unless and until compliance with Section 8 of the PMA is fully completed. My counsel and I stand ready and willing to discuss the indemnification arrangements and legal opinions required by Section 8 of the PMA.

Sincerely,

*/s/ Robin Phelan*

Robin Phelan
Chapter 11 Trustee for the Bankruptcy Estate of Acis Capital Management LP

cc: Acis Capital Management, L.P.
300 Crescent Court
Suite 700
Dallas, TX  75201
*Facsimile: 972-628-4155*

Holland N. O'Neal
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201
*Facsimile: 214-999-4667*

Arlene R. Alves
Seward & Kissel LLP
One Battery Park Plaza
New York, NY  10004
*Facsimile:  212-480-8421*

May 22, 2018

Highland CLO Funding, Ltd (f/k/a Acis Loan Funding, Ltd.)
c/o Maples Corporate Services Limited
PO Box 309, Ugland House
Grand Cayman, KY1-1104, Cayman Islands
*Facsimile: +44 (0) 1481 715602*

Acis CLO 2014-3, Ltd.
c/o MapleFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors
*Facsimile: +1 (345) 945-7100*

U.S. Bank National Association
190 N. LaSalle Street, 8th Floor
Chicago, IL 60603
Re: Acis CLO 2014-3, Ltd.
*Facsimile: 312-332-8010*

Re. Acis CLO 2014-3, Ltd.

     As you may be aware, on January 30, 2018, an involuntary petition was filed against Acis Capital Management LP ("Acis LP") seeking relief under Title 11 of the United States Code (the "Bankruptcy Code"). This case is currently pending as *In re Acis Capital Management LP*, Case No. 18-30264 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 13, 2018, an order for relief was granted against Acis LP. On May 14, 2018, I was appointed as the chapter 11 trustee for the bankruptcy estate of Acis LP. In my positon as trustee, I am now in control of the assets of the Acis LP bankruptcy estate, including the Portfolio Management Agreement (the "PMA") between Acis CLO 2014-3, Ltd. ("Acis CLO") and Acis LP, dated February 25, 2014.

     I write in response to correspondence dated April 30, 2018 from Highland CLO Funding, Ltd ("Highland CLO") purportedly directing certain parties, including Acis LP, to effect an Optional Redemption[2] of all Secured Notes and Subordinated Notes in full pursuant to Section 9.2 and 14.3 of the Indenture (the "Redemption Notice"). You are hereby notified that the Redemption Notice is defective and ineffective for at least the following reasons:

     1. It does not appear that the Redemption Notice was sent by properly authorized parties. Redemption of the Notes is a significant and extraordinary event. Further, the redemption is potentially adverse to the financial interests of Holders of certain tranches of the Notes.

     2. The Redemption Notice itself fails to comply with the Indenture. For example, section 9.4(a) of the Indenture states that a redemption notice from the Holders of the Subordinated Notes shall be provided. Further, section 9.4(b) mandates that all notices of redemption delivered under 9.4(a) state

---

[2] All capitalized terms used, but not defined, herein shall have the definition provided in that certain that certain Indenture, dated as of February 25, 2014, issued by Acis CLO 2014-3, Ltd., as issuer, Acis CLO 2014-3 LLC, as co-Issuer and U.S. Bank, National Association, as Trustee (as amended, modified or supplemented, the "Indenture").

certain terms, which do not appear in the Redemption Notice. Thus, the Redemption Notice is defective on its face. An Optional Redemption is an extraordinary event that will materially affect all Holders, and any action initiating such an extraordinary event must be in strict and unquestionable compliance with the Indenture.

3. Upon the filing of the involuntary petition against Acis LP on January 30, 2018, 11 U.S.C. § 362 of the Bankruptcy Code imposed an automatic stay prohibiting certain actions. The Redemption Notice appears to violate 11 U.S.C. § 362(a)(3). I reserve all rights related to this stay violation, including the right to seek appropriate relief before the Bankruptcy Court.

Pursuant to and as further outlined in Section 8 of the PMA, Acis LP hereby notifies Issuer that completion of the Optional Redemption as requested by the Redemption Notice would, or could reasonably be expected to: (i) violate applicable law; and/or (ii) knowingly and willfully adversely affect the interests of the Holders in the Assets in any material respect that is not expressly permitted under the PMA or the Indenture. Therefore, Acis LP will not take such action as directed under the Redemption Notice unless and until compliance with Section 8 of the PMA is fully completed. My counsel and I stand ready and willing to discuss the indemnification arrangements and legal opinions required by Section 8 of the PMA.

