Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthew G. Maben – State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN,
CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 CASES |
| ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC, | § § § | CASE NO. 18-30264-sgj11 (Jointly Administered) |
| Debtors. | § § | |

## FIRST MODIFICATION TO THE JOINT PLAN FOR ACIS CAPITAL MANAGEMENT, LP AND ACIS CAPITAL MANAGEMENT GP, LLC

Robin Phelan ("Trustee"), the Chapter 11 Trustee for Acis Capital Management, LP and Acis Capital Management GP, LLC (the "Debtors"), files this First Modification (the "First Modification") to the *Joint Chapter 11 Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC* (the "Plan") [Docket No. 383]

1.    Reference is here made to the Plan for all purposes. This First Modification modifies the Plan.

2.    **Modification to Section 1.80.** Section 1.80 of the Plan is hereby modified to read

as follows:

"Insider Claims" means any claims asserted by Insiders of the Debtors, including but not limited to any claims asserted by Highland or any Affiliate thereof, but excluding the HCLOF Claim unless otherwise indicated in the Plan.

3. **Modification to Section 1.99**. Section 1.99 of the Plan is hereby modified to read

as follows:

"Transaction Amount" refers to the amounts provided by Oaktree for the Transferred Assets pursuant to the ATA under Plan A, which shall include: (a) Cash equal to the mid-point between the bid and the ask price for the assets of the CLOs on the Confirmation Date plus twenty-five basis points (mid-NAV + 25 bps) to be paid to the holders of HCLOF Claim, and (b) the sum of not less than Eight Million Six Hundred Thousand Dollars ($8,600,000.00) in exchange for an assignment of all of Acis LP's rights, title and interest in the PMAs, plus an amount of up to One Million Dollars ($1,000,000.00) attributable to any Allowed Highland Claim.

4. **Modification to Section 2.09**. Section 2.09 of the Plan is hereby modified to read

as follows:

Class 2 – HCLOF Claim. On the Effective Date, the holder of the Allowed HCLOF Claim shall receive a Cash payment equal to the mid-point of the bid and the ask for the assets of the Transaction CLOs on the Confirmation Date, plus 25 basis points (mid-NAV +25 bps). Class 2 is Impaired. The Holder of the Class 2 Claim is entitled to vote on the Plan.

5. **Modification to Subsection 2.12(b)**. Subsection 2.12(b) of the Plan is hereby

modified to read as follows:

Class 5 Claims shall be divided into two (2) subclasses. Subclass 5A shall consist of all Allowed Class 5 claims which are not subject to equitable subordination. Subclass 5B shall consist of all Class 5 claims which are determined by the Bankruptcy Court to be subject to equitable subordination. If only a part of a Class 5 Claim is subject to equitable subordination, then the portion of such claim subject to equitable subordination shall be included in Subclass 5B and the remainder not subject to equitable subordination shall be included in Subclass 5A. Subclass 5A and Subclass 5B will vote separately on Plan A, although Subclass 5B is currently an empty class.

6. **Modification to Section 2.13**. Section 2.13 of the Plan is hereby modified to read

as follows:

Class 6 – Interests. The holders of Class 6 Interests shall retain their Interests in the Debtors under the Plan. After all Allowed Claims in Classes 1 through 4 and all Allowed Claims in Subclasses 5A and 5B have been paid in full, the Acis Trust shall transfer the remaining assets of the Acis Trust, if any, to the reorganized Acis LP. Class 6 is Impaired. Holders of Class 6 Interests are entitled to vote on Plan A of the Plan.

7. **Modification to Section 2.14**. Section 2.14 of the Plan is hereby modified to read

as follows:

Classes Entitled to Vote. Creditors in Classes 2 through 5 and holders of Interests in Class 6 are entitled to vote and shall vote separately to accept or reject the Plan. Any unimpaired Class shall not be entitled to vote to accept or reject the Plan. Any unimpaired Class is deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

8. **Modification to Section 2.15**. Section 2.15 of the Plan is hereby modified to read

as follows:

Class Acceptance Requirement. A Class of Claims shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted on the Plan. A Class of Interests shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount of the Interests in such Class that have voted on the Plan.

