Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile:  (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthew G. Maben – State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN,
CHAPTER 11 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASES |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § | CASE NO. 18-30264-sgj11 |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**SECOND MODIFICATION TO THE JOINT PLAN FOR ACIS CAPITAL
MANAGEMENT, LP AND ACIS CAPITAL MANAGEMENT GP, LLC**

Robin Phelan ("Trustee"), the Chapter 11 Trustee for Acis Capital Management, LP and Acis Capital Management GP, LLC (the "Debtors"), files this Second Modification (the "Second Modification") to the *Joint Chapter 11 Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC* (the "Joint Plan") [Docket No. 383], as previously modified by the *First Modification to the Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC* (the "First Modification").  The Joint Plan, as previously modified by the First Modification is hereafter referred to as the "Plan."

1. Reference is here made to the Plan for all purposes. This Second Modification modifies the Plan.

2. **Modification to Section 1.97.** Section 1.97 of the Plan is hereby modified to read as follows:

> "Plan Rate" means a rate of interest of five percent (5%) per annum.

3. **Modification to Section 2.18.** Section 2.18 of the Plan is hereby modified to read as follows:

> Transfer of the Transferred Assets. The Transferred Assets shall be transferred to the Transferee on the Effective Date pursuant to the ATA, free and clear of all liens, claims, and encumbrances. The Chapter 11 Trustee shall obtain the Subordinated Notes either (a) through subrogation and the application of sections 105 and 1142(b) of the Bankruptcy Code based upon payment of the HCLOF Claim pursuant to the Plan, or (b) by obtaining control over management of the Subordinated Notes by virtue of avoiding the prepetition fraudulent transfer of Acis LP's rights under the ALF PMA.

4. **Modification to Section 3.22.** Section 3.22 of the Plan is hereby modified to read as follows:

> Replacement of Highland as Sub-Servicer and Sub-Advisor. The Bankruptcy Court authorized the Chapter 11 Trustee to terminate the Shared Services Agreement and Sub-Advisory Agreement and engage Oaktree to perform the services previously provided by Highland. The Shared Services Agreement and Sub-Advisory Agreement may be terminated by the Chapter 11 Trustee, and the services previously performed by Highland may be transitioned to Oaktree for a minimum one year term. Under Plan B, the Reorganized Debtor is authorized to engage a new sub-servicer and sub-advisor (the "Sub-Advisor") to provide sub-servicing and sub-advisory services to the Reorganized Debtor with respect to the Acis CLOs (or any reset CLOs). Any agreement between the Reorganized Debtor and the Sub-Advisor shall provide that the Sub-Advisor cannot be removed without cause for a period of two (2) years. However, if the services previously provided by Highland are transitioned to Oaktree, the replacement of Oaktree as the Sub-Advisor before the expiration of the one year minimum term will result in an administrative claim in favor of Oaktree for the value of the remainder of the one year term, which will be partially offset by the Break-Up Fee. Alternatively, if the services previously provided by Highland are not transitioned to Oaktree, Oaktree would nevertheless be entitled to an administrative claim for the value of any out

of pocket and legal expenses incurred by Oaktree relating to the potential transition of such services to Oaktree, which expenses would be in addition to the Break-Up Fee and any other legal fees or expenses incurred by Oaktree.

5. **Modification to Section 3.24.**  Section 3.24 of the Plan is hereby modified to read as follows:

Amendment of Indentures.  The Indentures shall be amended pursuant to section 1123(a)(5)(F) of the Bankruptcy Code to provide that the Acis CLOs cannot be called for redemption until the later of (a) the date on which all Allowed Claims against the Debtors have been paid in full, or (b) three (3) years after the Effective Date.  In the event that the Acis CLOs are reset, any new indenture with respect to a reset CLO shall provide the reorganized Acis will continue as the portfolio manager and that the reset CLO cannot be called for redemption until the later of (y) the date on which all Allowed Claims against the Debtors have been paid in full, or (z) three (3) years after the Effective Date.

