Brian P. Shaw, Texas Bar No. 24053473
ROGGE DUNN GROUP, PC
1201 Elm St., Suite 5200
Dallas, Texas 75270
Telephone: (214) 220-3888
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**ATTORNEYS FOR JOSHUA N. AND JENNIFER G. TERRY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>ACIS CAPITAL MANAGEMENT, L.P.,<br>ACIS CAPITAL MANAGEMENT GP, LLC,<br><br>DEBTORS. | § § § § § § § § § | Case No. 18-30264-SGJ-11<br>Case No. 18-30265-SGJ-11<br><br>(Jointly Administered Under Case No. 18-30264-SGJ-11)<br><br>Chapter 11 |

## JOSHUA N. AND JENNIFER G. TERRY'S RESERVATION OF RIGHTS REGARDING CONFIRMATION OF DEBTORS' FIRST AMENDED JOINT PLAN

Joshua N. Terry, individually and on behalf of IRAs #1467711 and 1467721 ("Mr. Terry"), and Jennifer G. Terry, on behalf of IRAs # 1467511 and 1467521 and as the trustee of the Terry Family 401-K Plan ("Mrs. Terry") (collectively the "Terrys") file this Reservation of Rights (the "Reservation of Rights") regarding confirmation of the First Amended Joint Plan [ECF No. 441] (the "Plan") filed by Debtors Acis Capital Management, L.P. and Acis Capital Management GP, LLC (collectively "Debtors"), and show as follows:[1]

---

[1] This Reservation of Rights shall apply to any supplements or amendments to the Plan. All defined terms in the Plan are incorporated herein. To the extent the Court believes this Reservation of Rights is more properly construed as an objection to confirmation, the Terrys request the Court so construe it.

**JOSHUA N. AND JENNIFER G. TERRY'S RESERVATION OF RIGHTS REGARDING CONFIRMATION OF DEBTORS'
FIRST AMENDED JOINT PLAN** – Page 1

## SUMMARY OF RESERVATION OF RIGHTS

1. The Terrys generally believe the Plan is in the best interest of all parties in interest and voted in favor of the Plan. However, the Terrys believe certain additional aspects of the Plan should be modified prior to confirmation:

- Under Plan A, while the Chapter 11 Trustee has done an admirable job, he should not receive over $3 million as a commission prior to the payment of certain allowed claims. Instead, part of the Chapter 11 Trustee's commission should be subordinated to Classes 3 through 5A;

- Under Plan A, HCLOF should not receive more than the actual amount of its claim;

- Under Plans B and C, the Terrys have not yet received the amended Indentures and thus cannot yet fully assess Plans B and C.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter arises under the laws of the United States of America. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue of this District is proper under 28 U.S.C. § 1409.

## ARGUMENT & AUTHORITY

5. In order for the Court to confirm the Plan, the Court must find that the requirements of 11 U.S.C. 1129(a) are met.

6. The plan proponent has the burden of proof as to compliance with Section 1129(a) by a preponderance of the evidence. *In re Briscoe Enters., Ltd.*, 994 F.2d 1160 (5th Cir. 1993).

7. If the plan does not satisfy § 1129(a)(8), the court shall confirm the plan if the plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1).

8. Section 1129(a)(3) requires a plan to have "been proposed in good faith and not by any means forbidden by law." "Where the plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success, the good faith requirement of section 1129(a)(3) is satisfied." *See Heartland Fed Sav. & Loan Assoc. v. Briscoe Enters. Ltd, II (In re Briscoe Enters. Ltd, II),* 994 F.2d 1160, 1167 (5th Cir. 1993).

**A.  Under Plan A, part of the Chapter 11 Trustee's commission should be subordinated to Classes 3 through 5A.**

9. At this time and with all rights reserved, the Terrys do not object to the estimated amount of the Chapter 11 Trustee's commission under Plan A, which is estimated to be in excess of $3 million (the "Plan A Commission"). ECF No. 442 p. 233. The Terrys' only objection at this time is the priority of the payment of the Plan A Commission.

10. The Plan pays the Plan A Commission as an Administrative Expense. ECF No. 441 p. 13-14.

11. Plan A permits the payment of the *entire* Plan A Commission—all $3-plus million of it—prior to paying even *one* creditor in Classes 3 through 5A. *See id.* p. 18. Paying the entire Plan A Commission prior to paying Classes 3 through 5A unfairly discriminates against Classes 3 through 5A and is neither fair nor equitable in light of the facts of this case and representations made to the Court regarding Plan A.

12. In contrast to Plan A, the Chapter 11 Trustee's estimated commission is $209,426.00 under Plans B and C. ECF No. 442 p. 258, 271 (the "Plan B and C Commission").

13. The Terrys believe it is fair and equitable, and non-discriminatory, to pay the first $209,426.00 of the Plan A Commission (the amount the Chapter 11 Trustee would receive for the Plan B and C Commission) with other Administrative Expenses, with the remainder of the Plan A Commission paid *after* the allowed claims of Classes 3 through 5A are paid in full. This strikes the right balance between ensuring the Chapter 11 Trustee receives fair compensation in a timely fashion, while at the same time making sure that non-insider creditors, along with insider creditors not subject to equitable subordination, are paid the amounts they have long waited—and worked hard—to receive.

B. **HCLOF should not receive an amount in excess of its actual claim in Plan A.**

14. Plan A pays HCLOF both prior to other creditors and at a premium over its actual claim amount: the value it would receive in an optional redemption, which according to Mr. Leventon, is determined using the bid-side value of the loans owned by the CLOs. Plan A therefore unfairly discriminates against Class 3 through 5A creditors and is neither fair nor equitable to Class 3 through 5A creditors. HCLOF should receive payment of its *actual* claim, with no premium, and at the same time as Class 3 through 5A creditors.

C. **The Terrys have yet to review the amended Indentures under Plans B and C.**

15. Plans B and C are predicated on the amendment of the Indentures. ECF No. 441 pp. 27, 38.

16. As of the filing of this Reservation of Rights, the Terrys have not seen the proposed amendments, and until they have, the Terrys reserve their right to withdraw their vote in favor of, and to object to, Plans B and C.

## CONCLUSION

17. Overall, the Plan is a good one. However, certain modifications as outlined herein would improve it, eliminate its unfairly discriminatory aspects, and make it fair and equitable to all interested parties. The Terrys hereby reserve all rights, including but not limited to the rights expressly reserved herein, and request the Court grant them all relief to which they are entitled.

Respectfully submitted,

*/s/ Brian P. Shaw*
**BRIAN P. SHAW**
State Bar No. 24053473

**ROGGE DUNN GROUP, P.C.**
1201 Elm St., Suite 5200
Dallas, Texas 75270
(214) 888-5000 (Telephone)
(214) 220-3833 (Fax)
shaw@roggedunngroup.com

**ATTORNEYS FOR CREDITORS JOSHUA N. AND JENNIFER G. TERRY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on August 13, 2018 through the Court's ECF noticing system upon those parties who have requested and agreed to electronic notification.

*/s/ Brian P. Shaw*
BRIAN P. SHAW