Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

and

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P.**

Mark M. Maloney (GA 468104) (admitted *pro hac vice*)
W. Austin Jowers (GA 405482) (admitted *pro hac vice*)
Paul R. Bessette (TX 02263050)
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
mmaloney@kslaw.com

**COUNSEL FOR HIGHLAND CLO FUNDING LTD.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P. and | § | Case No. 18-30264-SGJ-11 |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | Case No. 18-30265-SGJ-11 |
| | § | (Jointly Administered Under |
| Debtors. | § | Case No. 18-30264-SGJ-11) |

**JOINT SUPPLEMENTAL OBJECTION OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S AND HIGHLAND CLO FUNDING, LTD. TO PLAN CONFIRMATION**

Highland Capital Management, L.P. ("**Highland**") and Highland CLO Funding, Ltd. ("**HCLOF**") hereby file this supplemental objection (the "**Supplemental Objection**") to confirmation of the *First Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Doc. No. 441] (as amended, the "**Plan**,") and respectfully state as follows:

**PAGE 1**

**RELEVANT BACKGROUND**

1. On January 30, 2018, Joshua N. Terry ("**Joshua Terry**") filed involuntary petitions for relief under Chapter 7, Title 11 of the United States Code (the "**Bankruptcy Code**") against Acis Capital Management, L.P. and Acis Capital Management GP, LLC (the "**Debtors**"). A Chapter 7 Trustee was thereafter appointed.

2. On May 4, 2018, the Chapter 7 Trustee filed an *Expedited Motion to Convert Cases to Chapter 11* [Doc. No. 171] (the "**Motion to Convert**"). Also on May 4, 2018, Terry filed an *Emergency Motion for an Order Appointing Trustee for the Chapter 11 Estates of Acis Capital Management, L.P. and Acis Capital Management GP, LLC Pursuant to Bankruptcy Code Section 1104(a)* [Doc. No. 173] (the "**Motion to Appoint Chapter 11 Trustee**").

3. On May 11, 2018, after a hearing on the matter, the Court entered orders granting the Motion to Convert [Doc. No. 205] and the Motion to Appoint Chapter 11 Trustee [Doc. No. 206]. Thereafter, the United States Trustee appointed Robin Phelan as Chapter 11 Trustee (the "**Chapter 11 Trustee**").

4. On July 13, 2018, the Chapter 11 Trustee filed the *Motion for Entry of Order (A) Conditionally Approving Disclosure Statement; (B) Scheduling Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Pan, and Setting Related Deadlines (C) Approving Forms for Voting and Notice; and (D) Granting Related Relief* [Doc. No. 407] (the "**Procedures Motion**").

5. On July 29, 2018, the Chapter 11 Trustee filed the Plan.

6. On July 30, 2018, the Court entered an order granting the Procedures Motion [Doc. No. 446] (the "**Procedures Order**"). Among other things, the Procedures Order set August 21, 2018 for the hearing on confirmation of the Plan (the "**Confirmation Hearing**").

The Procedures Order also set August 17, 2018 as the deadline for parties to file any "pre-trial brief (other than briefs addressing the matters at issue in the Limited Issues Brief)."

7. On August 10, 2018, the Chapter 11 Trustee filed the *Brief of Limited Issues in Support of First Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Doc. No. 493].

8. On August 13, 2018, Highland and HCLOF filed the *Joint Objection to Final Approval of Disclosure Statement and to Confirmation of the Joint Plan for Acis Capital Management, L.P. and Acis Capital Management, GP, LLC* [Doc. No. 497] (the "**Confirmation Objection**").

9. On August 16, 2018, Highland and HCLOF filed the *Joint Response to Chapter 11 Trustee's Brief of Limited Issues* [Doc. No. 518] (the "**Joint Response**").

## SUPPLEMENTAL OBJECTION

10. Highland and HCLOF are filing this Supplemental Objection to comply with the August 17, 2018 deadline set in the Procedures Order for "pre-trial briefs." Highland and HCLOF hereby incorporate by reference the Confirmation Objection and the Joint Response.

11. The Procedures Order also required that all depositions in this matter must be completed no later than August 17, 2018. However, the parties have agreed to depose certain additional witnesses on Saturday August 18 and Sunday August 19 to accommodate the schedules of the witnesses. Highland and HCLOF recognize that additional issues going to the issue of Plan confirmation may be raised during the upcoming depositions. As set forth in the Reservation of Rights below, Highland and HCLOF reserve all rights to object based on further developments.

