| | |
|---|---|
| Jeff P. Prostok – State Bar No. 16352500<br>J. Robert Forshey – State Bar No. 07264200<br>Suzanne K. Rosen – State Bar No. 00798518<br>Matthew G. Maben – State Bar No. 24037008<br>**FORSHEY & PROSTOK LLP**<br>777 Main St., Suite 1290<br>Ft. Worth, TX 76102<br>Telephone: (817) 877-8855<br>Facsimile: (817) 877-4151<br>jprostok@forsheyprostok.com<br>bforshey@forsheyprostok.com<br>srosen@forsheyprostok.com<br>mmaben@forsheyprostok.com<br><br>**COUNSEL FOR ROBIN PHELAN,**<br>**CHAPTER 11 TRUSTEE** | Rakhee V. Patel – State Bar No. 00797213<br>Phillip Lamberson – State Bar No. 00794134<br>Joe Wielebinski – State Bar No. 21432400<br>Annmarie Chiarello – State Bar No. 24097496<br>**WINSTEAD PC**<br>500 Winstead Building<br>2728 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 745-5400<br>Facsimile:  (214) 745-5390<br>rpatel@winstead.com<br>plamberson@winstead.com<br>jwielebinski@winstead.com<br>achiarello@winstead.com<br><br>**SPECIAL COUNSEL FOR**<br>**ROBIN PHELAN, CHAPTER 11 TRUSTEE** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>ACIS CAPITAL MANAGEMENT, L.P.,<br>ACIS CAPITAL MANAGEMENT GP, LLC,<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11 CASES<br><br>CASE NO. 18-30264-sgj11<br>(Jointly Administered)<br><br>**Hearing Date: August 21, 2018**<br>**at 9:30 a.m.** |

**TRUSTEE'S RESPONSE TO LIMITED OBJECTION OF UNIVERSAL-**
**INVESTMENT-LUXEMBOURG S.A. AND BAYVK R2 LUX S.A., SICA-FIS TO FIRST**
**AMENDED JOINT PLAN FOR ACIS CAPITAL MANAGEMENT, L.P. AND ACIS**
**CAPITAL MANAGEMENT GP, LLC**

Robin Phelan ("Trustee"), the Chapter 11 Trustee for Acis Capital Management, LP and Acis Capital Management GP, LLC (the "Debtors"), files this response to the *Limited Objection of Universal-Investment-Luxembourg S.A.* ("Universal") *and Bayvk R2 Lux S.A., SICA-FIS* ("BayVK R2") *to First Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC* (" Objection") [Docket No. 495].

1.      Acis Capital Management, LP ("Acis LP") is party to an agreement with Universal dated February 27, 2015 and titled *Agreement for the Outsourcing of the Asset Management of BayVK R2 Lux, S.A.* (the "Universal Agreement")[1] under which Acis LP acts as a sub-advisor for certain Specialized Investment Funds[2] and sub-funds managed by Universal, a Luxembourgian asset management company. Universal manages the Funds and the Sub-Funds but contracted with Acis LP to outsource the asset management of BayVK R2, a Sub-Fund, to Acis LP.

2.      Universal pays Acis LP a fee for asset management under the Universal Agreement, and the Trustee believes these management fees are a valuable interest of Acis LP. Accordingly, the Trustee seeks to assume and assign the Universal Agreement under Plan and to assume it under Plans B and C.

3.      The Universal Agreement permits Acis LP to contract with third parties to provide sub-advisory services for BayVK R2. Indeed, Acis LP engaged Highland to provide those sub-advisory services based on the Universal Agreement. Pursuant to the Oaktree Order and the Brigade Order, the Trustee is no longer using Highland in that role.

4.      Universal claims that changing the sub-advisor to Oaktree under Plan A (and a provided in the Oaktree Order) or to Brigade (with the assistance of Cortland) under Plan B (and as provided in the Brigade Order), violates the Universal Agreement and the Luxembourgian Law of 2007.[3]

5.      Universal contends that the Trustee cannot assume or assign the Universal Agreement because (a) Acis LP is in material, incurable non-monetary breach of the Universal Agreement—because Acis LP did not get Universal's consent before removing Highland as the

---

[1] A copy of the Universal Agreement included with the Universal Objection is attached as **Exhibit A**.
[2] Capitalized terms not defined herein shall have the same meaning as they are given in the Universal Objection
[3] A copy of an English translation of the Law of 2007 obtained from the internet site given in the Universal Objection is attached as **Exhibit B.**

sub-servicer and replacing them with Brigade; and (b) the Law of 2007 excuses Universal from accepting performance from someone other than Acis LP with Highland as a sub-servicer.

6. The Trustee disagrees with Universal's contention that Acis LP committed an incurable, non-monetary breach of the Universal Agreement. The Universal Agreement provides, in part:

> When fulfilling its obligations hereunder, the Asset Manager [Acis LP] may contract the services of third parties if and to the extent that this is permitted under applicable law, particularly in accordance with the Law of 2007. Principally, the Asset Manager is entitled to sub-delegate portions of its asset management function to an affiliate of the Asset Manager…. For the avoidance of doubt, the Management Company's [Universal's] prior consent must be obtained for the sub-delegation of assets management services, ***which will not be unreasonably withheld***.

*Universal Agreement*, **Exhibit A**, at page 4, Section 2, no. 6 (emphasis added).

