Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthew G. Maben – State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN,
CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASES |
| | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § | CASE NO. 18-30264-sgj11 |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

### FIRST MODIFICATION TO THE THIRD AMENDED JOINT PLAN FOR
### ACIS CAPITAL MANAGEMENT, LP AND ACIS CAPITAL MANAGEMENT GP, LLC

Robin Phelan ("Trustee"), the Chapter 11 Trustee for Acis Capital Management, LP and Acis Capital Management GP, LLC (the "Debtors"), files this First Modification (the "First Modification") to the *Third Amended Joint Chapter 11 Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC* [Docket No. 660] (the "Plan").

1.      Reference is here made to the Plan for all purposes. This First Modification modifies the Plan.

2.      **Modification to Section 1.09.** Section 1.09 of the Plan is hereby modified to read

as follows:

1.09 "Assets" includes all right, title, and interest in and to all property of every type or nature owned or claimed by the Debtors as of the Petition Date, together with all such property of every type or nature subsequently acquired by the Debtors through the Effective Date, whether real or personal, tangible or intangible, and wherever located, and including, but not limited to, property as defined in section 541 of the Bankruptcy Code.

3.     The change to section 1.09 above merely corrects a typographical error in the definition of the term "Assets." Specifically, the revised definition removes the incomplete phrase "Without limiting the foregoing, this shall include all" from the end of the definition of Assets.

4.     **Modification to Exhibit "A".** The copy of the Exhibit "A" reflecting Estate Claims is hereby deleted in its entirety and replaced with the version of the "Exhibit A" attached hereto as **Exhibit "1."**

5.     A copy of the document reflecting the modifications to Exhibit A to the Plan in redline format is attached hereto as **Exhibit "2."**

6.     This First Modification is a non-material change. It merely corrects a typographical error and revises the Estate Claims being reserved, retained and preserved under the Plan. Further, even if this First Modification were deemed material, it does not adversely affect any creditor because no ballots have yet been received in relation to the Plan and this First Modification is being sent to all creditors and parties in interest eighteen (18) days in advance of the deadline for parties to submit ballots and any objections to the Plan. Consequently, creditors and parties in interest will have an adequate opportunity to evaluate this modification prior to voting on the Plan.

Dated: November 8, 2018.          Respectfully submitted,

ACIS CAPITAL MANAGEMENT, L.P.

By: /s/ *Robin Phelan*
     Robin Phelan
     Chapter 11 Trustee

ACIS CAPITAL MANAGMENET GP, LLC

By: /s/ Robin Phelan
 Robin Phelan
 Chapter 11 Trustee

APPROVED:

/s/ Jeff P. Prostok
Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthew G. Maben – State Bar No. 24037008
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mmaben@forsheyprostok.com

**COUNSEL FOR ROBIN PHELAN,
CHAPTER 11 TRUSTEE**

APPROVED:

/s/ Rahkee V. Patel
Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello –State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR ROBIN
PHELAN, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and the attached exhibits were served electronically via the Court's Electronic Court Filing (ECF) notification system and via U.S. Mail, postage prepaid (and via Express Mail to out of country recipients) on the parties on the service lists attached as **Exhibit "3"** hereto on November 8, 2018.

/s/ Jeff P. Prostok
Jeff P. Prostok

\L:\JPROSTOK\ACIS Capital Management (Trustee Rep)\Plan and Disclosure Statement\First Modification to Third Amended Plan 11.8.18.docx

# Exhibit "1"
## [Revised Exhibit "A" to the Third Amended Joint Plan]

**EXHIBIT "A"**
**to**
**Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

1.    <u>Defined Terms</u>.  This Exhibit "A" constitutes an integral part of the Plan of which it is a part.  Defined terms in the Plan are to be given the same meaning in this Exhibit "A".  The rules of construction set forth in Article I.B. of the Plan shall likewise apply to this Exhibit "A".

2.    <u>Estate Claims Reserved, Retained and Preserved</u>.  All Estate Claims are hereby reserved, retained and preserved, and shall all be transferred to, and vested in, the Reorganized Debtor pursuant to this Plan, and shall include without limitation all of the Estate Claims described below.  In reserving, retaining, and preserving Estate Claims against any named Person or category of Persons, it is the intent of this Plan to so reserve, retain, and preserve any and all Estate Claim against each such Person or category of Persons, including all such Estate Claims pursuant to any applicable common law, based on any contract or agreement or based upon any law, statute or regulation of any political entity, including the United States and any state or political subdivision thereof, as well as all applicable remedies, whether legal or equitable.  Without limiting the generality of the foregoing, the reservation, retention, and preservation of Estate Claims against any Person, and the term "<u>Estate Claims</u>," shall encompass all Estate Claims against any such Person, including without limitation, all such Estate Claims for breach of contract, all rights to enforce any contract, any form of estoppel, fraud, constructive fraud, abuse of process, malicious prosecution, defamation, libel, slander, conversion, trespass, intentional infliction of emotional distress or other harm, negligence, gross negligence, negligent misrepresentation, fraudulent misrepresentation, vicarious liability, respondeat superior, breach of any duty owed under either applicable law or any contract, breach of any fiduciary duty or duty of loyalty or due care, aiding and/or abetting breach of fiduciary duty, aiding and/or abetting breach of duty of loyalty or due care, alter ego, veil piercing, self-dealing, usurpation of corporate opportunity, ultra vires, turnover of Estate Assets, unauthorized use of Estate Assets, including intellectual property rights or Assets owned by the Debtors or Chapter 11 Trustee, quantum merit, tortious interference, duress, unconscionability, undue influence, and unjust enrichment, as well as any cause of action for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act, or claims arising from or relating to the filing of the involuntary bankruptcy petitions against the Debtors.

3.    <u>Highland Claims</u>.  All Estate Claims against Highland are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in Adversary Proceeding No. 18-03078-sgj (the "<u>Highland Adversary</u>") and Adversary Proceeding No. 18-03212-sgj (the "<u>Trustee's Adversary</u>").  The Estate Claims against Highland shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

(a)    All such Claims asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)    All such Claims asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)    All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the

Chapter 11 Trustee or Estate;

(d) All Avoidance Actions against Highland, including any claims to avoid and recover amounts transferred by the Debtors to Highland under the Shared Services Agreement or Sub-Advisory Agreement;

(e) All Claims for breach of the Shared Services Agreement or Sub-Advisory Agreement;

(f) All Claims against Highland for amounts paid by the Debtors to Highland under the Shared Services Agreement and Sub-Advisory Agreement, including any Claim that Highland overcharged Acis LP for services under such agreements, charged excessive fees in violation of Acis LP's limited partnership agreement and/or Acis GP's limited liability company agreement, and/or that the Shared Services Agreement and Sub-Advisory Agreement or any related or predecessor agreements are void or voidable based on ultra vires or any other theories of avoidance and recovery, including turnover, conversion and Avoidance Actions under the Bankruptcy Code;

(g) All Claims for breach of the PMAs or the Indentures;

(h) All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(i) All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(j) All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(k) All claims for tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS;

(l) All Claims against Highland for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(m) All Claims against Highland for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(n) All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland against the Debtors, Chapter 11 Trustee, or Estate;

(o) All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Highland or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(p) All Claims based on alter ego or rights to pierce the corporate veil of

Highland as to any Person, including as against any Affiliates of Highland, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland, and,

        (q)    All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

        4.    <u>HCLOF Claims</u>.  All Estate Claims against HCLOF are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary and the Trustee's Adversary.  The Estate Claims against HCLOF shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

        (a)    All such Claims against HCLOF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

        (b)    All such Claims against HCLOF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

        (c)    All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

        (d)    All Avoidance Actions against HCLOF;

        (e)    All Claims for breach of the PMAs or the Indentures;

        (f)    All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

        (g)    All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

        (h)    All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

        (i)    All Claims against HCLOF for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

        (j)    All Claims against HCLOF for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

        (k)    All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by HCLOF against the Debtors, Chapter 11 Trustee, or Estate;

