Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR NEUTRA LTD.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P. and | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | (Jointly Administered Under Case No. |
| | § | 18-30264-SGJ-11) |
| | § | |
| Debtors. | § | Chapter 11 |

**BENCH BRIEF OF NEUTRA LTD. - DIVESTITURE DOCTRINE**

This is a bench brief submitted by Neutra Ltd. to address the divestiture doctrine asserted in Neutra Ltd.'s objection [Doc. 723] to approval of the disclosure statement [Doc. No. 661] and confirmation of the third amended plan of reorganization [Doc. No. 660, 696, 702].

**I.
SUMMARY**

1. After this Court issued orders for relief herein, Neutra appealed the orders to the district court. The appeals are pending in No. 3:18-CV-1056-D (consolidated with No. 3:18-CV-1057-D, No. 3:18-CV-1073-D and No. 3:18-CV-1084-D). The appeal has been fully briefed. The parties await a ruling from the district court. Those appeals challenge this Court's subject matter jurisdiction to enter the orders for relief and related decisions.

## II.
## ARUGMENT

2. Under the divestiture doctrine, this court is divested of jurisdiction to confirm the proposed Plan D while the appeals of the orders for relief are pending. "It is a fundamental tenant of federal civil procedure that, subject to certain, defined exceptions, the filing of a notice of appeal from a final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. (citations omitted). This rule applies with equal force to bankruptcy cases." *In re TransTexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")).

3. The purpose of the rule is to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process. *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007). Where a question exists as to whether the trial court has lost jurisdiction, doubt should be resolved in favor of awaiting disposition of the appeal. *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, No. 05-245, 2009 WL 3805569, at *3 (D. Del. Nov. 12, 2009).

4. The leading case in the Fifth Circuit is *TransTexas*, where the Fifth Circuit has applied the divestiture doctrine and noted that in the bankruptcy context, "the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that <u>are not</u> the subject of that appeal." *TransTexas*, 303 F.3d at 580 (n. 2) (emphasis added). Thus, "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co.*

*(In re Scopac)*, 624 F.3d 274, 280 (5th Cir. 2010) (citing *Whispering Pines,* 369 B.R. at 759). During the appeal, the lower court may not alter or expand its judgment. *Clark v. Gugino (In re Clark)*, No. ID-15-1065-KiFJu, 2016 Bankr. LEXIS 984, at *20 (B.A.P. 9th Cir. Mar. 29, 2016). The appealed order must "remain intact for the appellate court to review." *Cibro Petroleum Prods., Inc. v. Albany (In re Winimo Realty Corp.)*, 270 B.R. 99, 105 (S.D.N.Y. 2001).

5.  The U.S. District Court Northern District of Texas applied the divestiture doctrine in *Sony Elecs., Inc. v. Daisytek, Inc. (In re Daisytek, Inc.)*, No. 3:04-CV-0754-G, 2004 U.S. Dist. LEXIS 14508 (N.D. Tex. July 29, 2004). In *Daisytek*, the bankruptcy court entered a settlement order allowing Sony Electronics, a creditor, to receive a reclamation claim against the Debtors. *Id.* at 4. The Bank Group (a group of lenders) appealed the settlement order claiming it had a security interest that extinguished Sony's claim. *Id.* at 5. Later in the case, the bankruptcy court granted a motion by the Debtors that asked the bankruptcy court to revisit the effect that the Bank Group's security interests had on Sony's claim. *Id.* at 12. Sony objected, arguing that the court was divested of jurisdiction over the issue of its claim pending the Bank Group's appeal of the settlement order. *Id.* at 6-7. The district court agreed with Sony. *Id.* at 15. Because the question of whether the Bank Group's security interests extinguished Sony's claim was on appeal, the bankruptcy court could not reconsider the matter while the appeal was pending. *Id.* at 14.

