PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| ACIS CAPITAL MANAGEMENT, L.P., ET AL, | § § § | Case No. 18-30264-sgj11 |
| Debtor. | § § | |

**STATEMENT OF INTERESTED PARTY IN RESPONSE TO MOTION OF NEXPOINT STRATEGIC OPPORTUNITIES FUND TO CONFIRM DISCHARGE OR PLAN INJUNCTION DOES NOT BAR LAWSUIT, OR ALTERNATIVELY, FOR RELIEF FROM ALL APPLICABLE INJUNCTIONS**

Highland Capital Management, L.P. ("HCMLP") respectfully submits this *Statement of Interested Party in Support of Objections to Motion of NexPoint Strategic Opportunities Fund to*

*Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or Alternatively, for Relief from All Applicable Injunctions* (the "Statement") and, in support thereof, states as follows:

## STATEMENT

1.  Highland CLO Funding, Ltd. ("HCLOF"),[1] holds 100% of the subordinated notes (*i.e.*, the equity) issued by the Acis CLOs,[2] except for 13% of the subordinated notes in Acis 2015-6 allegedly held by NexPoint Strategic Opportunities Fund ("NHF"). In turn, HCMLP and its wholly owned subsidiary, HCMLP Investments, LLC ("HCMLPI"),[3] own 50.62% of HCLOF's interests.[4] Accordingly, HCMLP has the greatest economic interest in the outcome of this dispute.

2.  On April 28, 2021, HCLOF and Acis Capital Management, L.P. ("Acis"), among others, entered into a settlement agreement pursuant to which HCLOF released all of its claims against Acis and Joshua Terry, among others (the "Acis/HCLOF Settlement"),[5] that arose prior to the effective date of the Acis/HCLOF Settlement. In turn, Acis agreed to a consensual optional redemption of the Acis CLOs and distribution of the proceeds therefrom. Acis has successfully liquidated the vast majority of the Acis CLOs' collateral and paid off ***all*** the secured, senior notes issued by the Acis CLOs. The only obligations of the Acis CLOs still outstanding are the

---

[1] HCLOF is managed by its Guernsey directors and advised by Highland HCF Advisors, Ltd. ("HHCFA"), its investment manager. HHCFA is a wholly owned subsidiary of HCMLP. HCLOF's current directors are two independent directors appointed on July 7, 2020, who have worked cooperatively with HHCFA and James P. Seery, Jr., HCMLP's Court-approved chief executive officer and chief restructuring officer, since their appointment. Both HCLOF and HHCFA support the filing of this Statement.

[2] "Acis CLOs" collectively refers to (i) Acis CLO 2014-3 Ltd. and Acis CLO 2014-3 LLC ("Acis 2014-3"); (ii) Acis CLO 2014-4 Ltd. and Acis CLO 2014-4 LLC ("Acis 2014-4"); (iii) Acis CLO 2014-5 Ltd. and Acis CLO 2014-5 LLC ("Acis 2014-5"); and (iv) Acis CLO 2015-6 Ltd. and Acis CLO 2015-6 LLC ("Acis 2015-6").

[3] HCMLPI obtained its HCLOF interests pursuant to HCMLP's settlement with the HarbourVest entities. *Order Approving Debtor's Settlement with HarbourVest (Claim Nos. 143, 147, 150, 153, 154) and Authorizing Actions Consistent Therewith*, *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11, D.I. 1788 (Bankr. N.D. Tex. Jan. 21, 2021).

[4] The balance of HCLOF's interests is held by CLO Holdco Ltd. ("CLOH"), a wholly owned subsidiary of Mr. Dondero's charitable trust, the Charitable DAF, L.P. HCMLP, HCMLPI, and CLOH have no right, as interest holders, to control HCLOF, and neither Mr. Dondero nor his related entities have any right to direct HCLOF.

[5] A true and correct copy of the Acis/HCLOF Settlement is attached hereto as **Exhibit A**. Although HCMLP and HCMLPI are not parties to the Acis/HCLOF Settlement, they support the settlement.

subordinated notes, which were subject to the HCLOF optional redemption. The Acis CLOs currently hold, in cash, approximately $33 million in liquidation proceeds which must be distributed to the subordinated noteholders and an additional $20 million in loans which, when sold, must also be distributed to the subordinated noteholders.

3. However, the litigation filed by NHF in the U.S. District for the Southern District of New York,[6] which is the predicate for the Motion,[7] as well as the threat of re-filing the DAF/Acis Complaint[8] (collectively, the "Litigation"), has caused Acis and U.S. Bank National Association (the "Trustee") to withhold the distributions due to the Acis CLOs' investors, including HCLOF (and ultimately HCMLP), as a purported reserve to pay potential indemnification claims.[9] The Acis CLOs' refusal to distribute the proceeds as required by the governing documents and the Acis/HCLOF Settlement adversely impacts HCLOF and HCMLP.[10]

---

[6] *See Original Complaint*, *NexPoint Strategic Opportunities Fund v. Acis Capital Management, L.P., U.S. Bank, N.A., Joshua N. Terry, Brigade Capital Management, L.P.*, Case No. 1:21-cv-04384, D.I. 1 (S.D.N.Y. May 14, 2021) (the "NHF Complaint"). The NHF Complaint was filed by Sbaiti & Company PLLC.

[7] "Motion" refers to the *Motion of NexPoint Strategic Opportunities Fund to Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or Alternatively, for Relief from All Applicable Injunctions* [D.I. 1219].

