

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 24, 2021

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Acis Capital Management, L.P., | § | CASE NO. 18-30264-SGJ-11 |
| | § | |
| Reorganized Debtor. | § | |

### ORDER ON MOTION TO CONFIRM DISCHARGE INJUNCTION OR PLAN INJUNCTION DOES NOT BAR LAWSUIT, OR, ALTERNATIVELY, FOR RELIEF FROM ALL APPLICABLE INJUNCTIONS

Before this court is a Motion to Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or, Alternatively, for Relief from All Applicable Injunctions [DE # 1219] (the "Motion"), filed by NexPoint Strategic Opportunities Fund ("NSOF") in Acis Capital Management, L.P., Case No. 18-30264 (the "Bankruptcy Case"). The court held a hearing on September 8, 2021. These are the court's findings of fact, conclusions of law, and ruling.

Findings of Facts

The above-referenced entity, Acis Capital Management, L.P. ("Acis"), is the Reorganized Debtor. Its Chapter 11 plan ("Plan") was confirmed on January 31, 2019 and went effective on February 15, 2019 (the "Effective Date"). Acis's primary business is managing CLOs. The movant, NSOF, represents that it holds interests in one or more of the Acis CLOs.

NSOF has alleged that Acis has mismanaged the CLOs, causing damages to NSOF. NSOF recently filed a lawsuit in the Southern District of New York ("SDNY Action") against Acis and other defendants, including Acis's president Joshua N. Terry ("Terry"); Brigade Capital Management, LP ("Brigade"), a sub-advisor and shared service provider; and U.S. Bank National Association ("U.S. Bank"), the indenture trustee for the CLOs (collectively, the "Defendants"), regarding this alleged mismanagement. The mismanagement allegedly includes expenses being charged that are too high, purchasing notes for the CLOs that are outside appropriate parameters (*i.e.,* credit quality tests and average life tests), and selling assets for less than they are worth. The Motion attached to it the complaint from the SDNY Action ("Complaint").

NSOF states that both the alleged mismanagement by the Defendants, as well as NSOF's resulting damages, occurred after the Effective Date of the Plan. Therefore, NSOF believes that nothing in the Acis Plan, the Plan's injunctions, or the Acis confirmation order prevents or prohibits NSOF from proceeding with the SDNY Action. NSOF acknowledges that the Acis confirmation order and Plan provisions release Acis and Terry from claims that accrued prior to the Effective Date and enjoin any lawsuit being filed by any entity or person against Acis or Terry to recover for any claims that accrued prior to the Effective Date. However, NSOF filed the Motion seeking: (i) confirmation from the bankruptcy court that nothing in the Acis Plan or confirmation order prohibits NSOF from proceeding with the SDNY Action (because it

purportedly only involves post-Effective Date activity); or (ii) alternatively, to the extent any Acis Plan provision or injunction is implicated, NSOF seeks relief from any such provision/injunction to permit NSOF to fully prosecute the SDNY Action. NSOF has filed but not yet served the Complaint on the Defendants.

Acis, Terry, and U.S. Bank have objected to the Motion. Acis and Terry have argued that NSOF's standing to bring the SDNY Action is dubious. Acis has also asked the bankruptcy court to order NSOF to dismiss the SDNY Action because the claims and causes of action are predicated on pre-Effective Date purchases of notes for the CLOs (thus, pre-Effective Date acts/omissions are implicated). Acis also points out that NSOF appears to be seeking retroactive avoidance of Acis's underlying portfolio management agreements that it assumed with bankruptcy court approval during the Bankruptcy Case, and this is suggestive of a pre-Effective Date remedy of some sort. US Bank furthers objects stating that the SDNY Action implicates pre-Effective Date conduct because, among other things, it states that U.S. Bank should have objected to the Acis Plan.

Conclusions of Law

Bankruptcy subject matter jurisdiction here is a bit of a conundrum—all these months post-confirmation—but this court concludes that it retains jurisdiction to essentially interpret provisions of a Chapter 11 plan that it confirmed and a confirmation order that it signed. "It has long been recognized that any court that issues an injunction has a continuing power to supervise and modify its injunctions in accordance with changed conditions." *In re Schultz*, 251 B.R. at 826 (citing *Ranger Ins. Co. v. Wolcott (In re TLI, Inc.)*, 1998 WL 684242 (N.D. Tex. 1998)).

The Motion requires the court, more than anything else, to examine the Complaint and determine whether it alleges pre- or post-Effective Date bad acts on the part of Acis. If all conduct

complained of was post-Effective Date, then there is nothing that this court could or should do to prohibit NSOF. On the other hand, if the alleged bad acts involve a pre-Effective Date time frame, NSOF seeks relief (at least in its Motion)[1] from the Acis Plan and confirmation order injunctions to pursue the preconfirmation activity.

At the hearing, NSOF stated that it, in fact, is not pursuing and does not intend to pursue any claims or causes of action that may have arisen prior to the Effective Date. Transcript 9/8/21 Hearing at 89:13-15. As noted above, the court believes its analysis is narrow and involves simply looking to the Complaint and determining whether the acts alleged to have occurred were supposedly before or after the Effective Date of February 15, 2019. Thus, based on these representations, the court has examined the Complaint and concludes as follows.

The Complaint, as currently drafted, appears to potentially run afoul of this court's plan and discharge injunctions in the Bankruptcy Case. There appear to be two problematic aspects of the Complaint: (1) allegations against U.S. Bank that explicitly allege bad acts during the pendency of the Acis Bankruptcy Case; and (2) allegations of improper purchasing and holding of loans by Acis that imply pre-Effective Date conduct, but the dates of such alleged conduct are conspicuously omitted.

With regard to U.S. Bank, the Complaint alleges that U.S. Bank acted improperly by not objecting to or contesting the Plan in the Bankruptcy Case. DE # 1219, Ex. A, at ¶¶ 146, 211, 222, & 223. Further, the Complaint alleges U.S. Bank acted improperly by having a conflict of interest through its claim and attorneys' fees sought in the Bankruptcy Case. DE # 1219, Ex. A, at ¶ 209. These allegations, without a doubt, refer to conduct that occurred during the Bankruptcy Case and, thus, conduct that is pre-Effective Date. Counsel for NSOF at the hearing agreed with this, when

---

[1] NSOF seems to have backed off of this request at the September 8, 2021 hearing on the Motion.

questioned by the court regarding the allegations against U.S. Bank, despite a general disclaimer in the Complaint limiting the causes of actions against all defendants to post-Effective Date conduct. Counsel for NSOF represented "that claim [is] going to have to go away." Transcript 9/8/21 Hearing at 88:23-90:16. *The court takes NSOF at its representation that it intends to amend the Complaint to remove the pre-Effective Date allegations/claims as to U.S. Bank*.

Additionally, the Complaint includes various allegations surrounding loans purchased, held, and sold by Acis in the course of its management of the CLOs. While none of the allegations explicitly refer to pre-Effective Date acts by the Defendants, a number of allegations as to specific loans imply pre-Effective Date conduct and omit dates provided in the allegations as to other loans. The allegations as to the loans of Chief Power, Libbey Glass, Carestream Health, Doncasters, and GIP III Stetson, as compared to the allegations regarding the other loans in the Complaint, omit purchase dates and make statements regarding omissions by the Defendants in "a very strong 2018-2019 market." DE # 1219, Ex. A, at ¶¶ 99, 102, 103, 105, & 108. The court finds these allegations in the Complaint to imply pre-Effective Date conduct that is being improperly alleged as a basis for a claim or cause of action.

While the court recognizes the Complaint makes a general disclaimer that it is not alleging pre-Effective Date bad acts, the wording in regard to the above-mentioned allegations seem to contradict the disclaimer and implicate pre-Effective Date conduct. Given the extreme contentious between the parties throughout the Bankruptcy Case and afterwards, the court wishes to be cautious in ensuring none of its injunctions are being violated through amendment and clarification of the Complaint.

Ruling

First, in making this ruling, the bankruptcy court is not in any way opining on either NSOF's standing to have brought the SDNY Action or the merits of the claims in the SDNY Action. Any decisions on the standing of NSOF or the merits of its claims are outside the jurisdiction of this court. However, the bankruptcy court is essentially declaring that any act to assert claims and causes of action that arose prior to the Effective Date, or to amend the Complaint to allege any such claims, would be a violation of the Acis Plan and confirmation order. Claims and causes of action regarding the Acis CLOs arising prior to February 15, 2019 are barred by the Acis plan and confirmation order. This court, through this order, is interpreting and enforcing its previously issued injunctions.

Based on the foregoing,

**IT IS ORDERED** that NSOF has acknowledged and the court so rules that the claims in the Complaint (i) alleging that U.S. Bank acted improperly by not objecting to or contesting the Plan in the Bankruptcy Case (DE # 1219, Ex. A, at ¶¶ 146, 211, 222, & 223) and (ii) further alleging that U.S. Bank acted improperly by having a conflict of interest through its claim and attorneys' fees sought in the Bankruptcy Case (DE # 1219, Ex. A, at ¶ 209) refer to conduct that occurred during the Bankruptcy Case and pre-Effective Date and are accordingly *barred* by the Acis plan and Confirmation Order.

**IT IS FURTHER ORDERED** that claims based on Acis's conduct in purchasing, holding, and selling loans prior to the Effective Date are *barred* by the Acis plan and Confirmation Order (collectively, all claims referred to in this and the preceding paragraph shall henceforth be referred to as the "Barred Claims").

**IT IS FURTHER ORDERED** that NSOF is denied any relief allowing it to go forward with the Barred Claims.

**IT IS FURTHER ORDERED** that NSOF is not entitled at this time to an Order confirming that the Acis discharge and plan injunction do not bar the SDNY Action, and any attempt to go forward with the SDNY Action without amending the Complaint to delete the Barred Claims will be a violation of the Acis Plan, Confirmation Order, and the related injunctions.

### END OF ORDER ###