Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-5359

ATTORNEYS FOR NEXPOINT
STRATEGIC OPPORTUNITIES FUND

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § § | Case No. 18-30264-sgj11 |
| Debtor. | § § § | (Jointly Administered) |

**MOTION OF NEXPOINT STRATEGIC OPPORTUNITIES FUND FOR LIMITED RECONSIDERATION OF ORDER REOPENING BANKRUPTCY CASE**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW NexPoint Strategic Opportunities Fund ("NSOF"), a party-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case) of Acis Capital Management, L.P. (the "Debtor"), and files this its *Motion for Limited Reconsideration of Order Reopening Bankruptcy Case* (the "Motion"), respectfully stating as follows:

**I.     RELIEF REQUESTED**

1.     By this Motion, NSOF respectfully requests that the Court reconsider its *Order Reopening Bankruptcy Case* [docket no. 1252] (the "Subject Order").  The only portion of the Subject Order NSOF requests the Court reconsider is the following:

> ORDERED that the Court hereby sua sponte shifts, from the Debtor to NexPoint, the responsibility for paying any fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) which accrue during the time the Debtor's bankruptcy case remains reopened.

Subject Order at p. 2. NSOF submits that the Court erred as a matter of law in shifting any US Trustee fees to NSOF, especially *sua sponte*.

2. Now that the Court has considered the underlying plan and injunction issues and has provided meaningful guidance to the parties and to the New York court, NSOF would much prefer to live with (and comply with) the Court's orders, close the Bankruptcy Case, and move on to litigation in the New York court. However, because the Court has shifted US Trustee fees to NSOF, and NSOF does not know whether those fees would be a couple of thousand dollars (which NSOF would pay and just move one) or whether they would be several hundred thousand dollars,[1] NSOF files this Motion to bring the matter to the Court's attention and to prevent the foregoing order from becoming final and subject to *res judicata*.

## II. ARGUMENT

3. NSOF files this Motion pursuant to Bankruptcy Rule 9023, which provides that Federal Rule of Civil Procedure 59 applies. FED. R. BANKR. P. 9023. Rule 59, in turn, provides that reconsideration may be granted for any reason in equity. *See* Fed. R. Civ. P. 59(a)(1)(B). Here, NSOF submits that the Court erred as a matter of law when it shifted the US Trustee fees to NSOF, especially doing so *sua sponte* with no due process.

4. The US Trustee fees are akin to filing and user fees. *See In re Buffets LLC*, 979 F.3d 366, 376 n. 7 (5th Cir. 2020). No provision of the US Trustee fees statutes authorizes them to be shifted. Presumably, a court could shift the fees under Rule 9011, section 1927, or its inherent powers against bad faith, groundless, or vexatious litigation. However:

(i) no party sought to have the fees shifted;

---

[1] Because the reopened case will straddle at least two quarters, the fees may exceed the quarterly cap of $250,000.00, although this is unlikely.

  (ii)  no party complied with Rule 9011's advanced notice requirements;

  (iii)  no party sought a finding or any damages for NSOF filing its motions to reopen the Bankruptcy Case or to determine the discharge injunction or plan injunction (although sanctions were requested for the filing by NSOF of its New York complaint).

  5.  Notwithstanding the absence of any request for the shifting of the US Trustee fees, as would be required by fundamental due process and Bankruptcy Rule 9013, it is possible that the Court could shift the US Trustee fees as a sanction for bad faith, groundless, or vexatious litigation. There are two problems with this, however. First, the Court did not suggest, much less find, any bad faith, groundlessness, or vexatious litigation with respect to NSOF's motions. On the contrary, NSOF submits that the Court mostly decided the underlying issues in its favor, and denied various requests for findings that NSOF had violated any injunction and for damages. Second, before a Court considers a sanction, such as by shifting fees or expenses, fundamental due process applies and the party is entitled to notice of the potential sanction. *See, e.g., In re TRED Holdings LP*, 2010 Bankr. LEXIS 3109 at * 26 (Bankr. E.D. Tex. 2010) (citing *U.S. v. Woodberry*, 672 F. Supp. 2d 761, 768 (S.D. Miss. 2009).

  6.  In this respect, the Court afforded NSOF no advance notice that it might shift hundreds of thousands of dollars of US Trustee fees to NSOF by virtue of NSOF moving to reopen the Bankruptcy Case. The Court did inquire whether NSOF would agree to this, which NSOF refused to do. But at no time did the Court afford NSOF to withdraw its motion to reopen rather than face the shifting of the fees, or inform NSOF that the granting of the motion to reopen would lead to a shifting of the fees.

7. Respectfully, the Court's opinion in *In re Reddy Ice Holdings, Inc.*, 611 B.R. 802 (Bankr. N.D. Tex. 2020) is no substitute for due process. That opinion concerned a confirmed plan of reorganization that was *res judicata*; it did not concern the Court's authority or propensity to shift US Trustee fees to a party moving to reopen a case. And, even if it did, the Court did not provide NSOF any advance notice that this case must be one where, if NSOF proceeded, the Court would shift the US Trustee fees.

8. Finally, NSOF reiterates that it is unfair for the Court to shift the US Trustee fees to it. The Debtor filed bankruptcy and it is responsible for the fees. NSOF merely came before this Court, out of an abundance of respect and caution, seeking a determination of this Court's injunction—something that it should not have to potentially pay hundreds of thousands of dollars for. NSOF has no ability to control the Debtor's distributions, on which the US Trustee fees are calculated. And, insofar as the Debtor alleged and argued before this Court that NSOF violated the Plan's injunctions and sought sanctions for the same—which the Court denied—it should be the Debtor that should be stuck with its own US Trustee fees because the Debtor would obviously have moved to reopen the Bankruptcy Case had NSOF not moved first and because, again, the Court substantially agreed with NSOF. Indeed, the Debtor expressly did not oppose the reopening of the Bankruptcy Case. *See* Docket No. 1221.

9. That final point is key. NSOF understood that, were it found to be acting in bad faith, without sufficient basis, or vexatiously, it may be sanctioned. But here NSOF substantially prevailed. Except for an amendment to NSOF's complaint, which NSOF admitted is required and which it will do, the Court found that the amendment complaint will not violate any injunction and the Court did not award any party the damages they sought or make any conclusion that the filing of the complaint violated any injunction (except potentially with respect to one, secondary

issue, and then with respect to US Bank only and not even the Debtor). As the substantially prevailing party, there is no just reason in fact, law, or equity to shift the US Trustee fees to NSOF, even if this was permissible in the first place.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, NSOF respectfully requests that the Court enter an order: (i) granting this Motion; (ii) reconsidering the Subject Order; (iii) removing from the Subject Order any requirement that NSOF pay for the Debtor's US Trustee fees; and (iv) granting NSOF such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Julian P. Vasek, Esq.
    Texas Bar No. 24070790
    500 N. Akard St., Ste. 3800
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com
    Email: jvasek@munsch.com

**ATTORNEYS FOR NEXPOINT STRATEGIC OPPORTUNITIES FUND**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 8th day of October, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including counsel for the Debtor and Terry, counsel for US Bank, and counsel for Highland.

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.