Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-5359

ATTORNEYS FOR NEXPOINT
STRATEGIC OPPORTUNITIES FUND

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | Chapter 11 |
|---|---|---|
| ACIS CAPITAL MANAGEMENT, L.P., | § § § | Case No. 18-30264-sgj11 |
| Debtor. | § § § | (Jointly Administered) |

# MOTION OF NEXPOINT STRATEGIC OPPORTUNITIES FUND FOR LIMITED RECONSIDERATION OF ORDER ON MOTION TO DETERMINE DISCHARGE INJUNCTION OF RELIEF FROM SAME

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW NexPoint Strategic Opportunities Fund ("NSOF"), a party-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case) of Acis Capital Management, L.P. (the "Debtor"), and files this its *Motion for Limited Reconsideration of Order on Motion to Determine Discharge Injunction or Relief from Same* (the "Motion"), respectfully stating as follows:

## I.     RELIEF REQUESTED

1. By this Motion, NSOF respectfully requests that the Court reconsider its *Order on Motion to Confirm Discharge Injunction Or Plan Injunction Does Not Bar Lawsuit, Or, Alternatively, for Relief from All Applicable Injunctions* [docket no. 1254] (the "Subject Order"). The only portion of the Subject Order NSOF requests the Court reconsider is the following:

> IS ORDERED that NSOF has acknowledged and the court so rules that the claims in the Complaint (i) alleging that U.S. Bank acted improperly by not objecting to or contesting the Plan in the Bankruptcy Case (DE # 1219, Ex. A, at ¶¶ 146, 211, 222, & 223) and (ii) further alleging that U.S. Bank acted improperly by having a conflict of interest through its claim and attorneys' fees sought in the Bankruptcy Case (DE # 1219, Ex. A, at ¶ 209) refer to conduct that occurred during the Bankruptcy Case and pre-Effective Date and are accordingly barred by the Acis plan and Confirmation Order.

Subject Order at p. 6. NSOF submits that the Court erred as a matter of law in concluding that any claim against US Bank was barred by the Plan or confirmation order, or that NSOF so acknowledged.

2. Now that the Court has entered the Subject Order and has provided meaningful guidance to the parties and to the New York court, NSOF would much prefer to live with (and comply with) the Court's orders, close the Bankruptcy Case, and move on to litigation in the New York court. However, because the Court has found that NSOF filed claims "barred by the Acis plan and Confirmation Order," there is a risk that US Bank or the Debtor will seek resulting sanctions. Through post-order communications with the parties, NSOF has sought clarification on this issue but has received none. Therefore, to bring the matter to the Court's attention and to prevent the foregoing conclusion from becoming final and subject to *res judicata*—again, strongly preferring to move on, if no party will seek sanctions resulting from this conclusion—NSOF finds it necessary to file this Motion and to seek timely relief.

## II. ARGUMENT

3. NSOF files this Motion pursuant to Bankruptcy Rule 9023, which provides that Federal Rule of Civil Procedure 59 applies. FED. R. BANKR. P. 9023. Rule 59, in turn, provides that reconsideration may be granted for any reason in equity. *See* Fed. R. Civ. P. 59(a)(1)(B). Here, NSOF submits that the Court erred as a matter of law with respect to its conclusion that NSOF's claims against US Bank violated the Plan or discharge injunction.

4.  It is true, as the Court found, that NSOF's complaint raised claims against US Bank that arose prior to the Plan's Effective Date. It is true that NSOF's counsel admitted this at the hearing and admitted that these claims will have to go away. But, it is not correct that NSOF's counsel "acknowledged" that the claims are barred by the Plan or discharge injunction, to the extent that the Court's conclusion can be read to state the same. *See* Transcript at 129:3-6.

5.  The discharge obviously does not apply to a non-debtor. *See* 11 U.S.C. § 524(e). Thus, NSOF suing US Bank cannot violate the Debtor's discharge. With respect to the Plan's injunction, that injunction prohibits the taking of various actions "against the Debtors, the Estates, the Reorganized Debtor, or the Reorganized Debtor's assets." Plan at § 14.03. U.S. Bank is none of these protected entities. Thus, suing US Bank could not have violated the Court's injunction, irrespective of whether any claim against US Bank arose prior to or after the Plan's Effective Date.

6.  Accordingly, NSOF respectfully submits that the Court erred as a matter of law by concluding that the claims NSOF asserted against US Bank are barred by the Plan or confirmation order, or that NSOF admitted the same: actions and claims against US Bank are simply not implicated or prohibited by the Debtor's discharge or the Plan regardless of when they arose.

### III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, NSOF respectfully requests that the Court enter an order: (i) granting this Motion; (ii) reconsidering the Subject Order; (iii) removing from the Subject Order any finding or conclusion that any action against US Bank by NSOF as pled in its complaint is barred by the Plan, confirmation order, or discharge; and (iv) granting NSOF such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR NEXPOINT STRATEGIC OPPORTUNITIES FUND**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 8th day of October, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including counsel for the Debtor and Terry, counsel for US Bank, and counsel for Highland.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.