IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACIS CAPITAL MANAGEMENT, L.P., | § | Case No. 18-30264-sgj11 |
| | § | |
| Debtor. | § | (Jointly Administered) |
| | § | |

**STIPULATION AND AGREED ORDER
WITHDRAWING MOTIONS TO RECONSIDER**

### I.  STIPULATION

NexPoint Strategic Opportunities Fund ("NSOF"), Acis Capital Management, L.P. ("Acis"), Joshua N. Terry ("Terry"), and U.S. Bank National Association, its capacity as CLO Trustee ("U.S. Bank," with NSOF, Acis, and Terry, each a "Party" and collectively the "Parties") hereby enter into the following *Stipulation* (the "Stipulation"):

1.      On January 30, 2018, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Acis (among others), thereby initiating the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case"). The Court subsequently granted relief, converted the Bankruptcy Case to a Chapter 11 proceeding, and appointed a Chapter 11 trustee.

2.      On January 31, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC, as Modified* (Docket No. 829, the "Confirmation Order"), pursuant to which the Court confirmed the Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC (Docket No. 660, as modified, the "Plan").

3.      On May 20, 2021, NSOF filed its *Motion to Reopen Bankruptcy Case* (Docket No. 1218, "Motion to Reopen") and *Motion of NexPoint Strategic Opportunities Fund to Confirm Discharge or Plan Injunction Does Not Bar Lawsuit, or, Alternatively, for Relief from All Applicable Injunctions* (Docket No. 1219, "Motion to Determine").

4.      By the Motion to Determine, NSOF sought various findings from the Court that certain injunctions contained in the Confirmation Order and Plan did not prohibit or enjoin NSOF from filing that certain *Original Complaint* (the "NY Complaint") filed by NSOF against Acis, Terry, U.S. Bank, and Brigade Capital Management, L.P. in the United States District Court for the Southern District of New York (the "NY Court"), thereby initiating Case No. 1:21-cv-04384 pending in the NY Court (the "NY Proceeding").  Acis, Terry, and U.S. Bank filed objections to the Motion to Determine.

5.      On September 24, 2021, the Court entered its *Order Reopening Bankruptcy Case* [Docket No. 1252] (the "Order Reopening Case"), by which the Court adjudicated the Motion to Reopen.  Among other things, in the Order Reopening Case, the Court ordered as follows:

> the Court hereby *sua sponte* shifts, from the Debtor to NexPoint, the responsibility for paying any fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) which accrue during the time the Debtor's bankruptcy case remains reopened.

Said United States Trustee fees accrued during the time that the Bankruptcy Case remains reopened are hereinafter referred to as the "US Trustee Fees."

6.      On September 24, 2021, the Court entered its *Order on Motion to Confirm Discharge Injunction Or Plan Injunction Does Not Bar Lawsuit, Or, Alternatively, for Relief from All Applicable Injunctions* [Docket No. 1254] (the "Determination Order"), by which the Court adjudicated the Motion to Determine.  Among other things, in the Determination Order, the Court ordered as follows:

IS ORDERED that NSOF has acknowledged and the court so rules that the claims in the Complaint (i) alleging that U.S. Bank acted improperly by not objecting to or contesting the Plan in the Bankruptcy Case (DE # 1219, Ex. A, at ¶¶ 146, 211, 222, & 223) and (ii) further alleging that U.S. Bank acted improperly by having a conflict of interest through its claim and attorneys' fees sought in the Bankruptcy Case (DE # 1219, Ex. A, at ¶ 209) refer to conduct that occurred during the Bankruptcy Case and pre-Effective Date and are accordingly barred by the Acis plan and Confirmation Order.

The foregoing provision is referred to hereinafter as the "U.S. Bank Determination."

7.      On October 8, 2021, NSOF filed its *Motion of NexPoint Strategic Opportunities Fund for Limited Reconsideration of Order Reopening Bankruptcy Case* [Docket No. 1256] (the "Reopening Reconsideration Motion"), by which NSOF seeks the reconsideration of the provision in the Order Reopening Case charging NSOF with the US Trustee Fees.

8.      On October 8, 2021, NSOF filed its *Motion of NexPoint Strategic Opportunities Fund for Limited Reconsideration of Order On Motion to Determine Discharge Injunction of [sic] Relief from Same* [Docket No. 1257] (the "Determination Reconsideration Motion"), by which NSOF seeks the reconsideration of the U.S. Bank Determination.

9.      On November 23, 2021, NSOF filed its *Plaintiff's Second Amended Complaint* in the NY Proceeding (the "Amended NY Complaint").

10.     Acis has represented to NSOF that the US Trustee Fees, as of November 29, 2021, were approximately $2,500.00, and that Acis does not expect any large distributions through the reclosing of the Bankruptcy Case such that the US Trustee Fees would be materially greater than this general range.

11.     The Parties, in light of the foregoing, and after due negotiations, and for good and sufficient consideration, the receipt and adequacy of which each acknowledges, hereby agree as follows:

    i.     NSOF hereby withdraws with prejudice the Reopening Reconsideration Motion.

ii. NSOF hereby withdraws with prejudice the Determination Reconsideration Motion.

iii. NSOF hereby waives any right or ability to appeal any portion of, or the whole of, the Order Reopening Case or the Determination Order.

iv. NSOF shall pay the US Trustee Fees in the first instance (for which purposes Acis shall promptly forward all relevant invoices or communications from the US Trustee regarding the same) and, should NSOF fail to timely pay the same, Acis shall remain liable for the same and shall have all rights against NSOF for any such failure to timely pay the same, including through a proceeding to enforce the Order Reopening Case.

v. To the extent that Acis, Terry, and/or U.S. Bank believe they have any right or claim against NSOF for damages resulting from the Determination Order, including, without limitation, the U.S. Bank Determination and the filing of the NY Complaint, they reserve the right to assert all such rights and claims and to seek all such damages in the NY Proceeding, subject to all defenses, including *res judicata*, that NSOF may have, which defenses are likewise preserved. Otherwise, all Parties waive all claims they may have for damages, including attorney's fees and costs, incurred with respect to the Motion to Reopen, the Motion to Determine, the Reopening Reconsideration Motion, and the Determination Reconsideration Motion; *provided, however,* that, for the avoidance of doubt, the foregoing does not waive any right or claim: (i) preserved herein, including with respect to the Determination Order; (ii) for US Trustee Fees or any failure by NSOF to timely pay the same; and (iii) asserted or assertable in the NY Proceeding, including attorney's fees, costs, sanctions, and damages as may be claimed by any person therein.

vi. Acis, Terry, and U.S. Bank agree that the Amended NY Complaint, as drafted, does not violate any injunction in the Confirmation Order or the Plan, and otherwise deny any alleged liability to NSOF. The agreement that the Amended NY Complaint does not violate any injunction in the Confirmation Order or the Plan shall in no way be interpreted to admit any allegation, waive any other right, accept any liability, or waive any right with respect to a potential future amended complaint filed by NSOF to the extent that any of the foregoing believe that any such amended complaint violates any injunction in the Confirmation Order or the Plan, nor shall it prevent Acis, Terry, and U.S. Bank from invoking the injunction in the Confirmation Order to the extent NSOF seeks to impose liability for any conduct barred by that injunction in prosecuting the Amended NY Complaint.

vii. Upon the Court's approval of this Stipulation and entry of the below Agreed Order, the Parties agree to jointly move the Court to reclose the Bankruptcy Case, and to seek such relief *ex parte* or by emergency hearing. Acis shall file a quarterly operating report for the period from October 1, 2021 through the date the Bankruptcy Case is closed.

viii.    NSOF has deposited $5,000.00 into the trust account of Munsch Hardt Kopf & Harr, P.C., and hereby irrevocably instructs Munsch Hardt Kopf & Harr, P.C. to use such funds to pay the US Trustee Fees (which, for the avoidance of doubt, shall not relieve NSOF of any obligation to pay US Trustee Fees in an amount that may be greater than this amount).

12.    Other than the above express agreements, no Party admits any allegation, admits any alleged liability, or waives any right.  All Parties reserve all rights not expressly and explicitly compromised in this Stipulation or the below Agreed Order.  This Stipulation and Agreed Order shall be narrowly interpreted to apply strictly to the express and explicit provisions thereof.

## II.    <u>AGREED ORDER</u>

The Court, having considered the above Stipulation, and finding that the Stipulation is lawful and appropriate, and that no further notice to any other person or party is required, and incorporating the definitions in the Stipulation, it is hereby:

ORDERED that the Stipulation is APPROVED in all respects and shall govern according to its terms; it is further

ORDERED that the Reopening Reconsideration Motion and the Determination Reconsideration Motion are WITHDRAWN WITH PREJUDICE; it is further

ORDERED that, while NSOF shall be primarily liable for the US Trustee Fees as provided for in the Order Reopening Case, Acis shall remain jointly liable for the same and, should NSOF fail to timely pay the same, Acis shall have all rights against NSOF related to the same, including through a proceeding to enforce the Order Reopening Case; it is further

ORDERED that, except as may be asserted in the NY Proceeding as provided for in the Stipulation, each Party shall bear its own attorney's fees and expenses incurred in connection with the reopened Bankruptcy Case; it is further

ORDERED that, subject to a motion to reclose the Bankruptcy Case, this Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce the Stipulation and this Agreed Order.

### # # END OF ORDER # # #

**AGREED AS TO FORM AND SUBSTANCE:**

| **MUNSCH HARDT KOPF & HARR, P.C.** | **FORSHEY & PROSTOK, LLP** |
|---|---|
| By: /s/ Davor Rukavina<br>    Davor Rukavina, Esq.<br>    Texas Bar No. 24030781<br>    Julian P. Vasek, Esq.<br>    Texas Bar No. 24070790<br>    500 N. Akard St., Ste. 3800<br>    Dallas, Texas 75201<br>    Telephone: (214) 855-7500<br>    Facsimile: (214) 855-7584<br>    Email: drukavina@munsch.com<br>    Email: jvasek@munsch.com<br><br>**ATTORNEYS FOR NEXPOINT STRATEGIC OPPORTUNITIES FUND** | By: /s/ Suzanne Rosen (w/ permission)<br>Jeff P. Prostok<br>State Bar No. 16352500<br>Suzanne K. Rosen<br>State Bar No. 00798518<br>FORSHEY & PROSTOK LLP<br>777 Main Street, Suite 1550<br>Fort Worth, Texas 76102<br>Telephone: (817) 877-8855<br>Facsimile: (817) 877-4151<br>jprostok@forsheyprostok.com<br>srosen@forsheyprostok.com<br><br>- and –<br><br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br><br>Jonathan E. Pickhardt (pro hac vice)<br>NY State Bar No. 3041191<br>Blair A. Adams (pro hac vice)<br>NY State Bar No. 5221924<br>Eric D. Winston (pro hac vice)<br>CA State Bar No. 202407<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone (212) 849-7000<br>Facsimile (212) 849-7100<br>jonpickhardt@quinnemanuel.com<br>blairadams@quinnemanuel.com<br>ericwinston@quinnemanuel.com<br><br>**ATTORNEYS FOR ACIS CAPITAL MANAGEMENT, L.P. AND JOSHUA N. TERRY** |

| | |
|---|---|
| **FROST BROWN TODD LLC**<br><br>Daniel P. Novakov<br>State Bar No. 15120800<br>2101 Cedar Springs Road, Suite 900<br>Dallas, Texas 75201<br>Tel: (214) 580-5840<br>Fax: (214) 545-3473<br>Email: dnovakov@fbtlaw.com<br><br>- and -<br><br>**SEWARD & KISSEL LLP**<br><br>By: /s/ Mark D. Kotwick (w/ permission)<br>Mark D. Kotwick (*pro hac vice*)<br>Arlene R. Alves (*pro hac vice*)<br>One Battery Park Plaza<br>New York, New York 10004<br>Tel.: (212) 574-1200<br>Fax: (212) 480-8421<br>Email: kotwick @sewkis.com<br>alves@sewkis.com<br><br>**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS CLO TRUSTEE** | **UNITED STATES TRUSTEE**<br><br>By: /s/ Lisa L. Lambert (w/ permission)<br>Lisa L. Lambert, Esq.<br>Asst. U.S. Trustee, TX 11844250<br>Office of the U.S. Trustee<br>1100 Commerce, Room 976<br>Dallas, TX 75242<br>(214) 767-1080<br>Email: Lisa.L.Lambert@usdoj.gov<br><br>**ATTORNEY FOR THE UNITED STATES TRUSTEE** |