Sincerely,

*/s/ Robin Phelan*

Robin Phelan
Chapter 11 Trustee for the Bankruptcy Estate of Acis Capital Management LP

cc: Acis Capital Management, L.P.
300 Crescent Court
Suite 700
Dallas, TX 75201
*Facsimile: 972-628-4155*

Holland N. O'Neal
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
*Facsimile: 214-999-4667*

Arlene R. Alves
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
*Facsimile: 212-480-8421*

May 22, 2018

Highland CLO Funding, Ltd (f/k/a Acis Loan Funding, Ltd.)
c/o Maples Corporate Services Limited
PO Box 309, Ugland House
Grand Cayman, KY1-1104, Cayman Islands
*Facsimile: +44 (0) 1481 715602*

ACIS CLO 2014-4 Ltd.
c/o MapleFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors
*Facsimile: +1 (345) 945-7100*

U.S. Bank National Association
190 N. LaSalle Street, 8th Floor
Chicago, IL 60603
Re: Acis CLO 2014-4 Ltd.
*Facsimile: 312-332-8010*

Re. Acis CLO 2014-4, Ltd

     As you may be aware, on January 30, 2018, an involuntary petition was filed against Acis Capital Management LP ("Acis LP") seeking relief under Title 11 of the United States Code (the "Bankruptcy Code"). This case is currently pending as *In re Acis Capital Management LP*, Case No. 18-30264 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 13, 2018, an order for relief was granted against Acis LP. On May 14, 2018, I was appointed as the chapter 11 trustee for the bankruptcy estate of Acis LP. In my positon as trustee, I am now in control of the assets of the Acis LP bankruptcy estate, including the Portfolio Management Agreement (the "PMA") between Acis CLO 2014-4, Ltd. ("Acis CLO") and Acis LP, dated June 5, 2014.

     I write in response to correspondence dated April 30, 2018 from Highland CLO Funding, Ltd ("Highland CLO") purportedly directing certain parties, including Acis LP, to effect an Optional Redemption[3] of all Secured Notes and Subordinated Notes in full pursuant to Section 9.2 and 14.3 of the Indenture (the "Redemption Notice"). You are hereby notified that the Redemption Notice is defective and ineffective for at least the following reasons:

     1. It does not appear that the Redemption Notice was sent by properly authorized parties. Redemption of the Notes is a significant and extraordinary event. Further, the redemption is potentially adverse to the financial interests of Holders of certain tranches of the Notes.

     2. The Redemption Notice itself fails to comply with the Indenture. For example, section 9.4(a) of the Indenture states that a redemption notice from the Holders of the Subordinated Notes shall be provided. Further, section 9.4(b) mandates that all notices of redemption delivered under 9.4(a) state

---

[3] All capitalized terms used, but not defined, herein shall have the definition provided in that certain Indenture, dated as of June 5, 2014, issued by Acis CLO 2014-4, Ltd., as issuer, Acis CLO 2014-4 LLC, as co-Issuer and U.S. Bank, National Association, as Trustee (as amended, modified or supplemented, the "Indenture").

certain terms, which do not appear in the Redemption Notice. Thus, the Redemption Notice is defective on its face. An Optional Redemption is an extraordinary event that will materially affect all Holders, and any action initiating such an extraordinary event must be in strict and unquestionable compliance with the Indenture.

3. Upon the filing of the involuntary petition against Acis LP on January 30, 2018, 11 U.S.C. § 362 of the Bankruptcy Code imposed an automatic stay prohibiting certain actions. The Redemption Notice appears to violate 11 U.S.C. § 362(a)(3). I reserve all rights related to this stay violation, including the right to seek appropriate relief before the Bankruptcy Court.

Pursuant to and as further outlined in Section 8 of the PMA, Acis LP hereby notifies Issuer that completion of the Optional Redemption as requested by the Redemption Notice would, or could reasonably be expected to: (i) violate applicable law; and/or (ii) knowingly and willfully adversely affect the interests of the Holders in the Assets in any material respect that is not expressly permitted under the PMA or the Indenture. Therefore, Acis LP will not take such action as directed under the Redemption Notice unless and until compliance with Section 8 of the PMA is fully completed. My counsel and I stand ready and willing to discuss the indemnification arrangements and legal opinions required by Section 8 of the PMA.

Sincerely,

*/s/ Robin Phelan*

Robin Phelan
Chapter 11 Trustee for the Bankruptcy Estate of Acis Capital Management LP

cc: Acis Capital Management, L.P.
300 Crescent Court
Suite 700
Dallas, TX  75201
*Facsimile:  972-628-4155*

Holland N. O'Neal
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201
*Facsimile:  214-999-4667*

Arlene R. Alves
Seward & Kissel LLP
One Battery Park Plaza
New York, NY  10004
*Facsimile:  212-480-8421*

May 22, 2018

Highland CLO Funding, Ltd (f/k/a Acis Loan Funding, Ltd.)
c/o Maples Corporate Services Limited
PO Box 309, Ugland House
Grand Cayman, KY1-1104, Cayman Islands
*Facsimile: +44 (0) 1481 715602*

ACIS CLO 2014-5 Ltd.
c/o MapleFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors
*Facsimile: +1 (345) 945-7100*

U.S. Bank National Association
190 N. LaSalle Street, 8th Floor
Chicago, IL 60603
Re: Acis CLO 2014-5 Ltd.
*Facsimile: 312-332-8010*

Re. Acis CLO 2014-5, Ltd

    As you may be aware, on January 30, 2018, an involuntary petition was filed against Acis Capital Management LP ("Acis LP") seeking relief under Title 11 of the United States Code (the "Bankruptcy Code"). This case is currently pending as *In re Acis Capital Management LP*, Case No. 18-30264 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 13, 2018, an order for relief was granted against Acis LP. On May 14, 2018, I was appointed as the chapter 11 trustee for the bankruptcy estate of Acis LP. In my positon as trustee, I am now in control of the assets of the Acis LP bankruptcy estate, including the Portfolio Management Agreement (the "PMA") between Acis CLO 2014-5, Ltd. ("Acis CLO") and Acis LP, dated November 18, 2014.

    I write in response to correspondence dated April 30, 2018 from Highland CLO Funding, Ltd ("Highland CLO") purportedly directing certain parties, including Acis LP, to effect an Optional Redemption[4] of all Secured Notes and Subordinated Notes in full pursuant to Section 9.2 and 14.3 of the Indenture (the "Redemption Notice"). You are hereby notified that the Redemption Notice is defective and ineffective for at least the following reasons:

    1. It does not appear that the Redemption Notice was sent by properly authorized parties. Redemption of the Notes is a significant and extraordinary event. Further, the redemption is potentially adverse to the financial interests of Holders of certain tranches of the Notes.

    2. The Redemption Notice itself fails to comply with the Indenture. For example, section 9.4(a) of the Indenture states that a redemption notice from the Holders of the Subordinated Notes shall be

---

[4] All capitalized terms used, but not defined, herein shall have the definition provided that certain Indenture, dated as of November 18, 2014, issued by Acis CLO 2014-5, Ltd., as issuer, Acis CLO 2014-5 LLC, as co-Issuer and U.S. Bank, National Association as Trustee (as amended, modified or supplemented, the "Indenture").

provided. Further, section 9.4(b) mandates that all notices of redemption delivered under 9.4(a) state certain terms, which do not appear in the Redemption Notice. Thus, the Redemption Notice is defective on its face. An Optional Redemption is an extraordinary event that will materially affect all Holders, and any action initiating such an extraordinary event must be in strict and unquestionable compliance with the Indenture.

3. Upon the filing of the involuntary petition against Acis LP on January 30, 2018, 11 U.S.C. § 362 of the Bankruptcy Code imposed an automatic stay prohibiting certain actions. The Redemption Notice appears to violate 11 U.S.C. § 362(a)(3). I reserve all rights related to this stay violation, including the right to seek appropriate relief before the Bankruptcy Court.

Pursuant to and as further outlined in Section 8 of the PMA, Acis LP hereby notifies Issuer that completion of the Optional Redemption as requested by the Redemption Notice would, or could reasonably be expected to: (i) violate applicable law; and/or (ii) knowingly and willfully adversely affect the interests of the Holders in the Assets in any material respect that is not expressly permitted under the PMA or the Indenture. Therefore, Acis LP will not take such action as directed under the Redemption Notice unless and until compliance with Section 8 of the PMA is fully completed. My counsel and I stand ready and willing to discuss the indemnification arrangements and legal opinions required by Section 8 of the PMA.

Sincerely,

*/s/ Robin Phelan*

Robin Phelan
Chapter 11 Trustee for the Bankruptcy Estate of Acis Capital Management LP

cc:   Acis Capital Management, L.P.
      300 Crescent Court
      Suite 700
      Dallas, TX  75201
      *Facsimile:  972-628-4155*

      Holland N. O'Neal
      Foley & Lardner LLP
      2021 McKinney Avenue, Suite 1600
      Dallas, TX  75201
      *Facsimile:  214-999-4667*

      Arlene R. Alves
      Seward & Kissel LLP
      One Battery Park Plaza
      New York, NY  10004
      *Facsimile:  212-480-8421*

May 22, 2018

Highland CLO Funding, Ltd (f/k/a Acis Loan Funding, Ltd.)
c/o Maples Corporate Services Limited
PO Box 309, Ugland House
Grand Cayman, KY1-1104, Cayman Islands
*Facsimile: +44 (0) 1481 715602*

Acis CLO 2015-6, Ltd.
c/o MapleFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman KY1-1102, Cayman Islands
Attention: The Directors
*Facsimile: +1 (345) 945-7100*

U.S. Bank National Association
190 N. LaSalle Street, 8th Floor
Chicago, IL 60603
Re: Acis CLO 2015-6 Ltd.
*Facsimile: 312-332-8010*


Re. Acis CLO 2015-6, Ltd

    As you may be aware, on January 30, 2018, an involuntary petition was filed against Acis Capital Management LP ("Acis LP") seeking relief under Title 11 of the United States Code (the "Bankruptcy Code"). This case is currently pending as *In re Acis Capital Management LP* , Case No. 18-30264 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 13, 2018, an order for relief was granted against Acis LP. On May 14, 2018, I was appointed as the chapter 11 trustee for the bankruptcy estate of Acis LP. In my positon as trustee, I am now in control of the assets of the Acis LP bankruptcy estate, including the Portfolio Management Agreement (the "PMA") between Acis CLO 2015-6, Ltd. ("Acis CLO") and Acis LP, dated April 16, 2015.

    I write in response to correspondence dated April 30, 2018 from Highland CLO Funding, Ltd ("Highland CLO") purportedly directing certain parties, including Acis LP, to effect an Optional Redemption[5] of all Secured Notes and Subordinated Notes in full pursuant to Section 9.2 and 14.3 of the Indenture (the "Redemption Notice"). You are hereby notified that the Redemption Notice is defective and ineffective for at least the following reasons:

    1. It does not appear that the Redemption Notice was sent by properly authorized parties. Redemption of the Notes is a significant and extraordinary event. Further, the redemption is potentially adverse to the financial interests of Holders of certain tranches of the Notes.

---

[5] All capitalized terms used, but not defined, herein shall have the definition provided in that certain Indenture, dated as of April 16, 2015, issued by Acis CLO 2015-6, Ltd, as issuer, Acis CLO 2015-6 LLC, as co-Issuer and U.S. Bank, National Association, as Trustee (as amended, modified or supplemented, the "Indenture").

2. The Redemption Notice itself fails to comply with the Indenture. For example, section 9.4(a) of the Indenture states that a redemption notice from the Holders of the Subordinated Notes shall be provided. Further, section 9.4(b) mandates that all notices of redemption delivered under 9.4(a) state certain terms, which do not appear in the Redemption Notice. Thus, the Redemption Notice is defective on its face. An Optional Redemption is an extraordinary event that will materially affect all Holders, and any action initiating such an extraordinary event must be in strict and unquestionable compliance with the Indenture.

3. Upon the filing of the involuntary petition against Acis LP on January 30, 2018, 11 U.S.C. § 362 of the Bankruptcy Code imposed an automatic stay prohibiting certain actions. The Redemption Notice appears to violate 11 U.S.C. § 362(a)(3). I reserve all rights related to this stay violation, including the right to seek appropriate relief before the Bankruptcy Court.

Pursuant to and as further outlined in Section 8 of the PMA, Acis LP hereby notifies Issuer that completion of the Optional Redemption as requested by the Redemption Notice would, or could reasonably be expected to: (i) violate applicable law; and/or (ii) knowingly and willfully adversely affect the interests of the Holders in the Assets in any material respect that is not expressly permitted under the PMA or the Indenture. Therefore, Acis LP will not take such action as directed under the Redemption Notice unless and until compliance with Section 8 of the PMA is fully completed. My counsel and I stand ready and willing to discuss the indemnification arrangements and legal opinions required by Section 8 of the PMA.

Sincerely,

*/s/ Robin Phelan*

Robin Phelan
Chapter 11 Trustee for the Bankruptcy Estate of Acis
Capital Management LP

cc: Acis Capital Management, L.P.
300 Crescent Court
Suite 700
Dallas, TX 75201
*Facsimile: 972-628-4155*

Holland N. O'Neal
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
*Facsimile: 214-999-4667*

Arlene R. Alves
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
*Facsimile: 212-480-8421*