9. **Modification to Section 2.22**. Section 2.22 of the Plan is hereby modified to read

as follows:

Actions by the Debtors and the Acis Trustee to Implement Plan. The entry of the Confirmation Order shall constitute all necessary authorization for the Debtors and the Acis Trustee to take or cause to be taken all actions necessary or appropriate to consummate, implement or perform all provisions of this Plan on and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation, including without limitation, (a) all transfers of Assets, including to the Acis Trustee and the Transferee, as appropriate, that are to occur pursuant to the Plan; (b) the performance of the terms of the Plan and the making of all Distributions required under the Plan; and (c) subject to the terms of the Plan, entering into any and all transactions, contracts, or arrangements permitted by applicable law, order, rule or regulation.

10. **Deletion of Sections 2.28 and 2.29**. Sections 2.28 and 2.29 of the Plan are hereby deleted from the Plan in their entirety.

11. **Renumbering of Sections 2.30 through 2.50**. Sections 2.30 through 2.50 of the Plan are hereby renumbered as sections 2.28 through 2.48.

12. **Modification to Section 2.34**. Section 2.34 of the Plan (now renumbered as section 2.32 of the Plan) is hereby modified to read as follows:

> Distributions from the Acis Trust. The Acis Trustee shall be responsible for making all Distributions from the Acis Trust to holders of Allowed Claims pursuant to this Plan. The priority of Distributions from the Acis Trust shall be in accordance with the terms of this Plan and the Confirmation Order as follows:
>
> (a)     First, to satisfy Allowed Class 1 Secured Tax Claims;
>
> (b)     Second, to satisfy Allowed Administrative Expenses and Allowed Priority Claims in accordance with Article II.B above, including all U.S. Trustee quarterly fees due and owing as of the Effective Date;
>
> (c)     Third, to satisfy any Allowed Class 3 Terry Secured Claim;
>
> (d)     Fourth, to pay Trust Expenses, including any Reserves;
>
> (e)     Fifth, to make Distributions to holders of any Allowed Class 4 General Unsecured Claims and Allowed Subclass 5A Claims;
>
> (f)     Sixth, to make Distributions to holders of any Allowed Subclass 5B Claims; and
>
> (g)     Seventh, to transfer any remaining assets of the Acis Trust to the reorganized Acis LP.

13. **Modification to Section 2.35**. Section 2.35 of the Plan (now renumbered as section 2.33 of the Plan) is hereby modified to read as follows:

> Reserves. The Acis Trustee may estimate, create and set aside Reserves as may be necessary or appropriate, including without limitation, Reserves on account of Contested Claims and for Trust Expenses. The Acis Trustee may, but shall not be required to, seek approval by the Bankruptcy Court for the creation and amount of any Reserves or regarding the amount or timing of any Distribution on account of

any Allowed Claims. Except as otherwise expressly provided herein, the Acis Trustee, in the exercise of his/her good faith business judgment, may transfer funds out of any of the Reserves as necessary or appropriate. However, the Acis Trustee shall not be required to create separate accounts for such Reserves which may be created and memorialized by entries or other accounting methodologies, which may be revised from time-to-time, to enable the Acis Trustee to determine the amount of Cash available for Distribution to Beneficiaries of the Acis Trust. Subject to any specific deadlines set forth herein, the Acis Trustee, shall determine, from time-to-time, in the exercise of the Acis Trustee's good faith business judgment: (a) the amount of Cash available for Distribution to Beneficiaries, (b) the timing of any Distributions to Beneficiaries, and (c) the amount and creation of any Reserves for Contested Claims or Trust Expenses. The Acis Trustee shall not be entitled to reserve for, and this section 2.33 does not apply to, Distributions to holders of Allowed Subclass 5B Claims.

14.     **Modification to Subsection 3.12(b)**. Subsection 3.12(b) of the Plan is hereby modified to read as follows:

> Class 5 Claims shall be divided into two (2) subclasses. Subclass 5A shall consist of all Allowed Class 5 claims which are not subject to equitable subordination. Subclass 5B shall consist of all Class 5 claims which are determined by the Bankruptcy Court to be subject to equitable subordination. If only a part of a Class 5 Claim is subject to equitable subordination, then the portion of such claim subject to equitable subordination shall be included in Subclass 5B and the remainder not subject to equitable subordination shall be included in Subclass 5A. Subclass 5A and Subclass 5B will vote separately on Plan B, although Subclass 5B is currently an empty class.

15.     **Modification to Section 3.22**. Section 3.22 of the Plan is hereby modified to read as follows:

> Replacement of Highland as Sub-Servicer and Sub-Advisor. The Bankruptcy Court authorized the Chapter 11 Trustee to terminate the Shared Services Agreement and Sub-Advisory Agreement and engage Oaktree to perform the services previously provided by Highland. The Shared Services Agreement and Sub-Advisory Agreement will be terminated by the Chapter 11 Trustee, and the services previously performed by Highland are being transitioned to Oaktree for a minimum one year term. Under Plan B, the Reorganized Debtor is authorized to engage a new sub-servicer and sub-advisor (the "Sub-Advisor") to provide sub-servicing and sub-advisory services to the Reorganized Debtor with respect to the Acis CLOs (or any reset CLOs). Any agreement between the Reorganized Debtor and the Sub-Advisor shall provide that the Sub-Advisor cannot be removed without cause for a period of two (2) years. However, the replacement of Oaktree as the Sub-Advisor before the expiration of the one year minimum term will result in an

administrative claim in favor of Oaktree for the value of the remainder of the one year term, which will be partially offset by the break-up fee payable to Oaktree, which break-up fee has been approved by the Bankruptcy Court.

16. **Modification to Subsection 4.12(b)**. Subsection 4.12(b) of the Plan is hereby modified to read as follows:

Class 5 Claims shall be divided into two (2) subclasses. Subclass 5A shall consist of all Allowed Class 5 claims which are not subject to equitable subordination. Subclass 5B shall consist of all Class 5 claims which are determined by the Bankruptcy Court to be subject to equitable subordination. If only a part of a Class 5 Claim is subject to equitable subordination, then the portion of such claim subject to equitable subordination shall be included in Subclass 5B and the remainder not subject to equitable subordination shall be included in Subclass 5A. Subclass 5A and Subclass 5B will vote separately on Plan C, although Subclass 5B is currently an empty class.

17. **Modification to Section 4.21**. Section 4.21 of the Plan is hereby modified to read as follows:

Termination of Highland as Sub-Servicer and Sub-Advisor. The Bankruptcy Court authorized the Chapter 11 Trustee to terminate the Shared Services Agreement and Sub-Advisory Agreement and engage Oaktree to perform the services previously provided by Highland. The Shared Services Agreement and Sub-Advisory Agreement will be terminated by the Chapter 11 Trustee, and the services previously performed by Highland are being transitioned to Oaktree for a minimum one year term. Under Plan C, the Reorganized Debtor shall hire Terry as its Chief Trader and Terry may, at his discretion, hire additional personnel as he deems appropriate. However, replacement of Oaktree as the Sub-Advisor before the expiration of the one year minimum term will result in an administrative claim in favor of Oaktree for the value of the remainder of the one year term, which will be partially offset by the break-up fee payable to Oaktree, which break-up fee has been approved by the Bankruptcy Court.

18. **Modification to Section 10.01**. Section 10.01 of the Plan is hereby modified to read as follows:

Conditions to Confirmation and Effectiveness of Plan. The Plan shall not become effective until the following conditions shall have been satisfied and which may occur concurrently with the Effective Date: (a) the Confirmation Order shall have been entered, in form and substance acceptable to the Chapter 11 Trustee; (b) if the Plan is confirmed based on the terms and provisions of Plan A, the ATA has been closed and funded according to its terms; (c) the Acis Trust Agreement has been

executed and delivered, (d) the necessary Plan Documents have been executed and delivered, and (e) all other conditions specified by the Chapter 11 Trustee have been satisfied. Any or all of the above conditions other than (a) and (b) may be waived at any time by the Chapter 11 Trustee.

19.     **Modification to Section 10.03**. Section 10.03 of the Plan is hereby modified to read as follows:

Revocation of Plan. The Chapter 11 Trustee may revoke and withdraw the Plan at any time before the Effective Date. If the Chapter 11 Trustee revokes or withdraws the Plan, or if confirmation of the Plan does not occur, then this Plan shall be deemed null and void and nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtors, as the case may be, or any other Person, or to prejudice in any manner the rights of the Debtors or any other Person in any further proceedings involving the Debtors.

20.     **Modification to Section 12.04**. Section 12.04 of the Plan is hereby modified to read as follows:

Material Modifications. Modifications of this Plan may be proposed in writing by the Chapter 11 Trustee at any time before confirmation, provided that this Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Chapter 11 Trustee shall have complied with section 1125 of the Bankruptcy Code. This Plan may be modified at any time after confirmation and before its Substantial Consummation, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, and the circumstances warrant such modification. A holder of a Claim or Interest that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

21.     **Modification to Section 13.06**. Section 13.06 of the Plan is hereby modified to read as follows:

Duties to Creditors; Exculpation. Neither the Chapter 11 Trustee nor any agent, representative, accountant, financial advisor, attorney, shareholder, officer, affiliate, member or employee of the Chapter 11 Trustee or the Debtors, including but not limited to Estate Professionals (collectively, the "Exculpated Parties"), shall ever owe any duty to any Person (including any Creditor) other than the duties owed to the Debtors' bankruptcy Estate, for any act, omission, or event in connection with, or arising out of, or relating to, any of the following: (a) the Debtors' Chapter

11 Cases, including all matters or actions in connection with or relating to the administration of the Estate, (b) the Plan, including the proposal, negotiation, confirmation and consummation of the Plan, or (c) any act or omission relating to the administration of the Plan after the Effective Date. All such Exculpated Parties shall be fully exculpated and released from any and all claims and causes of action by any Person, known or unknown, in connection with, or arising out of, or relating to, any of the following: (x) the Debtors' Chapter 11 Cases, including all matters or actions in connection with or relating to the administration of the Estate, (y) the Plan, including the proposal, negotiation, confirmation and consummation of the Plan, or (z) any act or omission relating to the administration of the Plan after the Effective Date, except for claims and causes of action arising out of such Exculpated Party's gross negligence or willful misconduct.

22. **Modification to Section 13.17**. Section 13.17 of the Plan is hereby modified to read as follows:

Notice of Entry of Confirmation Order. Promptly after entry of the Confirmation Order, the Chapter 11 Trustee, as directed by the Bankruptcy Court in the Confirmation Order, shall serve on all known parties-in-interest and holders of Claims and Interests, notice of entry of the Confirmation Order.

23. This First Modification does not adversely affect any creditor because the Plan has not yet been solicited for voting and this First Modification will be included in any solicitation materials.

Dated: July 13, 2018.             Respectfully submitted,


ACIS CAPITAL MANAGEMENT, L.P.


By: /s/ *Robin Phelan*
    Robin Phelan
    Chapter 11 Trustee


ACIS CAPITAL MANAGMENET GP, LLC


By: /s/ *Robin Phelan*
    Robin Phelan
    Chapter 11 Trustee

APPROVED:

/s/ *Jeff P. Prostok*
Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthew G. Maben – State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN,
CHAPTER 11 TRUSTEE**

APPROVED:

/s/ *Rahkee V. Patel*
Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR ROBIN
PHELAN, CHAPTER 11 TRUSTEE**

L:\JPROSTOK\ACIS Capital Management (Trustee Rep)\Plan and Disclosure Statement\First Modification to Joint Plan 07.13.18 v.2.docx