6. **Modification to Section 4.21.**  Section 4.21 of the Plan is hereby modified to read as follows:

Termination of Highland as Sub-Servicer and Sub-Advisor.  The Bankruptcy Court authorized the Chapter 11 Trustee to terminate the Shared Services Agreement and Sub-Advisory Agreement and engage Oaktree to perform the services previously provided by Highland.  The Shared Services Agreement and Sub-Advisory Agreement may be terminated by the Chapter 11 Trustee, and the services previously performed by Highland may be transitioned to Oaktree for a minimum one year term.  Under Plan C, the Reorganized Debtor shall hire Terry as its Chief Trader and Terry may, at his discretion, hire additional personnel as he deems appropriate.  However, replacement of Oaktree as the Sub-Advisor before the expiration of the one year minimum term will result in an administrative claim in favor of Oaktree for the value of the remainder of the one year term, which will be partially offset by the Break-Up Fee.  Alternatively, if the services previously provided by Highland are not transitioned to Oaktree, Oaktree would nevertheless be entitled to an administrative claim for the value of any out of pocket and legal expenses incurred by Oaktree relating to the potential transition of such services to Oaktree, which expenses would be in addition to the Break-Up Fee and any other legal fees or expenses incurred by Oaktree.

7. **Modification to Section 4.24.**  Section 4.24 of the Plan is hereby modified to read as follows:

Amendment of Indentures.  The Indentures shall be amended pursuant to section 1123(a)(5)(F) of the Bankruptcy Code to provide that the Acis CLOs cannot be called for redemption until the later of (a) the date on which all Allowed Claims against the Debtors

have been paid in full, or (b) three (3) years after the Effective Date. In the event that the Acis CLOs are reset, any new indenture with respect to a reset CLO shall provide the reorganized Acis will continue as the portfolio manager and that the reset CLO cannot be called for redemption until the later of (y) the date on which all Allowed Claims against the Debtors have been paid in full, or (z) three (3) years after the Effective Date.

8. This Second Modification does not adversely affect any creditor because the Plan has not yet been solicited for voting and this Second Modification will be included in any solicitation materials.

Dated: July 25, 2018.  Respectfully submitted,

ACIS CAPITAL MANAGEMENT, L.P.

By: /s/ *Robin Phelan*
    Robin Phelan
    Chapter 11 Trustee

ACIS CAPITAL MANAGMENET GP, LLC

By: /s/ *Robin Phelan*
    Robin Phelan
    Chapter 11 Trustee

| APPROVED: | APPROVED: |
|---|---|
| /s/ *Jeff P. Prostok* | /s/ *Rahkee V. Patel* |

| | |
|---|---|
| Jeff P. Prostok – State Bar No. 16352500 | Rakhee V. Patel – State Bar No. 00797213 |
| J. Robert Forshey – State Bar No. 07264200 | Phillip Lamberson – State Bar No. 00794134 |
| Suzanne K. Rosen – State Bar No. 00798518 | Joe Wielebinski – State Bar No. 21432400 |
| Matthew G. Maben – State Bar No. 24037008 | Annmarie Chiarello –State Bar No. 24097496 |
| **FORSHEY & PROSTOK LLP** | **WINSTEAD PC** |
| 777 Main St., Suite 1290 | 500 Winstead Building |
| Ft. Worth, TX 76102 | 2728 N. Harwood Street |
| Telephone: (817) 877-8855 | Dallas, Texas 75201 |
| Facsimile: (817) 877-4151 | Telephone: (214) 745-5400 |
| jprostok@forsheyprostok.com | Facsimile: (214) 745-5390 |
| bforshey@forsheyprostok.com | rpatel@winstead.com |
| srosen@forsheyprostok.com | plamberson@winstead.com |
| mmaben@forsheyprostok.com | jwielebinski@winstead.com |
| | achiarello@winstead.com |

**COUNSEL FOR ROBIN PHELAN, CHAPTER 11 TRUSTEE**

**SPECIAL COUNSEL FOR ROBIN PHELAN, CHAPTER 11 TRUSTEE**

L:\JPROSTOK\ACIS Capital Management (Trustee Rep)\Plan and Disclosure Statement\Second Modification to Joint Plan 07.25.18.docx