A.   **Oaktree Good Faith Finding**

12.   On August 16, 2018, the Chapter 11 Trustee was deposed by Highland and HCLOF. During the deposition, counsel for HCLOF inquired whether, in conjunction with Plan confirmation, the Chapter 11 Trustee will be seeking a Court finding that Oaktree Capital Management, L.P. ("**Oaktree**") is a good faith purchaser pursuant to Bankruptcy Code section 363(m). The Chapter 11 Trustee made clear that Oaktree has asked for such a finding and the Chapter 11 Trustee intends to seek one. Attached hereto as **Exhibit A** is an excerpt of the Chapter 11 Trustee deposition transcript including the exchange between counsel for HCLOF and the Chapter 11 Trustee.

13.   Highland and HCLOF object to any good faith finding on this record. First, the Plan is not a 363 sale and therefore section 363(m) is not applicable. *See In re Abbott Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 150 n.5 (3d Cir. 1986) (noting that the good faith standard under section 363(m) and section 1129(a)(3) are not identical). Second, to the extent that the Chapter 11 Trustee is seeking a good faith finding for Oaktree under any other provision of the Bankruptcy Code (including, without limitation, section 1129(a)(3)),[1] Highland and HCLOF object. The Court has precluded Highland from seeking <u>any</u> discovery from Oaktree on the issue of good faith.[2] Nevertheless, the Chapter 11 Trustee is seeking to include Oaktree as the Released Party under the Plan, purporting to entitle Oaktree to an extremely broad release.[3]

14.   Highland and HCLOF submit that on the record before the Court, the good faith of Oaktree has been put into question and the Chapter 11 Trustee has not, and cannot, put on evidence that Oaktree has acted in good faith. To the extent that the Chapter 11 Trustee is

---

[1] Section 1129(a)(3) speaks to the good faith of the plan proponent, not the good faith of a purchaser of assets.
[2] *See Order Granting Oaktree Capital Management L.P.'s Motion to Quash Discovery Requests Issued by Highland Capital Management, L.P.* [Doc. No. 502].
[3] See Plan at § 11.03 (setting forth the proposed Plan injunction and including Oaktree in the definition of "Released Parties").

seeking an Oaktree good faith finding from this Court, making such a finding would be a violation of Highland and HCLOF's due process rights because Highland and HCLOF were specifically precluded from taking any discovery on such a factual finding.

**B.    The Plan Injunction**

15.    Highland and HCLOF further object to the injunction set forth in section 11.03 of the Plan (the "**Plan Injunction**") as overly broad.  In the event the Court were to confirm the Plan and implement the Plan Injunction as it currently reads, Highland and HCLOF could anticipate the Chapter 11 Trustee arguing that every matter in this case not directly related to Plan confirmation is permanently enjoined and released.  As this Court is aware, there are several pending adversary proceedings and appeals dealing with non-confirmation issues, including an appeal of the Court's Order for Relief.

16.    Highland and HCLOF object to any implication that the Plan Objection would affect the parties' rights under such pending adversary proceedings and appeals.  There is no basis under the law to strip away the parties' rights under the pending adversary proceedings and the appeals through plan confirmation.  Highland and HCLOF request either an amendment to the Plan Injunction language or clarification from the Court that the Plan Injunction is not to be read as such.

## RESERVATION OF RIGHTS

17.    Highland and HCLOF reserve all rights to object to matters raised during on-going discovery and to contest and rebut any and all factual allegations at the Confirmation Hearing.

Dated: August 17, 2018

Respectfully submitted,

*/s/ Jason B. Binford*
Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com
jbinford@foley.com
mbales@foley.com

and

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com
bbarnes@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P.**

Mark M. Maloney (GA 468104) (admitted *pro hac vice*)
W. Austin Jowers (GA 405482)
Paul R. Bessette (TX 02263050) (admitted *pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
mmaloney@kslaw.com

**COUNSEL FOR HIGHLAND CLO FUNDING, LTD.**

## **CERTIFICATE OF SERVICE**

This is to certify that on August 17, 2018, a true and correct copy of the foregoing was served electronically via the Court's ECF system on those parties registered to receive such service.

*/s/ Jason B. Binford*
Jason B. Binford