7. Both Oaktree and Brigade currently provide services to Luxembourgian companies and funds subject to the Law of 2007 and CSSF oversite. And Universal has provided no basis for withholding its consent under the Universal Agreement. The Trustee contends that consent has been unreasonably withheld.

8. Moreover, Universal says it was not consulted about the Trustee replacing Highland as the sub-servicer, but it received notice of the Oaktree Motion and the Brigade Motion and did not object. That can be construed as consent.

9. The Law of 2007 does not excuse Universal from accepting performance from an assignee. Law of 2007 says at Article 42(5) that "The replacement of the management company or depositary and any amendment to the constitutive documents of the specialised investment fund ***are subject to approval*** by the CSSF." (emphasis added). It also provides at Article 42b(5)(g) that directors of a Specialized Investment Fund can "withdraw the mandate" of a delegee of certain functions "to protect the interests of investors." It does not say that the CSSF's

prior approval a sub-advisor is required to comply with the Law of 2007 or that Universal is excused from accepting performance from an assignee.

10. Section 365(c)(1) of the Bankruptcy Code does not prohibit the Trustee from assuming and assigning the Universal Agreement. Section 365(c)(1) of the Bankruptcy Code provides:

> The trustee may not assume or assign any executory contract . . . if . . . **_applicable law excuses a party, other than the debtor_**, to such contract . . . from accepting performance or rendering performance to an entity other than the debtor or debtor in possession, whether or not such contract . . . prohibits or restricts assignment of rights; and . . . such party does not consent to such assumption or assignment[.]

11 U.S.C. § 365(c)(1).

11. Sections 365(a) and (f) generally allow assumption and assignment of executory contracts, but section 365(c)(1) limits those rights where **_an applicable law excuses performance_**. *Cajun Elec. Members Comm. v. Mabey (In re Cajun Elec. Power Coop., Inc.)*, 230 B.R. 693, 706 (5th Cir. 1999).

12. First, the Trustee questions whether the Law of 2007 is an applicable law within the meaning of section 365(c)(1).[4] Second, the Law of 2007 does not do what Universal contends.

---

[4] Prior to the Supreme Court's decision in *Patterson v. Shumate*, there was a question whether "applicable nonbankruptcy law" under § 541(c)(2) was exclusively state law. *See Patterson v. Shumate*, 504 U.S. 753, 757-59 (1992). In *Patterson*, the Court held that applicable nonbankruptcy law included federal ERISA law. *Id.* at 759. While the Supreme Court in *Patterson* extended the scope of "applicable nonbankruptcy law" under § 541(c)(2) to include federal law, the Court did not explicitly extend its reach to laws of foreign jurisdiction, or Isle of Man law. *See id.* at 758; *see also Traina v. Sewell (In re Sewell)*, 180 F.3d 707, 711-12 (5th Cir. 1999) ("'[U]nder applicable nonbankruptcy law' is not limited to enforceability under state law; it suffices that such a restriction in an 'ERISA-qualified pension plan' be enforceable under some federal law other than bankruptcy law[.]"). Moreover, at least one court has found that the trust law of a foreign jurisdiction does not apply under § 541(c)(2) if it offends policies underlying U.S. law. *See Marine Midland Bank v. Portnoy (In re Portnoy)*, 201 B.R. 685, 701 (Bankr. S.D.N.Y. 1996) (holding that § 541(c)(2) was not applicable, and New York law applied in determining whether the debtor retained his property interest in offshore trust assets and whether debtor was entitled to a discharge); *cf. Green v. Zukerkorn (In re Zukerkorn)*, 484 B.R. 182, 197 (B.A.P. 9th Cir. 2012) (Johnson, J., dissenting) (deciding whether Hawaii or California law was applicable when the trust was established in Hawaii and the debtor filed chapter 7 in California; and noting in dissent that courts will "typically refrain from applying the trust law of a foreign jurisdiction selected by the settlor of a trust if doing so would harm creditors or other third parties").

It does not excuse performance, it simply requires that CSSF be informed of and approve of entities that manage funds subject to the Law of 2007 and CSSF monitoring. See, Law of 2007, Exhibit B, Articles 42(4), 42(5), 42a(1), and 42b.

13. The Universal Objection should be overruled and the Court should permit the Trustee to assume and/or assign the Universal Agreement.

WHEREFORE, the Trustee prays that the Court overrule the Universal Objection, permit the Trustee to assume and/or assign the Universal Agreement, and grant such other and further relief to which he may be justly entitled.

Date:  August 17, 2018.

Respectfully submitted,

*/s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Matthew G. Maben
State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN, CHAPTER 11 TRUSTEE**

-and-

Rakhee V. Patel
State Bar No. 00797213
rpatel@winstead.com

Phillip Lamberson
State Bar No. 00794134
plamberson@winstead.com
Joe Wielebinski
State Bar No. 21432400
jwielebinski@winstead.com
Annmarie Chiarello
State Bar No. 24097496
achiarello@winstead.com
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)

**SPECIAL COUNSEL FOR ROBIN PHELAN, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties requesting ECF electronic notice and via email on the parties listed below on August 17, 2018.

Andrew Zollinger
andrew.zollinger@dlapiper.com
Thomas R. Califano
thomas.califano@dlapiper.com
DLA PIPER LLP (US)
**Attorneys for Universal-Investment-Luxembourt S.A. and BAYVK R2 Lux S.A., SICAV-FIS**

/s/ Jeff P. Prostok
Jeff P. Prostok