(l)     All Claims based on alter ego or rights to pierce the corporate veil of HCLOF as to any Person, including as against any Affiliates of HCLOF or Highland, William Scott, Heather Bestwick, or any other officers, directors, equity interest holders, or Persons otherwise in control of HCLOF; and,

(m)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

5.     <u>Highland HCF Advisor, Ltd. Claims</u>.  All Estate Claims against Highland HCF Advisor, Ltd. ("<u>Highland HCF</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary.  The Estate Claims against Highland HCF shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

(a)     All such Claims against Highland HCF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against Highland HCF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against Highland HCF;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against Highland HCF for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against Highland HCF for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland HCF against the Debtors, Chapter 11 Trustee, or

Estate;

    (k)    All Claims based on alter ego or rights to pierce the corporate veil of Highland HCF as to any Person, including as against any Affiliates of Highland HCF or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland HCF; and,

    (l)    All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

    6.    <u>Highland CLO Management, Ltd. Claims</u>.  All Estate Claims against Highland CLO Management, Ltd. ("<u>Highland CLOM</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary.  The Estate Claims against Highland CLOM shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

    (a)    All such Claims against Highland CLOM asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

    (b)    All such Claims against Highland CLOM asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

    (c)    All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

    (d)    All Avoidance Actions against Highland CLOM;

    (e)    All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

    (f)    All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

    (g)    All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

    (h)    All Claims against Highland CLOM for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

    (i)    All Claims against Highland CLOM for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland CLOM against the Debtors, Chapter 11 Trustee, or Estate;

(k)     All Claims based on alter ego or rights to pierce the corporate veil of Highland CLOM as to any Person, including as against any Affiliates of Highland CLOM or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland CLOM; and,

(l)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

7.     <u>CLO Holdco, Ltd. Claims</u>.  All Estate Claims against CLO Holdco, Ltd. ("<u>CLO Holdco</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary.  The Estate Claims against CLO Holdco shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

(a)     All such Claims against CLO Holdco asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against CLO Holdco asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against CLO Holdco;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against CLO Holdco for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against CLO Holdco for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

   (j)  All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland against the Debtors, Chapter 11 Trustee, or Estate;

   (k)  All Claims based on alter ego or rights to pierce the corporate veil of CLO Holdco as to any Person, including as against any Affiliates of CLO Holdco or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of CLO Holdco; and,

   (l)  All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

   8.  <u>Neutra, Ltd. Claims</u>.  All Estate Claims against Neutra, Ltd. ("<u>Neutra</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary.  The Estate Claims against Neutra shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

   (a)  All such Claims against Neutra asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

   (b)  All such Claims against Neutra asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

   (c)  All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

   (d)  All Avoidance Actions against Neutra;

   (e)  All Claims for breach of fiduciary or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

   (f)  All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

   (g)  All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

   (h)  All Claims against Neutra for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

   (i)  All Claims against Neutra for the unauthorized use of Estate Assets

including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j) All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Neutra against the Debtors, Chapter 11 Trustee, or Estate;

(k) All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Neutra, Highland, or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(l) All Claims based on alter ego or rights to pierce the corporate veil of Neutra as to any Person, including as against any Affiliates of Neutra or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Neutra; and,

(m) All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

9. <u>Claims against Issuers, Co-Issuers and Indenture Trustee</u>. All Estate Claims against CLO-3, CLO-4, CLO-5, and CLO-6 (collectively, the "<u>Issuers</u>"), Acis CLO 2014-3 LLC, Acis CLO 2014-4 LLC, Acis CLO 2014-5 LLC, and Acis CLO 2015-6 LLC (collectively, the "<u>Co-Issuers</u>"), and the Indenture Trustee are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary. The Estate Claims against the Issuers, Co-Issuers and/or Indenture Trustee shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a) All such Claims against the Issuers, Co-Issuers, and/or Indenture Trustee asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b) All such Claims against the Issuers, Co-Issuers, and/or Indenture Trustee asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c) All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d) All Avoidance Actions against the Issuers, Co-Issuers and/or Indenture Trustee;

(e) All Claims for breach of the Indentures, PMAs or any other agreements between Acis LP and the Issuers, Co-Issuers, and/or Indenture Trustee;

(f) All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(g) All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(h)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(i)     All Claims against the Issuers, Co-Issuers and/or Indenture Trustee for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(j)     All Claims against the Issuers, Co-Issuers and/or Indenture Trustee for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(k)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by the Issuers or Co-Issuers against the Debtors, Chapter 11 Trustee, or Estate; and,

(l)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

10.     <u>Highland Affiliate Claims</u>.  All Estate Claims against any Affiliates of Highland are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary and the Trustee's Adversary.  The Estate Claims against any Affiliates of Highland shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a)     All such Claims against any Highland Affiliate asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against any Highland Affiliate asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against any Highland Affiliate;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)    All Claims against any Highland Affiliate for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)    All Claims against any Highland Affiliate for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)    All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by any Highland Affiliate against the Debtors, Chapter 11 Trustee, or Estate;

(k)    All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Highland, Neutra, or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(l)    All Claims based on alter ego or rights to pierce the corporate veil of any Highland Affiliate as to any Person, including as against any other Affiliates of Highland or any officers, directors, equity interest holders, or Persons otherwise in control of any Highland Affiliates; and,

(m)    All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

11.    _Dondero Claims._  All Estate Claims as defined in paragraph 2 above against James D. Dondero, individually, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims against James D. Dondero for fraud, constructive fraud, breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty or due care, self-dealing, ultra vires, conversion, usurpation of corporate opportunity, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs, tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS, conflict of interest, negligence, gross negligence, all Avoidance Actions, breach of contract, breach of the Shared Services Agreement, breach of the Sub-Advisory Agreement, breach of the Debtors' limited partnership agreement or limited liability company agreement, conspiracy to commit any unlawful act, aiding and abetting any unlawful act, and assisting, encouraging, and/or participating in any unlawful act, as well as any Claim to pierce the corporate veil of any entity to hold James D. Dondero individually liable.

12.    _Okada Claims._  All Estate Claims as defined in paragraph 2 above against Mark K. Okada, individually, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims against Mark K. Okada for fraud, constructive fraud, breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of fiduciary duty, self-dealing, ultra vires, conversion, usurpation of corporate opportunity, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs, tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS, conflict of interest, negligence, gross negligence, all

Avoidance Actions, breach of contract, breach of the Shared Services Agreement, breach of the Sub-Advisory Agreement, breach of the Debtors' limited partnership agreement or limited liability company agreement, conspiracy to commit any unlawful act, aiding and abetting any unlawful act, and assisting, encouraging, and participating in any unlawful act, as well as any Claim to pierce the corporate veil of any entity to hold Mark K. Okada individually liable.

13.     <u>Preference Claims</u>.  All Avoidance Actions pursuant to section 547 of the Bankruptcy Code against any Person are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor for any payment made to any Person by either of the Debtors within ninety (90) days of the Petition Date (which was January 30, 2018), or made by either of the Debtors to any insider within one (1) year of the Petition Date.  A non-exhaustive list of Persons who are believed to have received payments from either of the Debtors during the 90-day preference period, and the one-year preference period for Insiders, is attached to this **Exhibit "A"** as **Schedule "1"**.  The Plan reserves, retains and preserves for the benefit of the Estate and Reorganized Debtor all potential Claims arising out of or relating to the transfers reflected in **Schedule "1"**, including all Avoidance Actions pursuant to section 547 of the Bankruptcy Code.  All rights and remedies are also reserved. retained and preserved with respect to the transfers reflected in **Schedule "1"** pursuant to section 550 of the Bankruptcy Code.

        **Schedule "1"** reflects transfers made by the Debtors during the 90 days prior to the Petition Date and transfers made by the Debtors to any insiders within one (1) year of the Petition Date.  While the Plan reserves, retains and preserves all Avoidance Actions relating to the transfers reflected in **Schedule "1"**, the Chapter 11 Trustee recognizes that certain of these transfers may not constitute a preferential transfer pursuant to section 547(b) of the Bankruptcy Code as a transfer made in the ordinary course of business transactions or based upon new value subsequently given by the transferee.  Consequently, the listing of a payment on **Schedule "1"** does not necessarily mean that a transferee will ever be sued to avoid and recover the payment, the transfer, or the value thereof, but only that the Plan reserves, retains and preserves all rights (including Avoidance Actions) as to that payment.

14.     <u>Claims Against Officers, Managers and Members</u>.  All Estate Claims as defined in paragraph 2 above are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against all present and past officers, employees, members and managers of the Debtors, including all such Estate Causes of Action based on breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of duty of loyalty or due care, self-dealing, usurpation of corporate opportunity, gross negligence or conspiracy.  Without limiting the generality of the foregoing, this shall include all D&O Claims as against any present or former officer, director, employee, member, manager, or partner.

15.     <u>Claims Against Former Attorneys and Law Firms</u>.  All Estate Claims as defined in paragraph 2, above, including Claims for breach of any fiduciary duty or duty of loyalty or due care, conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act, including knowingly aiding, abetting, or assisting with a fraudulent transfer to avoid paying a judgment, negligent or fraudulent misrepresentation, vicarious liability, and respondeat superior, as well as all Claims for legal or professional malpractice, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against all law firms and attorneys who and which rendered legal services to the Debtors on a prepetition basis including, but not limited to, the following:

(a) Cole Schotz, P.C.

(b) Michael D. Warner

(c) Jacob Frumkin

(d) Warren A. Usatine

(e) McKool Smith

(f) Gary Cruciani

(g) Michael Fritz

(h) Carson Young

(i) Lackey Hershman, LLP

(j) Stinson Leonard Street LLP

(k) Paul Lackey, Esq.

(l) Michael Aigen, Esq.

(m) Abrams & Bayliss, LLP

(n) Kevin G. Abrams

(o) A. Thompson Bayliss

(p) Jones Day

(q) Hilda C. Galvan

(r) Michael Weinberg

(s) Reid Collins & Tsai, LLP

(t) Lisa Tsai

(u) Stanton, LLP

(v) James M. Stanton

(w) Hunton Andrews Kurth

(x) Marc Katz

(y) Greg Waller

(z) any other law firm or attorney who may be so named at a later date by the Reorganized Debtor.

16. <u>Retention of Claims Against Specific Persons or Categories of Persons</u>. In addition to the foregoing, all Estate Claims as defined in paragraph 2 above are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against the following Persons:

(a) William Scott;

(b) Heather Bestwick;

(c) Any other Person who may be so named at a later date by the Reorganized Debtor.

17. <u>Counterclaims</u>. All Estate Claims as defined in paragraph 2 above are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor both as a basis for an affirmative recovery against the Person against whom such Claims are asserted and as a counterclaim or offset against any Person who asserts a Claim against the Estate or Reorganized Debtor.

18. <u>Piercing the Corporate Veil</u>. With respect to all Estate Claims against any Person, all rights to pierce or ignore the corporate veil are hereby reserved, retained and preserved for the benefit of the Estate and the Reorganized Debtor. Without limiting the generality of the foregoing, this shall include: (a) any right to pierce the corporate veil, including reverse piercing, on any theory or basis, including alter ego or any theory of sham to perpetrate a fraud, and (b) any Claim or basis to pierce the corporate veil of any entity with respect to establishing personal liability against James D. Dondero or Mark K. Okada.

19. <u>Avoidance Actions</u>. All Avoidance Actions are hereby reserved, retained and preserved as to all Persons. The reservation, retention and preservation of such Avoidance Actions shall include the reservation, retention and preservation for the benefit of the Estate and Reorganized Debtor of all rights and remedies pursuant to section 550 of the Bankruptcy Code.

20. <u>Estate Defenses</u>. All Estate Defenses are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor as against any Person asserting any Claim against the Estate. This includes asserting all Estate Claims as an offset to, or counterclaim or right of recoupment against, any Person asserting a Claim against the Estate. All defenses and affirmative defenses pursuant to applicable law are hereby reserved, retained and preserved for the benefit of the Estate and the Reorganized Debtor, including without limitation, accord and satisfaction, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, statute of limitations or repose, discovery rule, adverse domination doctrine or similar doctrines, set off, recoupment, waiver, and all other defenses to Claims under the Bankruptcy Code, including under sections 502(b)(4) and 502(d).

21. <u>Equitable Subordination</u>. All rights or remedies for Equitable Subordination are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor against any Person asserting any Claim against the Estate, including all such rights or remedies pursuant to section 510(c) of the Bankruptcy Code. Without limiting the generality of the foregoing, this shall include all rights and remedies to Equitable Subordination as to any Claim asserted by Highland, any Affiliates of Highland, or any officers, directors, employees or equity interest owners of the Debtors, Highland, or any Affiliates thereof.

22.     <u>Recharacterization</u>.  All rights or remedies to recharacterize any Claim as an equity interest in either of the Debtors are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor against any Person asserting any Claim against the Estate. Without limiting the generality of the foregoing, this shall include all rights and remedies to recharacterize any Claim asserted by Highland, any Affiliates of Highland, or any officers, directors, employees or equity interest owners of the Debtors, Highland, or any Affiliates thereof.

Schedule 1 to Exhibit "A" to

**Third Amended Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

| NAME | ADDRESS | DATE OF PAYMENT | PAYMENT AMOUNT | REASON FOR PAYMENT ON SCHEDULES |
|---|---|---|---|---|
| Payments within 90 Days of Petition Date | | | | |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/2/2017 | $234,013.63 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/3/2017 | $941,958.57 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 12/8/2017 | $89,655.14 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 11/15/2017 | $2,068.13 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 11/30/2017 | $24,266.71 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 12/12/2017 | $1,718.79 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 12/29/2017 | $25,000.00 | Services |
| FINRA | 1735 K Street, NW Washington, DC 20006 | 11/22/2017 | $70.00 | Suppliers or Vendors |
| Highland CLO Management, Ltd. | PO Box 309, Ugland House Grand Cayman, KY1-1104, Cayman Islands | 12/19/2017 | $2,830,459.22 | Services |
| Payments to Insiders within One Year of Petition Date | | | | |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/1/2017 | $976,688.47 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/1/2017 | $1,096,033.37 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/2/2017 | $3,574.80 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/14/2017 | $67.44 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/17/2017 | $315,574.30 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/18/2017 | $438,497.51 | Services |

**Schedule 1 to Exhibit "A" to**

**Third Amended Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

| NAME | ADDRESS | DATE OF PAYMENT | PAYMENT AMOUNT | REASON FOR PAYMENT ON SCHEDULES |
|---|---|---|---|---|
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/18/2017 | $375,855.01 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/19/2017 | $330,249.69 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/1/2017 | $974,426.41 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/31/2017 | $2,809,518.47 | Unsecured loan repayments including interest |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/31/2017 | $581,036.15 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 7/18/2017 | $373,167.08 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/1/2017 | $971,603.02 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/7/2017 | $1,339,422.12 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/16/2017 | $53.41 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/18/2017 | $372,872.82 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/18/2017 | $728,702.26 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/24/2017 | $501,979.18 | Unsecured loan repayments including interest |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/25/2017 | $46,648.82 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/25/2017 | $67,966.85 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/1/2017 | $967,223.91 | Contractual Payment |

# Exhibit "2"
## [Redline – Plan Exhibit "A"]

**EXHIBIT "A"**
**to**
**Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

1.     Defined Terms.  This Exhibit "A" constitutes an integral part of the Plan of which it is a part.  Defined terms in the Plan are to be given the same meaning in this Exhibit "A".  The rules of construction set forth in Article I.B. of the Plan shall likewise apply to this Exhibit "A".

2.     Estate Claims Reserved, Retained and Preserved.  All Estate Claims are hereby reserved, retained and preserved, and shall all be transferred to, and vested in, the Reorganized Debtor pursuant to this Plan, and shall include without limitation all of the Estate Claims described below.  In reserving, retaining, and preserving Estate Claims against any named Person or category of Persons, it is the intent of this Plan to so reserve, retain, and preserve any and all Estate Claim against each such Person or category of Persons, including all such Estate Claims pursuant to any applicable common law, based on any contract or agreement or based upon any law, statute or regulation of any political entity, including the United States and any state or political subdivision thereof, as well as all applicable remedies, whether legal or equitable.  Without limiting the generality of the foregoing, the reservation, retention, and preservation of Estate Claims against any Person, and the term "Estate Claims," shall encompass all Estate Claims against any such Person, including without limitation, all such Estate Claims for breach of contract, all rights to enforce any contract, any form of estoppel, fraud, constructive fraud, abuse of process, malicious prosecution, defamation, libel, slander, conversion, trespass, intentional infliction of emotional distress or other harm, negligence, gross negligence, negligent misrepresentation, fraudulent misrepresentation, vicarious liability, respondeat superior, breach of any duty owed under either applicable law or any contract, breach of any fiduciary duty or duty of loyalty or due care, aiding and/or abetting breach of fiduciary duty, aiding and/or abetting breach of duty of loyalty or due care, alter ego, veil piercing, self-dealing, usurpation of corporate opportunity, ultra vires, turnover of Estate Assets, unauthorized use of Estate Assets, including intellectual property rights or Assets owned by the Debtors or Chapter 11 Trustee, quantum merit, tortious interference, duress, unconscionability, undue influence, and unjust enrichment, as well as any cause of action for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act, or claims arising from or relating to the filing of the involuntary bankruptcy petitions against the Debtors.

3.     Highland Claims.  All Estate Claims against Highland are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in Adversary Proceeding No. 18-03078-sgj (the "Highland Adversary") and Adversary Proceeding No. 18-03212-sgj (the "Trustee's Adversary").  The Estate Claims against Highland shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

       (a)     All such Claims asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

       (b)     All such Claims asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

       (c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the

Chapter 11 Trustee or Estate;

(d) All Avoidance Actions against Highland, including any claims to avoid and recover amounts transferred by the Debtors to Highland under the Shared Services Agreement or Sub-Advisory Agreement;

(e) All Claims for breach of the Shared Services Agreement or Sub-Advisory Agreement;

(f) All Claims against Highland for amounts paid by the Debtors to Highland under the Shared Services Agreement and Sub-Advisory Agreement, including any Claim that Highland overcharged Acis LP for services under such agreements, charged excessive fees in violation of Acis LP's limited partnership agreement and/or Acis GP's limited liability company agreement, and/or that the Shared Services Agreement and Sub-Advisory Agreement or any related or predecessor agreements are void or voidable based on ultra vires or any other theories of avoidance and recovery, including turnover, conversion and Avoidance Actions under the Bankruptcy Code;

(g) All Claims for breach of the PMAs or the Indentures;

(h) All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(i) All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(j) All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(k) All claims for tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS;

(l) All Claims against Highland for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(m) All Claims against Highland for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(n) All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland against the Debtors, Chapter 11 Trustee, or Estate;

(o) All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Highland or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(p) All Claims based on alter ego or rights to pierce the corporate veil of

Highland as to any Person, including as against any Affiliates of Highland, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland, and,

      (q)    All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

      4.    <u>HCLOF Claims</u>. All Estate Claims against HCLOF are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary and the Trustee's Adversary. The Estate Claims against HCLOF shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

      (a)    All such Claims against HCLOF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

      (b)    All such Claims against HCLOF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

      (c)    All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

      (d)    All Avoidance Actions against HCLOF;

      (e)    All Claims for breach of the PMAs or the Indentures;

      (f)    All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

      (g)    All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

      (h)    All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

      (i)    All Claims against HCLOF for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

      (j)    All Claims against HCLOF for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

      (k)    All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by HCLOF against the Debtors, Chapter 11 Trustee, or Estate;

(l)     All Claims based on alter ego or rights to pierce the corporate veil of HCLOF as to any Person, including as against any Affiliates of HCLOF or Highland, William Scott, Heather Bestwick, or any other officers, directors, equity interest holders, or Persons otherwise in control of HCLOF; and,

(m)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

5.     <u>Highland HCF Advisor, Ltd. Claims</u>.  All Estate Claims against Highland HCF Advisor, Ltd. ("<u>Highland HCF</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary.  The Estate Claims against Highland HCF shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

(a)     All such Claims against Highland HCF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against Highland HCF asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against Highland HCF;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against Highland HCF for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against Highland HCF for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland HCF against the Debtors, Chapter 11 Trustee, or

Estate;

(k)     All Claims based on alter ego or rights to pierce the corporate veil of Highland HCF as to any Person, including as against any Affiliates of Highland HCF or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland HCF; and,

(l)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

6.     <u>Highland CLO Management, Ltd. Claims</u>.  All Estate Claims against Highland CLO Management, Ltd. ("<u>Highland CLOM</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary.  The Estate Claims against Highland CLOM shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a)     All such Claims against Highland CLOM asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against Highland CLOM asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against Highland CLOM;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against Highland CLOM for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against Highland CLOM for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland CLOM against the Debtors, Chapter 11 Trustee, or Estate;

(k)     All Claims based on alter ego or rights to pierce the corporate veil of Highland CLOM as to any Person, including as against any Affiliates of Highland CLOM or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Highland CLOM; and,

(l)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

7.     CLO Holdco, Ltd. Claims.  All Estate Claims against CLO Holdco, Ltd. ("CLO Holdco") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary.  The Estate Claims against CLO Holdco shall include all Estate Claims set forth in paragraph 2 above, including without limitation, the following:

(a)     All such Claims against CLO Holdco asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against CLO Holdco asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against CLO Holdco;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against CLO Holdco for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against CLO Holdco for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)       All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Highland against the Debtors, Chapter 11 Trustee, or Estate;

(k)       All Claims based on alter ego or rights to pierce the corporate veil of CLO Holdco as to any Person, including as against any Affiliates of CLO Holdco or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of CLO Holdco; and,

(l)       All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

8.       <u>Neutra, Ltd. Claims</u>.  All Estate Claims against Neutra, Ltd. ("<u>Neutra</u>") are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary.  The Estate Claims against Neutra shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a)       All such Claims against Neutra asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)       All such Claims against Neutra asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)       All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)       All Avoidance Actions against Neutra;

(e)       All Claims for breach of fiduciary or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)       All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)       All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)       All Claims against Neutra for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)       All Claims against Neutra for the unauthorized use of Estate Assets

including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j) All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by Neutra against the Debtors, Chapter 11 Trustee, or Estate;

(k) All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Neutra, Highland, or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(l) All Claims based on alter ego or rights to pierce the corporate veil of Neutra as to any Person, including as against any Affiliates of Neutra or Highland, or any other officers, directors, equity interest holders, or Persons otherwise in control of Neutra; and,

(m) All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

9. <u>Claims against Issuers, Co-Issuers and Indenture Trustee</u>. All Estate Claims against CLO-3, CLO-4, CLO-5, and CLO-6 (collectively, the "<u>Issuers</u>"), Acis CLO 2014-3 LLC, Acis CLO 2014-4 LLC, Acis CLO 2014-5 LLC, and Acis CLO 2015-6 LLC (collectively, the "<u>Co-Issuers</u>"), and the Indenture Trustee are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Trustee's Adversary. The Estate Claims against the Issuers, Co-Issuers and/or Indenture Trustee shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a) All such Claims against the Issuers, Co-Issuers, and/or Indenture Trustee asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b) All such Claims against the Issuers, Co-Issuers, and/or Indenture Trustee asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c) All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d) All Avoidance Actions against the Issuers, Co-Issuers and/or Indenture Trustee;

(e) All Claims for breach of the Indentures, PMAs or any other agreements between Acis LP and the Issuers, Co-Issuers, and/or Indenture Trustee;

(f) All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(g) All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(h)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(i)     All Claims against the Issuers, Co-Issuers and/or Indenture Trustee for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(j)     All Claims against the Issuers, Co-Issuers and/or Indenture Trustee for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(k)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by the Issuers or Co-Issuers against the Debtors, Chapter 11 Trustee, or Estate; and,

(l)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

10.     <u>Highland Affiliate Claims</u>.  All Estate Claims against any Affiliates of Highland are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims asserted by the Chapter 11 Trustee in the Highland Adversary and the Trustee's Adversary.  The Estate Claims against any Affiliates of Highland shall include all Estate Claims set forth in paragraph 2 above, including without limitation the following:

(a)     All such Claims against any Highland Affiliate asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Highland Adversary;

(b)     All such Claims against any Highland Affiliate asserted by the Chapter 11 Trustee or Estate in, or which could be asserted based on the facts or transactions alleged in, the Trustee's Adversary;

(c)     All such Claims and Defenses asserted by the Chapter 11 Trustee or Estate, or which could be asserted by the Chapter 11 Trustee or Estate, based on the facts or transactions alleged in any other adversary proceedings or Claim Objections filed by the Chapter 11 Trustee or Estate;

(d)     All Avoidance Actions against any Highland Affiliate;

(e)     All Claims for breach of fiduciary duty or duty of loyalty or due care owed to the Debtors or Chapter 11 Trustee;

(f)     All Claims for aiding and/or abetting breach of fiduciary duty, breach of duty loyalty or due care, or any other unlawful act;

(g)     All Clams for usurpation of a corporate opportunity belonging to either of the Debtors, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs;

(h)     All Claims against any Highland Affiliate for the turnover of Estate Assets, including Estate property that the Chapter 11 Trustee may use, sell or lease under section 363 of the Bankruptcy Code including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate, as well as the turnover of any books, documents, records and papers relating to the Debtors' property or financial affairs;

(i)     All Claims against any Highland Affiliate for the unauthorized use of Estate Assets including, without limitation, any intellectual property rights or Assets owned by the Debtors or Estate;

(j)     All Claims, rights or remedies for Equitable Subordination or Recharacterization of any Claim by any Highland Affiliate against the Debtors, Chapter 11 Trustee, or Estate;

(k)     All Claims based on alter ego or rights to pierce the corporate veil of Acis LP as to any Person, including as against Highland, Neutra, or any Affiliates thereof, James D. Dondero, Mark K. Okada, or any other officers, directors, equity interest holders, or Persons otherwise in control of Acis LP;

(l)     All Claims based on alter ego or rights to pierce the corporate veil of any Highland Affiliate as to any Person, including as against any other Affiliates of Highland or any officers, directors, equity interest holders, or Persons otherwise in control of any Highland Affiliates; and,

(m)     All Claims for conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act.

11.     _Dondero Claims_.  All Estate Claims as defined in paragraph 2 above against James D. Dondero, individually, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims against James D. Dondero for fraud, constructive fraud, breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty or due care, self-dealing, ultra vires, conversion, usurpation of corporate opportunity, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs, tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS, conflict of interest, negligence, gross negligence, all Avoidance Actions, breach of contract, breach of the Shared Services Agreement, breach of the Sub-Advisory Agreement, breach of the Debtors' limited partnership agreement or limited liability company agreement, conspiracy to commit any unlawful act, aiding and abetting any unlawful act, and assisting, encouraging, and/or participating in any unlawful act, as well as any Claim to pierce the corporate veil of any entity to hold James D. Dondero individually liable.

12.     _Okada Claims_.  All Estate Claims as defined in paragraph 2 above against Mark K. Okada, individually, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor, including without limitation all such Estate Claims against Mark K. Okada for fraud, constructive fraud, breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of fiduciary duty, self-dealing, ultra vires, conversion, usurpation of corporate opportunity, including in relation to Acis CLO 2017-7, Ltd and any other Acis CLOs, tortious interference, including in relation to Universal-Investment-Luxembourg S.A. and BayVK R2 Lux S.A., SICAV-FIS, conflict of interest, negligence, gross negligence, all

Avoidance Actions, breach of contract, breach of the Shared Services Agreement, breach of the Sub-Advisory Agreement, breach of the Debtors' limited partnership agreement or limited liability company agreement, conspiracy to commit any unlawful act, aiding and abetting any unlawful act, and assisting, encouraging, and participating in any unlawful act, as well as any Claim to pierce the corporate veil of any entity to hold Mark K. Okada individually liable.

13. <u>Preference Claims</u>. All Avoidance Actions pursuant to section 547 of the Bankruptcy Code against any Person are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor for any payment made to any Person by either of the Debtors within ninety (90) days of the Petition Date (which was January 30, 2018), or made by either of the Debtors to any insider within one (1) year of the Petition Date. A non-exhaustive list of Persons who are believed to have received payments from either of the Debtors during the 90-day preference period, and the one-year preference period for Insiders, is attached to this **Exhibit "A"** as **Schedule "1"**. The Plan reserves, retains and preserves for the benefit of the Estate and Reorganized Debtor all potential Claims arising out of or relating to the transfers reflected in **Schedule "1"**, including all Avoidance Actions pursuant to section 547 of the Bankruptcy Code. All rights and remedies are also reserved. retained and preserved with respect to the transfers reflected in **Schedule "1"** pursuant to section 550 of the Bankruptcy Code.

**Schedule "1"** reflects transfers made by the Debtors during the 90 days prior to the Petition Date and transfers made by the Debtors to any insiders within one (1) year of the Petition Date. While the Plan reserves, retains and preserves all Avoidance Actions relating to the transfers reflected in **Schedule "1"**, the Chapter 11 Trustee recognizes that certain of these transfers may not constitute a preferential transfer pursuant to section 547(b) of the Bankruptcy Code as a transfer made in the ordinary course of business transactions or based upon new value subsequently given by the transferee. Consequently, the listing of a payment on **Schedule "1"** does not necessarily mean that a transferee will ever be sued to avoid and recover the payment, the transfer, or the value thereof, but only that the Plan reserves, retains and preserves all rights (including Avoidance Actions) as to that payment.

14. <u>Claims Against Officers, Managers and Members</u>. All Estate Claims as defined in paragraph 2 above are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against all present and past officers, employees, members and managers of the Debtors, including all such Estate Causes of Action based on breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty or due care, aiding and abetting breach of duty of loyalty or due care, self-dealing, usurpation of corporate opportunity, gross negligence or conspiracy. Without limiting the generality of the foregoing, this shall include all D&O Claims as against any present or former officer, director, employee, member, manager, or partner.

15. <u>Claims Against Former Attorneys and Law Firms</u>. All Estate Claims as defined in paragraph 2, above, including Claims for breach of any fiduciary duty or duty of loyalty or due care, conspiracy to commit any unlawful act, aiding and/or abetting any such unlawful act, or assisting, encouraging, and/or participating in any such unlawful act, including knowingly aiding, abetting, or assisting with a fraudulent transfer to avoid paying a judgment, negligent or fraudulent misrepresentation, vicarious liability, and respondeat superior, as well as all Claims for legal or professional malpractice, are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against all law firms and attorneys who and which rendered legal services to the Debtors on a prepetition basis including, but not limited to, the following:

(a)      Cole Schotz, P.C.

(b)      Michael D. Warner

(c)      Jacob Frumkin

(d)      Warren A. Usatine

(e)      McKool Smith

(f)      Gary Cruciani

(g)      Michael Fritz

(h)      Carson Young

(i)      Lackey Hershman, LLP

(j)      Stinson Leonard Street LLP

(k)      Paul Lackey, Esq.

(l)      Michael Aigen, Esq.

(m)      Abrams & Bayliss, LLP

(n)      Kevin G. Abrams

(o)      A. Thompson Bayliss

(p)      Jones Day

(q)      Hilda C. Galvan

(r)      Michael Weinberg

(s)      Reid Collins & Tsai, LLP

(t)      Lisa Tsai

(u)      Stanton, LLP

(v)      James M. Stanton

(w)      Hunton Andrews Kurth

(x)      Marc Katz

(y)      Greg Waller

(z)      any other law firm or attorney who may be so named at a later date by the Reorganized Debtor.

15.16.  Retention of Claims Against Specific Persons or Categories of Persons.  In addition to the foregoing, all Estate Claims as defined in paragraph 2 above are hereby reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor against the following Persons:

        (a)     William Scott;

        (b)     Heather Bestwick;

        (c)     Any other Person who may be so named at a later date by the Reorganized Debtor.

16.17.  Counterclaims.  All Estate Claims as defined in paragraph 2 above are reserved, retained and preserved for the benefit of the Estate and Reorganized Debtor both as a basis for an affirmative recovery against the Person against whom such Claims are asserted and as a counterclaim or offset against any Person who asserts a Claim against the Estate or Reorganized Debtor.

17.18.  Piercing the Corporate Veil.  With respect to all Estate Claims against any Person, all rights to pierce or ignore the corporate veil are hereby reserved, retained and preserved for the benefit of the Estate and the Reorganized Debtor.  Without limiting the generality of the foregoing, this shall include: (a) any right to pierce the corporate veil, including reverse piercing, on any theory or basis, including alter ego or any theory of sham to perpetrate a fraud, and (b) any Claim or basis to pierce the corporate veil of any entity with respect to establishing personal liability against James D. Dondero or Mark K. Okada.

18.19.  Avoidance Actions.  All Avoidance Actions are hereby reserved, retained and preserved as to all Persons.  The reservation, retention and preservation of such Avoidance Actions shall include the reservation, retention and preservation for the benefit of the Estate and Reorganized Debtor of all rights and remedies pursuant to section 550 of the Bankruptcy Code.

19.20.  Estate Defenses.  All Estate Defenses are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor as against any Person asserting any Claim against the Estate.  This includes asserting all Estate Claims as an offset to, or counterclaim or right of recoupment against, any Person asserting a Claim against the Estate. All defenses and affirmative defenses pursuant to applicable law are hereby reserved, retained and preserved for the benefit of the Estate and the Reorganized Debtor, including without limitation, accord and satisfaction, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, statute of limitations or repose, discovery rule, adverse domination doctrine or similar doctrines, set off, recoupment, waiver, and all other defenses to Claims under the Bankruptcy Code, including under sections 502(b)(4) and 502(d).

20.21.  Equitable Subordination.  All rights or remedies for Equitable Subordination are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor against any Person asserting any Claim against the Estate, including all such rights or remedies pursuant to section 510(c) of the Bankruptcy Code.  Without limiting the generality of the foregoing, this shall include all rights and remedies to Equitable Subordination as to any Claim asserted by Highland, any Affiliates of Highland, or any officers, directors, employees or equity

interest owners of the Debtors, Highland, or any Affiliates thereof.

21.22.  Recharacterization.  All rights or remedies to recharacterize any Claim as an equity interest in either of the Debtors are hereby reserved, retained and preserved in favor of the Estate and Reorganized Debtor against any Person asserting any Claim against the Estate. Without limiting the generality of the foregoing, this shall include all rights and remedies to recharacterize any Claim asserted by Highland, any Affiliates of Highland, or any officers, directors, employees or equity interest owners of the Debtors, Highland, or any Affiliates thereof.

**Schedule 1 to Exhibit "A" to**
**Third Amended Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

| NAME | ADDRESS | DATE OF PAYMENT | PAYMENT AMOUNT | REASON FOR PAYMENT ON SCHEDULES |
|---|---|---|---|---|
| Payments within 90 Days of Petition Date | | | | |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/2/2017 | $234,013.63 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/3/2017 | $941,958.57 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 12/8/2017 | $89,655.14 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 11/15/2017 | $2,068.13 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 11/30/2017 | $24,266.71 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 12/12/2017 | $1,718.79 | Services |
| David Simek | 31 Woodacres Road Brookville, NY 11545 | 12/29/2017 | $25,000.00 | Services |
| FINRA | 1735 K Street, NW Washington, DC 20006 | 11/22/2017 | $70.00 | Suppliers or Vendors |
| Highland CLO Management, Ltd. | PO Box 309, Ugland House Grand Cayman, KY1-1104, Cayman Islands | 12/19/2017 | $2,830,459.22 | Services |
| Payments to Insiders within One Year of Petition Date | | | | |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/1/2017 | $976,688.47 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/1/2017 | $1,096,033.37 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/2/2017 | $3,574.80 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 2/14/2017 | $67.44 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/17/2017 | $315,574.30 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/18/2017 | $438,497.51 | Services |

Schedule 1 to Exhibit "A" to
**Third Amended Joint Plan for Acis Capital Management, LP and Acis Capital Management GP, LLC**

| NAME | ADDRESS | DATE OF PAYMENT | PAYMENT AMOUNT | REASON FOR PAYMENT ON SCHEDULES |
|---|---|---|---|---|
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/18/2017 | $375,855.01 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 4/19/2017 | $330,249.69 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/1/2017 | $974,426.41 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/31/2017 | $2,809,518.47 | Unsecured loan repayments including interest |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 5/31/2017 | $581,036.15 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 7/18/2017 | $373,167.08 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/1/2017 | $971,603.02 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/7/2017 | $1,339,422.12 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 8/16/2017 | $53.41 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/18/2017 | $372,872.82 | Contractual Payment |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/18/2017 | $728,702.26 | Services |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/24/2017 | $501,979.18 | Unsecured loan repayments including interest |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/25/2017 | $46,648.82 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 10/25/2017 | $67,966.85 | Expense Reimbursement |
| Highland Capital Management, LP | 300 Crescent Court, Ste. 700 Dallas, TX 75208 | 11/1/2017 | $967,223.91 | Contractual Payment |

# Exhibit "3"
## [Service Lists]

# Notice Service List
## Acis Capital Mgmt./Phelan
## #5980

**BNP Paribas Securities Services**
**Luxembourg Branch**
**60 Avenue John F. Kennedy**
**1855 Luxembourg**

United States Trustee
Lisa Lambert
1100 Commerce St., Room 976
Dallas, TX 75242

Acis CLO 2013-1 Chemical Holdings, LLC
Acis CLO 2013-2 Chemical Holdings, LLC
Acis CLO 2014-3 Chemical Holdings, LLC
1209 Orange Street
Wilmington, DE 19801-1120

Dallas County
c/o Laurie Spindler
Linebarger, Goggan, Blair & Sampson LLP
2777 N Stemmons Frwy, No 1000
Dallas, TX 75207-2328

Dallas County
c/o Sherrel K Knighton
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

Acis CLO 2014-4 Chemical Holdings, LLC
Acis CLO 2014-5 Chemical Holdings, LLC
Acis CLO 2015-6 Chemical Holdings, LLC
1209 Orange Street
Wilmington, DE 19801-1120

Acis CLO Management, LLC
Acis CLO Value GP, LLC
1209 Orange Street
Wilmington, DE 19801-1120

**Acis CLO Value Fund II (Cayman), L.P.**
**Acis CLO Value Fund II GP, LLC**
**Acis CLO Value Master Fund II, L.P.**
**PO Box 309, Ugland House**
**Grand Cayman, Cayman Islands KY1-1104**

Acis CLO Value Fund II, L.P.
Acis Loan Funding, Ltd.
Acis Capital Management GP, LLC
300 Crescent Court, Suite 700
Dallas, TX 75201-7849

**Acis Funding GP, Ltd.**
**Acis Funding L.P.**
**c/o Maples Corporate Services Limited**
**P0 Box 309, Ugland House**
**Grand Cayman, Cayman Islands KY1 -1104**

**CLO Holdco, Ltd.**
**c/o Intertrust Corp. Srvs. (Cayman) Ltd.**
**190 Elgin Ave., George Town**
**Grand Cayman, Cayman Islands KY1-9005**

**State Street (Guernsey) Limited**
**First Floor Dorey Court**
**Admiral Park, St. Peter Port, Guernsey**

Mizuho Securities USA Inc.
320 Park Ave., 12th Floor
New York, NY 10022-6848

U. S. Bank National Association
Attn: Michael Zak
60 Livingston Ave., EP-MN-WS3D
Saint Paul, MN 55107-2292

The Dugaboy Investment Trust
300 Crescent Court, Suite700
Dallas, TX 75201-1876

US Bank National Association
c/o Daniel P. Novakov
Frost Brown Todd LLC
100 Crescent Court, Suite 350
Dallas, TX 75201-2348

US Bank National Association
c/o Mark D. Kotwick, Arlene Alves
Seward & Kissell LLP
One Battery Park Plaza
New York, NY 10004-1405

Acis Capital Management, LP
c/o Michael D. Warner
Cole Schotz P.C.
1700 City Center Tower II
301 Commerce St.
Fort Worth, TX 76102-4140

Robin Phelan, Chapter 11 Trustee
Phelenlaw
4214 Woodfin Drive
Dallas, TX 75220-6416

Acis Capital Management, LP
c/o Warren A. Usatine
Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601-7189

The Bank of N.Y. Mellon Trust Co., N.A.
225 Liberty Street
New York, NY 10286-0001

Texas Comptroller of Public Accounts
c/o John M. Stern, Asst. Attorney General
Bankruptcy & Collection Div. MC 008
PO Box 12548
Austin, TX 78711-2548

Securities and Exchange Commission
801 Cherry Street, Suite 1900, Unit 18
Fort Worth, TX 76102

**BayVK R2 Lux S.A., SICAV-FIS**
**15 Rue de Flaxweiler**
**L-6776 Grevenmacher**
**Luxembourg**

Office of the United States Attorney
3rd Floor, 1100 Commerce Street
Dallas, Texas 75242-1699

Office of the Attorney General
Main Justice Building, Room 5111
10th & Constitution Avenue, N.W.
Washington, D.C. 20530

Internal Revenue Service
Special Procedures – Insolvency
P.O. Box 7346
Philadelphia, PA 1901-7346

US Bank
PO Box 5229
Cincinnati, OH 45201-5229

**Universal-Investment-Luxembourg S.A.**
**15 Rue de Flaxweiler**
**L-6776 Grevenmacher**
**Luxembourg**

Universal-Inv.-Luxembourg SA/BayVK R2 Lux
c/o Andrew Zollinger
DLA Piper LLP
1717 Main St., Suite 4600
Dallas, TX 75201-4629

Diane G. Reed
Reed & Elmquist, PC
501 N. College St.
Waxahachie, TX 75165-3361

**Hewett's Island CLO I-R, Ltd.**
**c/o Maples Finance Limited**
**PO Box 1093, Queensgate House**
**South Church St., George Town**
**Grand Cayman, Cayman Island KY1-1102**

Universal-Inv.-Luxembourg SA/BayVK R2 Lux
c/o Thomas Califano/Shmuel Klahr
DLA Piper LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Diane G. Reed
c/o David W. Elmquist
Reed & Elmquist, PC
501 N. College St.
Waxahachie, TX 75165-3361

**Highland HCF Advisor, Ltd.**
**c/o Maples Corporate Services, Ltd.**
**P.O. Box 309, Ugland House,**
**South Church Street, George Town**
**Grand Cayman, Cayman Island KY1-1004**

Highland HCF Advisor, Ltd.
c/o James Dondero, President
300 Crescent Court, Suite 700
Dallas, TX 75201

**Highland CLO Management, Ltd.**
**c/o Maples Corporate Services, Ltd.**
**P.O. Box 309, Ugland House,**
**South Church Street, George Town**
**Grand Cayman, Cayman Island KY1-1004**

Highland CLO Management, Ltd.
c/o Strand Advisors, Inc., Attn. James Dondero
300 Crescent Court, Suite 700
Dallas, TX 75201

Highland CLO Management, Ltd.
c/o Strand Advisors, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**Acis CLO 2013-1 Ltd.**
**Acis CLO 2013-2**
**c/o Estera Trust (f/k/a Appleby Trust)**
**Clifton House 75 Fort St., P.O. Box 1350**
**Grand Cayman, Cayman Islands KY 1-1108**

U.S. Bank National Association
Attention: Global Corporate Trust –
Acis CLO 2013-1 and 2013-2190 S. LaSalle
Street, 8th Floor
Chicago, IL 60603

Acis CLO 2013-1 LLC
Acis CLO 2013-2 LLC
850 Library Ave., Suite 204
Newark, DE 19711

**Acis CLO 2014-3 Ltd.**
**Acis CLO 2014-4 Ltd.**
**c/o MaplesFS Limited**
**P.O. Box 1093, Boundary Hall, Cricket Sq**
**Grand Cayman, Cayman Islands KY1-1102**

U.S. Bank National Association
Attention: Global Corporate Trust –
Acis CLO 2014-3 and 2014-4190 S. LaSalle
Street, 8th Floor
Chicago, IL 60603

Acis CLO 2014-3 LLC
Acis CLO 2014-4
850 Library Ave., Suite 204
Newark, DE 19711

**Acis CLO 2014-5 Ltd.**
**Acis CLO 2015-6 Ltd.**
**c/o MaplesFS Limited**
**P.O. Box 1093, Boundary Hall, Cricket Sq**
**Grand Cayman, Cayman Islands KY1-1102**

U.S. Bank National Association
Attention: Global Corporate Trust –
Acis CLO 2014-5 and Acis CLO 2015-6190 S.
LaSalle Street, 8th Floor
Chicago, IL 60603

Acis CLO 2014-5 LLC
Acis CLO 2015-6 LLC
850 Library Ave., Suite 204
Newark, DE 19711

**Acis CLO 2015-6 Ltd.**
**P.O. Box 1093, Boundary Hall, Cricket Sq**
**Grand Cayman, KY1-1102, Cayman Islands**

Deutsche Bank Trust Company Americas
Attn: CDO Business Unit – Hewett's
Island CLO 1-R
1761 East St. Andrew Place
Santa Ana, CA 92705

**Acis Loan Funding, Ltd.**
**First Floor, Dorey Court**
**St. Peter Port, Guernsey GYI 6HJ**
**Channel Islands**

**Acis CLO 2017-7 Ltd.**
**c/o MapleFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1 -1102**

*Highlands Service List*
*ACIS #5980*

Highland CLO Funding, Ltd.
c/o Paul R. Bessette/Rebecca Matsumura
King & Spalding LLP
500 West 2nd St., Suite 1800
Austin, TX 78701-4684

Highland CLO Funding, Ltd.
c/o Daniel Elms/Heather Jobe/Scott Larson
Bell Nunnally & Martin LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204

Highland CLO Funding Ltd.
c/o Mark M. Maloney/W. Austin Jowers
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309

Highland CLO Funding, Ltd.
c/o Michael K. Hurst/Ben A. Barnes
Lynn Pinker Cox & Hurst LLP
2100 Ross Ave., Suite 2700
Dallas, TX 75201

Highland CLO Funding, Ltd.
c/o H. O'Neil, J. Binford, S. Beck, M. Bales
Foley Gardere Foley & Lardner, LLP
2021 McKinney Ave., Suite 1600
Dallas, TX 75201

**Highland CLO Funding, Ltd.**
**First Floor, Dorey Court**
**Admiral Park, St. Peter Port**
**Guernsey GY1 6HJ, Channel Islands**

Highland CLO Management, Ltd.
c/o Strand Advisors, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**Highland CLO Management, Ltd.**
**c/o Maples Corporate Services, Ltd.**
**P.O. Box 309, Ugland House,**
**South Church Street, George Town**
**Grand Cayman, Cayman Island KY1-1004**

**Highland CLO Management, Ltd.**
**P.O. Box 309 Ugland House**
**South Church Street**
**George Town, Grand Cayman KY1-1004**

**Highland CLO Management, Ltd.**
**c/o Summit Management Ltd.**
**P.O. Box 32311**
**Grand Cayman, KY1-1209**
**Cayman Islands**

**Highland CLO Management, Ltd.**
**c/o Summit Management Ltd.**
**Suite #4-210 Governor's Square**
**23 Lime Tree Bay Avenue**
**Grand Cayman, Cayman Islands**

**Highland HCF Advisor, Ltd.**
**c/o Maples Corporate Services, Ltd.**
**P.O. Box 309, Ugland House,**
**South Church Street, George Town**
**Grand Cayman, Cayman Island KY1-1004**

Highland HCF Advisor, Ltd.
c/o James Dondero, President
300 Crescent Court, Suite 700
Dallas, TX 75201

Highland CLO Management, Ltd.
c/o Strand Advisors, Inc.
Attn. James Dondero
300 Crescent Court, Suite 700
Dallas, TX 75201

Neutra, Ltd.
c/o Daniel Elms/Heather Jobe/Scott Larson
Bell Nunnally & Martin LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204

Neutra, Ltd.
c/o Michael K. Hurst/Ben A. Barnes
Lynn Pinker Cox & Hurst LLP
2100 Ross Ave., Suite 2700
Dallas, TX 75201

Neutra, Ltd.
c/o H. O'Neil, J. Binford, S. Beck, M. Bales
Foley Gardere Foley & Lardner, LLP
2021 McKinney Ave., Suite 1600
Dallas, TX 75201

**CLO Holdco, Ltd.**
**c/o Intertrust Corp. Srvs. (Cayman) Ltd.**
**190 Elgin Ave., George Town**
**Grand Cayman, Cayman Islands KY1-9005**

CLO Holdco, Ltd.
c/o Daniel Elms/Heather Jobe/Scott Larson
Bell Nunnally & Martin LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204

CLO Holdco, Ltd.
c/o H. O'Neil, J. Binford, S. Beck, M. Bales
Foley Gardere Foley & Lardner, LLP
2021 McKinney Ave., Suite 1600
Dallas, TX 75201

The Dugaboy Investment Trust
300 Crescent Court, Suite700
Dallas, TX 75201-1876

# Noteholders List

# [Confidential]

## Creditors Service List
### Acis Capital Mgmt./Phelan
### #5980

## Class 2

Joshua N. Terry
25 Highland Park Village
Suite 100-848
Dallas, TX 75205-2726

Joshua N. Terry
c/o Brian P. Shaw/John M. Lynch
Rogge Dunn Group, PC
1201 Elm St., Suite 5200
Dallas, TX 75270

Joshua N. Terry
350 9 Princeton Ave.
Dallas, TX 75205-3246

## Class 3

Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, TX 77002-2929

CSI Global Deposition Services
4950 N. O'Connor Road, Suite 152
Irving, TX 75062 - 2778

CT Corporation
P0 Box 4349
Carol Stream, IL 60197-4349

Case Anywhere LLC
21860 Burbank Blvd., Suite 125
Woodland Hills, CA 91367-7447

David Langford
1321 Indian Creek
DeSoto, TX 75115-3652

David Simek
31 Woodacres Road
Brookville, NY 11545-2911

Drexel Limited
309 23rd Street, #340
Miami Beach, FL 33139-1700

Elite Document Technology
400 N. Saint Paul St., Suite 1300
Dallas, TX 75201-6881

Highfield Equities, Inc.
3131 McKinney Ave., Suite 215
Dallas, TX 75204-2421

JAMS, Inc.
18881 Von Karman Ave., Suite 350
Irvine, CA 92612-6589

Jones Day
2727 N. Harwood Street
Dallas, TX 75201-1568

Lackey Hershman LLP
3102 Oak Lawn Ave., Suite 777
Dallas, TX 75219-4259

KPMG LLP (USA)
Two Financial Center
60 South Street
Boston, MA 02111-2759

KPMG LLP
2323 Ross Ave., Suite 1400
Dallas, TX 75201-2721

KPMG LLP
Aon Center
200 E. Randolph St., Suite 5500
Chicago, IL 60601-6607

McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201-6970

Reid Collins & Tsai, LLP
Building C, Suite 300
1301 S. Capital of Texas Highway
Austin, TX 78746-6550

Stanton Advisors LLC
300 Coles St., Apt. 802
Jersey City, NJ 07310-1047

Stanton Law Firm
9400 North Central Expwy., Suite 1304
Dallas, TX 75231-5047

The TASA Group, Inc.
1166 DeKalb Pike
Blue Bell, PA 19422-1853

Acis CLO 2013-1, Ltd., et al.
c/o David Neier
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166-4193

Acis CLO 2013-1 LLC
850 Library Ave., Suite 204
Newark, DE 19711

Acis CLO 2014-3 LLC
850 Library Ave., Suite 204
Newark, DE 19711

Acis CLO 2014-4 LLC
850 Library Ave., Suite 204
Newark, DE 19711

Acis CLO 2014-5 LLC
850 Library Ave., Suite 204
Newark, DE 19711

Acis CLO 2015-6 LLC
850 Library Ave., Suite 204
Newark, DE 19711

**Directors - Acis CLO 2013-1 Ltd.**
**75 Fort St., Clifton House**
**PO Box 1350**
**George Town, Grand Cayman**
**Cayman Island, KY1-1108**

**Directors - Acis CLO 2014-3 Ltd.**
**PO Box 1093**
**KY1-1102, Cricket Square**
**Grand Cayman**

**Directors - Acis CLO 2014-4 Ltd.**
**PO Box 1093**
**KY1-1102, Cricket Square**
**Grand Cayman**

**Directors - Acis CLO 2014-5 Ltd.**
**PO Box 1093**
**KY1-1102, Cricket Square**
**Grand Cayman**

**Directors - Acis CLO 2015-6 Ltd.**
**PO Box 1093**
**KY1-1102, Cricket Square**
**Grand Cayman**

**Acis CLO 2013-1, Ltd.**
**c/o Appleby Trust, Attn: Directors**
**Clifton House 75 Fort St., P0 Box 13**
**Grand Cayman, Cayman Islands KY1-1108**

**Acis CLO 2013-2 Ltd.**
**c/o MaplesFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1-1102**

**Acis CLO 2014-3 Ltd.**
**c/o MaplesFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1-1102**

**Acis CLO 2014-4 Ltd.**
**c/o MapleFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1-1102**

**Acis CLO 2014-5 Ltd.**
**c/o MapleFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1-1102**

**Acis CLO 2015-6 Ltd.**
**c/o MapleFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1 -1102**

**Acis CLO 2017-7 Ltd.**
**c/o MapleFS Limited, Attn: Directors**
**PO Box 1093, Boundary Hall, Cricket Sq.**
**Grand Cayman, Cayman Islands KY1 -1102**

Acis CLO 2013-1, Ltd., et al.
c/o Thomas Melsheimer/Lane Webster
Winston & Strawn LLP
2501 N. Harwood St., 17th Floor
Dallas, TX 75201

Jennifer G. Terry
25 Highland Park Village, Suite 100-848
Dallas, TX 75205

Hunton Andrews Kurth LLP
c/o M. Christine Klein, Dep. Gen. Counsel
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23219

Patrick H. Daugherty
3621 Cornell Ave.
Dallas, TX 75250

Stinson Leonard Street LLP
Attn: Paul Lackey
3102 Oak Lawn Ave., Suite 777
Dallas, TX 75219

**Class 4**

Highland Capital Management, LP
300 Crescent Court, Suite 700
Dallas, TX 75201-7849

Highland Capital Management, LP
1209 Orange Street
Wilmington, DE 19801-1120

Highland Capital Management, LP
c/o Michael K. Hurst/Ben A. Barnes
Lynn Pinker Cox & Hurst LLP
2100 Ross Ave., Suite 2700
Dallas, TX 75201

Highland Capital Management, LP, Highland
c/o H. O'Neil, J. Binford, S. Beck, M. Bales
Foley Gardere Foley & Lardner, LLP
2021 McKinney Ave., Suite 1600
Dallas, TX 75201