6.  Here, the question is whether confirming Plan D would interfere with Neutra's appeal. Orders for relief are final orders that are appealable. 11 U.S.C. § 303; *In re Mason,* 709 F.2d 1313, 1316 (9th Cir. 1983). The issues stated by Neutra in its timely appeal are:

- "The question is whether the bankruptcy court erred in issuing Orders for Relief against the Debtors based on involuntary bankruptcy petitions filed against them."

- "Did the court err in denying the debtors' motion to dismiss the involuntary petitions for lack of subject matter jurisdiction (or alternatively to compel arbitration) where petitioning creditor Joshua Terry had signed a contract with the debtors providing for mediation and arbitration of their dispute and precluding them from "fil[ing] a suit in court" or "initiat[ing] a judicial suit"?"

- "Did the court err in not dismissing the involuntary petitions where evidence showed that the sole petitioning creditor, Terry, had filed in bad faith for the sole purpose of collecting his judgment against the debtors?"

- "Did the court err in not abstaining in this two-party dispute between Terry and debtor Acis Capital Management LP, where the bankruptcy is injuring Acis and Neutra (and others), and Terry can pursue collection of his judgment in state court? (emphasis added)."

*See* Brief of Appellant Neutra, Ltd., at 2-3, *Neutra, Ltd., et al., v. Joshua N. Terry, et al.*, No. 3:18-CV-1056-D, ECF No. 11. The district court must decide if it was proper for this Court to assert jurisdiction over the Debtors' estate by issuing orders for relief.

7. Confirmation of Plan D would interfere with the district court's jurisdiction in the appeal by effectively extracting the Debtors (which become "Reorganized Debtor" under Plan D) from the bankruptcy cases. Plan D implements no action as to the bankruptcy estates' property—i.e., the assets of Acis LP and Acis GP. Instead, it purports to change the equity ownership of the debtors, and it purports to issue an injunction against non-debtors, precluding them from exercising their contract and property rights. But none of the contract or property rights owned by the Debtors is adjusted, sold, or transferred; rather, those rights remain intact for the Reorganized Debtors. In short, Plan D takes no action under Chapter 11 to "reorganize" the Debtors, themselves. But it has the profound effect of stripping Neutra of all of its rights and enjoining the exercise of certain rights of non-debtor third parties.

8. Plan D effectively implements a prejudgment attachment or garnishment, for the primary benefit of Josh Terry. It provides him a "remedy" that should have been pursued in state or federal court, without the assertion or assistance of bankruptcy jurisdiction under 28 U.S.C. §

1334. In short, Plan D is a "plan of reorganization" in name only. It is a prejudgment attachment or garnishment of third-party property, in the <u>form</u> of a bankruptcy plan of reorganization, but not in substance.

9. Acting as it does to grant non-bankruptcy relief under the guise of implementing a bankruptcy plan of reorganization, Plan D effectively extracts the Debtors from the bankruptcy and substantively implements a taking of Neutra's property rights for Mr. Terry's sole benefit. This is directly among the issues raised by Neutra in its appeal.

10. While that appeal is pending, this Court is divested of jurisdiction to make the decision to confirm Plan D.

## III.
## RESERVATION OF RIGHTS

11. Nothing herein shall be construed as an admission of, or concession to, any fact contained in the disclosure statement or proposed plan of reorganization, as amended, and Neutra reserves all rights to contest all legal and factual allegations at the confirmation hearing.

Dated: December 5, 2018

Respectfully submitted,

*/s/ Holland N. O'Neil*
Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com
jbinford@foley.com
sbeck@foley.com
mbales@foley.com

and

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com
bbarnes@lynnllp.com

**COUNSEL FOR NEUTRA LTD.**

**CERTIFICATE OF SERVICE**

This is to certify that on December 5, 2018, a true and correct copy of the foregoing was served electronically via the Court's ECF system on those parties registered to receive such service.

*/s/ Jason B. Binford*
Jason B. Binford