[8] "DAF/Acis Complaint" refers to *Plaintiffs' Original Complaint and Jury Demand*, *The Charitable Donor Advised Fund, L.P. and CLO Holdco Ltd. v. U.S. Bank National Association, Moody's Investor Service, Inc., Acis Capital Management, L.P., and Brigade Capital Management LP, and Joshua N. Terry*, Case No. 20-CV-01036-LGS, D.I. 1 (S.D.N.Y. Feb. 6, 2020). The DAF/Acis Complaint was filed in February 2020 and subsequently withdrawn after HCMLP's independent directors intervened. It is not currently pending.

[9] HCLOF believes that the Acis CLOs have no authority to withhold the distributions under the Acis CLOs' governing documents and that such action may violate the Acis/HCLOF Settlement. Even assuming the Litigation has merit (and it does not), there is no justification for reserving nearly 100% of the current cash liquidation proceeds. The actions of Acis and the Trustee alleged by Mr. Dondero are egregious and would not be subject to indemnification if those allegations prove true. *See, e.g.*, *Indenture*, dated April 16, 2015, by and between Acis CLO 2015-6 Ltd., as issuer, Acis CLO 2015-6 LLC, as co-issuer, and U.S. Bank National Association, as trustee (the "Acis 2015-6 Indenture"), § 6.1(a)(iii); Portfolio Management Agreement, dated as of April 16, 2015, between Acis CLO 2015-6 Ltd. and Acis Capital Management, L.P., § 11(a).

HCLOF reserves all rights that it may have at law and in equity, and nothing herein shall be considered a waiver of any such rights.

[10] As the largest subordinated noteholder, HCLOF would receive approximately $50 million (less costs) of the withheld proceeds (assuming all remaining collateral is sold and cash distributed). HCMLP, as the ultimate holder of 50.62% of HCLOF's interests, would receive approximately $25 million.

4. For the reasons discussed in the Objections,[11] HCMLP believes the Litigation is baseless and, in any event, barred by the Acis Plan Injunction,[12] including for the following additional reasons:

- NHF has no claim against Acis 2014-3. NHF's $5 million in Series F notes issued by Acis 2014-3 have been paid in full with interest.

- NHF's claim against Acis 2015-6 based on its alleged 13% "equity" interest is barred by the "no-action" clause contained in Acis 2015-6's indenture, which mandates that no less than 25% of the "Controlling Class" (*i.e.*, the subordinated notes) consent to bring suit.[13] HCLOF holds the balance of Acis 2015-6's subordinated notes and will not consent to the Litigation.

- With the exception of NHF's minimal and insufficient interest in Acis 2015-6, the only other party that could possibly assert the claims against Acis and the Trustee alleged in the Litigation, including the DAF/Acis Complaint, would be HCLOF. But, again, HCLOF has released those claims as set forth in the HCLOF/Acis Settlement, and no party, including Mr. Dondero and his related entities, can assert HCLOF's claims derivatively.

- The Acis Plan Injunction was approved to, among other things, allow Acis to manage the Acis CLOs free from frivolous litigation and general interference. At a minimum, the Litigation violates the intent and spirit of the Acis Plan Injunction because it is preventing Acis (and the Trustee) from complying with their obligations to the Acis CLOs by causing them to withhold distributions that are otherwise required to be made.

5. Ultimately, Mr. Dondero and his controlled entities are not pursuing the Litigation in order to vindicate their economic interests. Instead, the Litigation appears to be motivated by

---

[11] "Objections" means collectively (i) the *Objection of Reorganized Debtor Acis Capital Management, L.P. and Joshua N. Terry to Motion of NexPoint Strategic Opportunities Fund to Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or, Alternatively, for Relief from All Applicable Injunctions* [D.I. 1225]; and (ii) *Objection of U.S. Bank National Association, as CLO Trustee, to the Motion of NexPoint Strategic Opportunities Fund to Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or, Alternatively, for Relief from All Applicable Injunctions* [D.I. 1227].

[12] "Acis Plan Injunction" means those injunctions contained in Article 14.03 of that certain *Third Amended Joint Plan for Acis Capital Management, L.P., and Acis Capital Management GP, LLC*, as confirmed by the *Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC, as Modified*, In re Acis Capital Management, L.P., et al, Case No. 18-30264-SGJ11 (Bankr. N.D. Tex. Jan. 31, 2019).

[13] *See* Acis 2015-6 Indenture, § 5.8. The purpose of a "no-action" clause is to prevent superfluous suits against an issuer that are contrary to the interests of the bondholders as a whole – exactly the situation present here.

4

Mr. Dondero's desire to harass Acis and the Trustee while simultaneously interfering with distributions to be made pursuant to HCMLP's confirmed plan of reorganization. The Court should enforce the Acis Plan Injunction; shut down Mr. Dondero's attempts to evade this Court's jurisdiction; and put an end to the Litigation before it starts.[14]

*[Remainder of Page Intentionally Blank]*

---

[14] If this Court determines that additional evidence is required to rule on the Motion, the Court should, respectfully, reopen Acis's bankruptcy case.

WHEREFORE, HCMLP respectfully requests this Court (a) deny the Motion, and (b) grant such other relief as is just and proper, including the reopening of the Acis Bankruptcy.

Dated: August 18, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on August 18, 2021, a true and correct copy of the foregoing *Statement* was served via electronic mail upon those parties registered to receive electronic service via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable
